# EXHIBIT A

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | | |
|---|---|---|
| JENNIE COURTNEY, | * | |
| AS ADMINISTRATRIX OF THE | * | |
| ESTATE OF DENNIS COURTNEY, | * | |
| DECEASED, | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO.: |
| | * | CV-06-_____ |
| v. | * | |
| | * | PLAINTIFF RESPECTFULLY |
| ANTHONY CLARK, Individually and as | * | DEMANDS TRIAL BY JURY |
| Sheriff of Covington County, Alabama; | * | |
| JERRY WAYNE EDGAR Individually and | * | |
| in his Official Capacity as a Sheriff's Deputy | * | |
| of Covington County, Alabama; WALTER | * | |
| INABINETT, Individually and in his | * | |
| Official Capacity as a Sheriff's Deputy of | * | |
| Covington County, Alabama;  BLACK | * | |
| CREEK INTEGRATED SYSTEMS, INC.; | * | |
| OSCAR ROY DOSTER; JAMES DARREN | * | |
| HARNAGE; HOLLIS AND SPANN, INC.; | * | |
| SEYMOUR AND LISENBY, INC.; | * | |
| DARDEN ENGINEERS, INC.; DICKEY | * | |
| AND ASSOCIATES, INC.; FICTITIOUS | * | |
| DEFENDANTS 1-100; AND FICTITIOUS | * | |
| DEFENDANTS 101-200; THOSE PERSONS | * | |
| OR ENTITIES WHOSE ACTIONS OR | * | |
| INACTIONS CREATED, CONTRIBUTED | * | |
| TO AND/OR CAUSED CIRCUMSTANCES | * | |
| THAT LEAD TO THE DEATH OF | * | |
| DENNIS COURTNEY, WHOSE NAMES | * | |
| ARE OTHERWISE UNKNOWN AT | * | |
| THIS TIME TO THE PLAINTIFF, BUT | * | |
| BUT WILL BE ADDED BY | * | |
| AMENDMENT OR SUBSTITUTION | * | |
| WHEN ASCERTAINED, | * | |
| | * | |
| Defendants. | * | |

FILED IN OFFICE

JUN 02 2006

~~Kent A Reeves~~
CLERK

## COMPLAINT

COMES NOW the Plaintiff, Jennie Courtney, as Executrix of the Estate of Dennis

Courtney, Deceased, in accordance with the *Alabama Rules of Civil Procedure*, and files

the following claim for relief against the Defendants, Sheriff Anthony Clark, Jerry Wayne Edgar, Walter Inabinett, Black Creek Integrated Systems, Inc., Oscar Roy Doster, James Darren Harnage, Hollis and Span, Inc., Seymour and Lisenby, Darden Engineers, Inc. Dickey and Associates, Inc., and Fictitious Defendants 1-100 and Fictitious Defendants 101-200. As grounds for filing this complaint and in support of the same, Plaintiff respectfully submits and shows unto the Court as follows:

## PARTIES AND JURISDICTION

1.    The Plaintiff, Jennie Courtney, is over the age of nineteen (19) years and resides in DeRidder, Louisiana (Beauregard Parish). Jennie Courtney is the Executrix of the Estate of Dennis Courtney.

2.    The Defendant, Anthony Clark (hereinafter "Sheriff"), is over the age of nineteen (19) years; is the Sheriff of Covington County, Alabama; and is a resident of Covington County, Alabama.

3.    The Defendant, Jerry Wayne Edgar, is over the age of nineteen (19) years; was the Chief Deputy in charge of the jail on the day that Defendant and Inmate, Oscar Doster escaped from the Covington County Jail and is a resident of Covington County, Alabama.

4.    The Defendant, Walter Inabinett, is over the age of nineteen (19) years; was a deputy at the jail on the day that Defendant and Inmate, Oscar Doster escaped From Covington County Jail and is a resident of Covington County, Alabama.

5.    The Defendant, Black Creek Integrated Systems, Inc. is a corporation registered to do business and doing business in the State of Alabama.

FILED IN OFFICE
JUN 02 2006

6.    The Defendant, Oscar Roy Doster is over the age of nineteen (19) years and is currently incarcerated awaiting trial on criminal charges.

7.    The Defendant, James Darren Harnage is over the age of nineteen (19) years and is currently incarcerated awaiting trial on criminal charges.

8.    The Defendant, Hollis and Span, Inc. is a corporation registered to do business and doing business in the State of Alabama.

9.    The Defendants, Seymour and Lisenby are architects and a corporation registered to do business and doing business in the State of Alabama.

10.   The Defendant, Darden Engineers, Inc. is a corporation registered to do business and doing business in the State of Alabama.

11.   The Defendant, Dickey and Associates, Inc. is a corporation registered to do business and doing business in the State of Alabama.

12.   Fictitious Defendants 1-100 and 101-200 are either individuals who are adult resident citizens of the State of Alabama, or are businesses or entities doing business in the State of Alabama.

13.   Plaintiff avers that this Court has subject matter and personal jurisdiction over all claims included in this complaint.

## FACTS

14.   This is an action brought pursuant to 42 U.S.C. § 1983, et seq. and state law to recover civil damages arising from violations of the Fourteenth and Fifth amendments to the U.S. Constitution and state law which resulted in the death of Dennis Courtney on or about April 6, 2005.

3

15.    On or about April 6, 2005, decedent, Dennis Courtney was found dead at his secondary residence in Oakwood, Texas. His death was ruled a homicide.

16.    Escaped inmates, Oscar Roy Doster and James Darren Harnage were implicated in the death of Dennis Courtney.

17.    Prior to April 6, 2005, Oscar Roy Doster and James Darren Harnage were inmates in the Covington County, Alabama jail, which was administered and overseen by Defendant, Sheriff Anthony Clark. Oscar Roy Doster along with inmate James Darren Harnage was allowed to escape from the jail on or about March 31, 2005, in a similar manner and method as their first escape which occurred on or about November 3, 2002.

18.    Defendants, Oscar Roy Doster, James Darren Harnage and others were allowed to escape from the Covington County, Alabama jail by the Sheriff and his employees.

19.    Prior to the escape of Oscar Roy Doster, James Darren Harnage and others, numerous other instances of escapes had occurred and Sheriff Anthony Clark was fully aware of these instances.

20.    In the incident that made the basis of this complaint, Oscar Roy Doster, James Darren Harnage and others were allowed to escape by entering the ventilation system of the jail building without being detected in a similar manner and method as the first time Doster escaped. Oscar Roy Doster, James Darren Harnage and others exited the jail facility through the

4

ventilation system and then scaled the surrounding fence and successfully escaped without being detected in any way.

21.    Sheriff Anthony Clark and his staff failed to keep a proper lookout and/or properly monitor and supervise the activities of Oscar Roy Doster and other inmates.

22.    In addition, when the first escape occurred in 2002, Sheriff Anthony Clark and his staff willfully and intentionally suppressed the information of the escape.    Sheriff Anthony Clark neglected to notify the public of the inherent danger lurking.  Sheriff Anthony Clark deliberately waited until after the regularly scheduled election in November 2002 wherein he was a candidate seeking reelection to his position as Sheriff.  It was alleged that Sheriff Anthony Clark hid this information from the public in an effort to avoid negative publicity as he sought the bid for reelection.

23.    The intentional acts, oversight, and negligence on the part of Sheriff Anthony Clark and his staff specifically contributed to and/or caused the events leading up to and the untimely death of Dennis Courtney.

24.    Corporate Defendants, Hollis and Span, Inc., Seymour and Lisenby Architects, Darden Engineers, and Dickey and Associates, Inc. were each separately and severally responsible for the design, engineering and/or construction of the Covington County Jail facility.

25.    Corporate Defendant, Black Creek Integrated Systems, Inc. was responsible for the installation and proper operation of the surveillance system in the Covington County Jail facility and this oversight,

5

negligently and/or wantonly committed, caused and/or contributed to the untimely death or Dennis Courtney.

26.    Corporate defendants, Hollis and Span, Inc., Seymour and Lisenby Architects, Darden Engineers, and Dickey and Associates, Inc. failed to design and/or construct an adequate secure facility for Covington County, Alabama and this oversight, negligence and or wantonness contributed to and/or caused the untimely death of Dennis Courtney.

## FIRST CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett; Black Creek Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; Fictitious Defendants, 1-100 and 101-200 as follows:

27.    The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 26 above.

28.    The Plaintiff avers that the occurrence, namely the second successful escape by Defendants, Oscar Doster and James Darren Harnage was inherently dangerous and unsafe for the public at the time of said occurrence and up until the time that they were captured and returned to custody. The Plaintiff further avers that the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, knew or should have known of the faulty design and construction of the Covington

6

County jail facility and inadequate surveillance system which enabled inmates to escape and owed a duty to Dennis Courtney and the general public to warn them of and protect them from the inherent danger created by and associated with escaped inmates.

29.    The Plaintiff avers that that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, was the actual, proximate and contributory cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

Plaintiff alleges against Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, as follows:

FILED IN OFFICE
JUN 02 2006

30.    The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 29 above.

31.    The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, negligently hired contractors and/or subcontractors, architects, engineers, and a surveillance company to design, construct and maintain adequate surveillance equipment for the Covington County jail involved in the occurrence made the subject matter of this complaint.

32.    The Plaintiff avers that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants A through Z, was the actual, proximate and contributory cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200 , separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act consistent with the

8

culpability of the Defendant's conduct as may be determined by the jury, plus
interest and costs, in excess of the jurisdictional limits of this Court.

### THIRD CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry
Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour
& Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and
Fictitious Defendants 1-100 and 101-200, as follows:

33.    The Plaintiff adopts and incorporates by reference the relevant portions of
       paragraphs 1 through 32 above.

34.    The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter
       Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.;
       Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious
       Defendants 1-100 and 101-200, negligently failed to train the employees
       of the Covington County jail facility responsible for maintaining order and
       overseeing all inmates incarcerated in the jail facility.

35.    The Plaintiff avers that the negligent or wrongful conduct of the
       Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett,
       Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden
       Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-
       100 and 101-200, was the actual, proximate and contributory cause of the
       death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment
against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter

9

Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, , separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the jurisdictional limits of this Court.

## FOURTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, as follows:

36.    The Plaintiff adopts and realleges the relevant portions of paragraphs 1 through 35 above.

37.    The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200; negligently failed to inspect the ventilation system involved in the occurrence made the subject matter of this complaint.

38.    The Plaintiff avers that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-

FILED IN OFFICE
JUN 02 2006

100 and 101-200, was the actual, proximate and contributory cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, , separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the jurisdictional limits of this Court.

### FIFTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, as follows:

39.    The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 38 above.

40.    The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, negligently hired the person, firm or corporation responsible for the surveillance of the entire Covington County jail facility.

11

41.   The Plaintiff avers that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, was the actual, proximate and contributory cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the jurisdictional limits of this Court.

## SIXTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, as follows:

42.   The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 41 above.

43.   The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.;

12

Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, negligently installed the subject air conditioning ventilation system in the Covington County jail facility through which Defendants, Oscar Roy Doster and James Darren Harnage successfully escaped twice which made the basis of this complaint.

44.    The Plaintiff avers that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, was the actual, proximate and contributory cause of the death of Dennis Courtney.

### SEVENTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, as follows:

45.    The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 44 above.

46.    The Plaintiff avers that the Covington County jail facility involved in the occurrence that made the basis of this complaint was poorly designed, improperly constructed and inadequately equipped with surveillance equipment that should have allowed on duty staff to monitor all inmates at all times.  Plaintiff further avers that Defendants, Sheriff Anthony Clark;

13

Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, negligently installed the subject air conditioning ventilation system in the Covington County jail facility through which Defendants, Oscar Roy Doster and James Darren Harnage successfully escaped twice which made the basis of this complaint.

44.   The Plaintiff avers that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, was the actual, proximate and contributory cause of the death of Dennis Courtney.

### SEVENTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, as follows:

45.   The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 44 above.

46.   The Plaintiff avers that the Covington County jail facility involved in the occurrence that made the basis of this complaint was poorly designed, improperly constructed and inadequately equipped with surveillance equipment that should have allowed on duty staff to monitor all inmates at all times.  Plaintiff further avers that Defendants, Sheriff Anthony Clark;

13

Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, knew or should have known of the accessibility and ease of escape allowed through the poorly designed ventilation system at the Covington County jail facility. Said Defendants failed to warn the public of the inherent danger lurking and failed to protect them from the hazards associated with armed and dangerous escaped convicts.

47.     The Plaintiff avers that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Oscar Roy Doster; James Darren Harnage; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, was the actual, proximate and contributory cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the jurisdictional limits of this Court.

## EIGHTH CAUSE OF ACTION

14

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, as follows:

48.    The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 47 above.

49.    The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, wantonly hired the person, firm or corporation responsible for the installation and maintenance of the surveillance equipment of the entire Covington County jail facility.

50.    The Plaintiff avers that the wanton conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, was the actual, proximate and contributory cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, separately and severally, in an amount which will adequately

15

reflect the purpose of the Alabama Wrongful Death Act consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the jurisdictional limits of this Court.

## NINTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, as follows:

51. The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 50 above.

52. The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, wantonly failed to train the employees of the Covington County jail facility responsible for maintaining order and overseeing all inmates incarcerated in the jail facility.

53. The Plaintiff avers that the wanton conduct of the Defendants Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, was the actual and proximate cause of the death of Dennis Courtney.

FILED IN OFFICE

JUN 0 2 2006

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the jurisdictional limits of this Court.

## TENTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, as follows:

54.     The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 53 above.

55.     The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, wantonly failed to inspect the air conditioning ventilation system through which Defendant, Oscar Roy Doster escaped twice and was involved in the occurrence that made the subject matter of this Complaint.

17

56.    The Plaintiff avers that the wanton conduct of the Defendants Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, was the actual and proximate cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the jurisdictional limits of this Court.

## ELEVENTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, as follows:

57.    The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 56 above.

58.    The Defendants Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious

Defendants 1-100 and 101-200, wantonly hired the person, firm or corporation responsible for adequate surveillance on the aforementioned premises at the time of the occurrence made the basis of this complaint.

59.     The Plaintiff avers that the wanton conduct of the Defendants Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, was the actual and proximate cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the jurisdictional limits of this Court.

## TWELFTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, as follows:

60.     The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 59 above.

FILED IN OFFICE

19

61.     The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, wantonly installed the air conditioning ventilation system through which Defendants, Oscar Roy Doster and James Darren Harnage escaped twice.

62.     The Plaintiff avers that the wanton conduct of the Defendants Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, was the actual and proximate cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Fictitious Defendants 1-100 and 101-200, separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the jurisdictional limits of this Court.

## THIRTEENTH CAUSE OF ACTION

63.     The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 62 above.

FILED IN OFFICE

JUN 02 2006

20

64.   Plaintiff alleges against the Defendants, Oscar Roy Doster and James Darren Harnage as follows:

65.   The tortious intentional battery and murder of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Oscar Roy Doster and James Darren Harnage separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the jurisdictional limits of this Court.

Dated this 2nd day of June, 2006.

_____
WILL G. PHILLIPS (PHI-044)
J. DAVID GREENE (GRE-081)
BRITT V. BETHEA (BET-012)

OF COUNSEL:

GREENE & PHILLIPS ATTORNEY AT LAW, L.L.C.
50 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 — Telephone
(251) 471-3920 — Facsimile


**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY**

_____
WILL G. PHILLIPS

21

## DEFENDANTS MAY BE SERVED BY CERTIFED MAIL AS FOLLOWS:

Sheriff Anthony Clark
Covington County, Alabama
290 Hillcrest Drive
Andalusia, Alabama 36420

Jerry Wayne Edgar
P.O. Box 802
Andalusia, Alabama 36420-1215

Walter Inabinett
982 5th Street
Florala, Alabama 36442-3215

Black Creek Integrated Systems, Inc.
2130 AE Moore Drive
Moody, Alabama 35004-2903

Oscar Roy Doster AIS # 177168
Dorm # Unknown – Bed # Unknown
P.O. Box 150
Mt. Meigs, Alabama 36057

James Darren Harnage AIS # 239251
Dorm # Unknown – Bed # Unknown
P.O. Box 150
Mt. Meigs, Alabama 36057

Hollis and Span, Inc.
P.O. Box 1530
Dothan, Alabama 36302-1530

Seymour and Lisenby, Inc.
103 Wisteria Way
Ozark, Alabama 36360-7614

Darden Engineers, Inc.
P.O. Box 126
Dadeville, Alabama 36853-0126

Dickey & Associates, Inc.
1160 S. Lawrence Street
Montgomery, Alabama 36104-5038

FILED IN OFFICE

JUN 02 2006

CLERK

22