IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUL -5  P 4: 35

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JENNIE COURTNEY, AS ADMINISTRATIX OF THE ESTATE OF DENNIS COURTNEY, DECEASED, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: ) 2:06 CV 600 |
| ANTHONY CLARK, et al., | ) ) |
| Defendants. | ) |

**DEFENDANTS ANTHONY CLARK, JERRY WAYNE EDGAR AND WALTER INABINETT'S MEMORANDUM BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

COME NOW Covington County Sheriff Anthony Clark, Covington County Deputy Sheriff Jerry Wayne Edgar, and Covington County Deputy Sheriff Walter Inabinett, Defendants in the above-entitled action, and submit this Memorandum Brief in support of their contemporaneously filed Motion to Dismiss.

## INTRODUCTION

The Plaintiff has filed a thirteen-count Complaint asserting twelve causes of action against Sheriff Clark, Deputy Edgar, and Deputy Inabinett. The Plaintiff's claims stem from the escape of Oscar Roy Doster and Darren Harnage from the Covington County Jail and their alleged murder of Dennis Courtney. The Plaintiff's claims all assert that Sheriff Clark, Deputy Edgar, and Deputy Inabinett engaged in negligent or wanton conduct in the hiring of persons to install and operate the jail's surveillance system, installation of the jail's ventilation system, inspection of the ventilation system, training of jail employees, and failure to warn the public of dangers related to an alleged lack of security in the jail. (Complaint at pp. 6-20.)

1

Curiously, in paragraph 14 (the first paragraph in the "Facts" section, the Plaintiff avers that she is bringing this action "pursuant to 42 U.S.C. § 1983, et seq. and state law." The Plaintiff alleges that her deceased's Fifth and Fourteenth Amendment rights were violated. (Complaint at ¶ 14.) However, this is the only reference to a federal claim in the entire Complaint. (See generally Complaint.)

Each of the causes of action in the Complaint allege negligent or wanton conduct. (Complaint at pp. 6-20.) Furthermore, in cause of action's *ad damnum* paragraph the Plaintiff seeks damages under the Alabama Wrongful Death Act. Id. The only exception is the Sixth Cause of Action in which the Plaintiff appears to have inadvertently neglected to draft an *ad damnum* paragraph. Id. at p. 13. The Complaint also lacks appropriate allegations to state a § 1983 claim (e.g., that the defendants were acting under color of law). (See generally Complaint.)

## ARGUMENT

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Plaintiff's Complaint, at least insofar as it relates to Sheriff Owens, contains little more than conclusory allegations that cannot survive a motion to dismiss. See Aquatherm Industries, Inc. v. Florida Power & Light Co., 145 F. 3d 1258, 1261 (11th Cir. 1998) (affirming dismissal and approving district court's reasoning that "vague, conclusory allegations are insufficient to state a claim upon which relief can be granted"). "Pleadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted). In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6). Marsh, 268 F.3d at 1036 n.16; see also South

Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

Sheriff Clark, Deputy Edgar, and Deputy Inabinett are entitled to a dismissal of the Plaintiff's claims. The Plaintiff's official capacity federal claims are due to be dismissed because these Defendants, in that capacity, are entitled to Eleventh Amendment immunity and are not "persons" for purposes of 42 U.S.C. § 1983. The Plaintiff's individual capacity claims are due to be dismissed as the Complaint as these Defendants are entitled to qualified immunity. The Plaintiff's state law claims are due to be dismissed as these Defendants are entitled to absolute immunity.

I. **SHERIFF CLARK, DEPUTY EDGAR, AND DEPUTY INABINETT ARE ENTITLED TO A DISMISSAL OF THE PLAINTIFF'S OFFICIAL CAPACITY FEDERAL CLAIMS.**

The Plaintiff ostensibly brings her federal claims pursuant to 42 U.S.C. § 1983 against these Defendants in their official capacities. The Eleventh Amendment to the United States Constitution deprives this Court of subject matter jurisdiction. Additionally, these Defendants are not "persons" for purposes of § 1983.

A. **The Eleventh Amendment Bars the Plaintiff's Official Capacity Claims.**

Plaintiff's claims against Sheriff Clark, Deputy Edgar, and Deputy Inabinett in their official capacities are due to be dismissed for lack of subject matter jurisdiction. Any official capacity claims are barred by the Eleventh Amendment to the United States Constitution. Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled

to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

      B.     **These Defendants, in Their Official Capacities, are not "Persons" Under 42 U.S.C. § 1983.**

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a *person*, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Any claims against these Defendants in their official capacities should therefore be dismissed because they are not "person[s]" under § 1983 and therefore claims against them in their official capacities fail to state a claim upon which relief can be granted. Id.; Carr, 916 F.2d at 1525 n.3.

    II.    **SHERIFF CLARK, DEPUTY EDGAR, AND DEPUTY INABINETT ARE ENTITLED TO QUALIFIED IMMUNITY TO THE PLAINTIFF'S CLAIMS AGAINST THEM IN THEIR INDIVIDUAL CAPACITIES.**

Once a defendant official in a § 1983 action has demonstrated he was acting within his discretionary authority, the burden shifts to the plaintiff to show a violation of a clearly established federally protected right. The threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that these Defendants had "fair warning" that their conduct violated the Plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of Sheriff Clark, Deputy Edgar, and Deputy Inabinett was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of the law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster v. Monroe County, 116 F.3d 1419, 1424 (11th Cir. 1998). "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Furthermore, a plaintiff cannot merely rely on notice pleading in a § 1983 case involving qualified immunity. A plaintiff's pleading standard is "heightened" when § 1983 claims are made against government officials in their individual capacities. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement"). It is the Plaintiff's burden to allege sufficient specific supporting facts or face dismissal of his claims. Marsh, 268 F.3d at 1036 n.16; Montalvo, 84 F.3d at 408 n.10.

Sheriff Clark, Deputy Edgar, and Deputy Inabinett are entitled to qualified immunity and a dismissal of the Plaintiff's individual capacity claims against them. First, these Defendants were clearly acting within their discretionary authority. Second, the Plaintiff has failed to allege a violation of her deceased's federally protected rights. Finally, no clearly established law provided these Defendants with the requisite "fair warning" their conduct was illegal.

5

### A. Sheriff Clark, Deputy Edgar, and Deputy Inabinett Acted Within Their Discretionary Authority.

Once a public official has asserted the defense of qualified immunity, he bears the burden of proving that he was acting within his discretionary capacity. Rich v. Dollar, 841 F.2d 1558, 1563 (11th Cir. 1988). In order to establish that he is acting within his discretionary capacity, a public official asserting qualified immunity need only show "objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." Id. at 1564 (quoting Barker v. Norman, 651 F.2d 1107, 1121 (5th Cir. 1981)). Courts should not be "overly narrow" in interpreting this requirement. Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994). To determine this question "a court must ask whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." Harbert Intern., Inc. v. James, 157 F.3d 1271, 1282 (11th Cir. 1998) (citation omitted). As one district court observed, "the determination that an officer was acting within his discretionary authority is quite a low hurdle to clear." Godby v. Montgomery County Bd. of Educ., 996 F. Supp. 1390, 1401 (M.D. Ala. 1999).

Under the facts as alleged in the Complaint, these Defendants easily clears this low hurdle. All of the Plaintiff's allegations are based upon the Defendants' respective roles as sheriff or a deputy of Covington County. It is in this capacity only that they have any responsibility for, or authority over, the inmates of the Covington County Jail. As all of the alleged actions were taken under the auspices of these roles, these Defendants were acting within their discretionary authority.

### B. The Plaintiff's Deceased's Federally Protected Rights Were Not Violated by These Defendants.

In the one paragraph that has anything to do with federal claims, the Plaintiff alleges that the Defendants violated the Fifth and Fourteenth Amendment rights of Dennis Courtney. The Plaintiff has failed to state a claim under these Amendments for two reasons. First, as state actors, the Fifth

Amendment's due process clause is inapplicable to them. Second, assuming, *arguendo*, that the Defendants were negligent/wanton in their conduct, it does not rise to the level of a constitutional violation.

### 1.    The Plaintiff Cannot State a Fifth Amendment Claim.

The Plaintiff alleges violations of Dennis Courtney's Fifth Amendment due process rights. (Complaint at ¶ 14.) However, the Fifth Amendment's Due Process Clause does not apply to state and local governments, but rather applies only to the federal government. See Dowdell v. Chapman, 930 F. Supp. 533, 542 (M.D. Ala. 1996); Knoetze v. United States Dep't of State, 634 F.2d 207, 211 (5th Cir. 1981).[1] Thus, the Plaintiff's Fifth Amendment claims against are due to be dismissed.

### 2.    These Defendants Did Not Violate Mr. Courtney's Federally Protected Rights.

The Due Process Clause of the Fourteenth Amendment does not turn state law torts into constitutional violations. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 202 (1989). "[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." Id., 489 U.S. at 196. "As a general matter, then . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Id. at 197.

Here, there is even less of a duty here than there was in DeShaney. The person the Defendants are alleged to have failed to protect was not even a resident of the State or present within its territorial boundaries. (Complaint at ¶ 15.) Accordingly, in addition to the general rule that a failure to protect is not a violation of the Fourteenth Amendment, the allegations of this case present an even weaker

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (decisions of the Fifth Circuit handed down before close of business on September 30, 1981 are binding precedent on the Eleventh Circuit).

7

claim as the State of Alabama cannot be said to have any duty whatsoever with respect to a person who is neither a citizen nor within the borders of the State.

Furthermore, these Defendants are alleged to have engaged in negligent and/or wanton conduct. (Complaint at pp. 6-20.) The DeShaney Court noted, "[t]he most that can be said of the state functionaries in this case is that they stood by and did nothing when suspicious circumstances dictated a more active role for them." 489 U.S. at 203. Similarly, in terms of the instant Complaint, the most that can be said is that these Defendants stood by and did nothing with respect to the security system and ventilation system when suspicious circumstances dictated a more active role for them. Their conduct, even if it was as alleged, does not rise to the level of a constitutional violation. It is quite clear, therefore, that the Plaintiff cannot maintain a federal claim under the allegations in the Complaint. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (stating "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process . . . [i]t is, on the contrary . . . conduct intended to injure in some way unjustifiable by any government interest"); White v. LeMacks, 183 F.3d 1253, 1258 (11th Cir. 1999) ("when someone not in custody is harmed because too few resources were devoted to their safety and protection, that harm will seldom, if ever, be cognizable under the Due Process Clause.")

### C. No Clearly Established Law Provided These Defendants With "Fair Warning" That Their Conduct Violated the Decedent's Federally Protected Rights.

The Plaintiff's final burden under the qualified immunity analysis is to show that clearly established law provided Sheriff Clark, Deputy Edgar, and Deputy Inabinett with fair warning that his conduct was unlawful by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision is specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity"

8

case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the conduct of the Defendants was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

After a diligent search of the relevant case law, counsel for these Defendants have been unable to find a case involving materially similar facts that held conduct similar to that engaged in by the Defendants to be unlawful. Consequently, the Plaintiff has the burden of either identifying such a case or proving that the conduct of the Defendants was obviously illegal. In light of the law cited above finding similar conduct constitutional, the Plaintiff simply cannot meet his burden. See, e.g., DeShaney, 489 U.S. at 196; Lewis, 523 U.S. at 849; LeMacks, 183 F.3d at 1258. Consequently, even if the Court were to conclude that the Complaint set forth constitutional violations against these Defendants, they are nonetheless entitled to a dismissal of the Plaintiff's individual capacity claims against them.

### III.   SHERIFF CLARK, DEPUTY EDGAR, AND DEPUTY INABINETT ARE ENTITLED TO ABSOLUTE IMMUNITY FROM ALL OF THE PLAINTIFF'S CLAIMS AS A MATTER OF LAW.

Article I, § 14 of the Alabama Constitution of 1901 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." This section grants the State and its agencies an "absolute" immunity from suit in any court. Ex parte Mobile County Dep't of Human Res., 815 So. 2d 527, 530 (Ala. 2001). Section 14 immunity bars "almost every conceivable type of suit." Hutchinson v. Bd. of Trustees of Univ. of Ala., 256 So. 2d 281, 283 (Ala. 1971). Section 14 immunity is "nearly impregnable." Patterson v. Gladwin Corp., 835 So. 2d 137, 142 (Ala. 2002). Sheriff Clark, Deputy Edgar, and Deputy Inabinett are entitled to § 14 immunity.

Under Alabama law, each county sheriff is an executive officer of the State. Article V, § 112 of the Alabama Constitution of 1901. Sheriff's deputies are legally extensions of their sheriff and are likewise considered officers of the State of Alabama. See Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991); see also McMillian v. Monroe County, 520 U.S. 781, 793 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties). As executive branch, constitutional officers of the State, these Defendants are entitled to immunity under § 14 from *all* state law claims, including constitutional claims, even though sued in their individual capacity. Parker v. Amerson, 519 So. 2d 442, 445 (1987) (holding the Sheriff immune from suit although sued "individually, and as Sheriff"); Ex parte Purvis, 689 So. 2d 794, 795 (Ala. 1996) (holding sheriff and deputy were entitled to sovereign immunity in both their individual and official capacities); Ex parte Haralson, 871 So. 2d 802, 807 (Ala. 2003) (holding deputy sheriff entitled to sovereign immunity); Ex parte McWhorter, 880 So. 2d 1116, 1117 (Ala. 2003) (holding deputy sheriff entitled to sovereign immunity).

There are, however, limited exceptions to the absolute immunity afforded to sheriffs and their deputies. An Alabama sheriff is immune from suit:

> except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

Parker, 519 So. 2d at 443. Accordingly, even in situations where sheriffs and deputies are sued for negligence or bad faith, the only exceptions to sovereign immunity allowed by the Alabama Supreme Court under Art. 1, § 14 of the Alabama Constitution of 1901, are to *enjoin* the conduct of the state official. Alexander v. Hatfield, 652 So. 2d 1142, 1143 (Ala. 1994). With only these narrow exceptions, Alabama sheriffs and their deputies are immune from suit. Ex parte Purvis, 689 So. 2d at

796 (holding sheriff and deputy were entitled to sovereign immunity in both their individual and official capacities); Ex parte Blankenship, 893 So. 2d 303, 305 (Ala. 2004).

Less than eight months ago, the Alabama Supreme Court again affirmed that sheriffs and deputies enjoy absolute immunity to state law money damages claims. Ex parte Davis, 2005 WL 3082778 (Ala. November 18, 2005). In Davis, the Conecuh County Circuit Court refused to grant a Conecuh County deputy's motion to dismiss state law money damages claims. 2005 WL 3082778 at *2. The plaintiff's claims against the deputy included false imprisonment, assault and battery, outrage, wantonness, negligence, trespass, and conversion. Id. at 1. Granting the deputy's petition for a writ of mandamus and instructing the circuit court to grant the motion to dismiss, the Alabama Supreme Court held that "an action against a sheriff – or a deputy sheriff – for damages arising out of the performance of his duties is essentially a suit against the state" and thereby barred under Article I, § 14 of the Alabama Constitution of 1901. Id. at *3 (internal quotations and citations omitted).

In the instant case, the Plaintiff has alleged that Anthony Clark was the Sheriff of Covington County. (Complaint at ¶ 2.) She has alleged that Jerry Edgar was "the Chief Deputy in charge of the jail on the day that Defendant, and Inmate, Oscar Doster escaped." Id. at ¶ 3. Walter Inabinett is alleged to have been a "deputy at the jail on the day that Defendant and Inmate, Oscar Doster escaped." Id. at ¶ 4. It is only in their capacities as sheriff or deputies that these Defendants would have the responsibility to warn of an insecure jail, hire contractors for the jail, and/or train jail employees.

Furthermore, the Plaintiff's Complaint seeks only money damages. In each of her *ad damnum* paragraphs, the Plaintiff asks only for "an **amount** which will adequately reflect the purpose of the Alabama Wrongful Death Act . . . plus interest and costs . . . ." (Complaint at

pp. 7-20.) (Emphasis added.) There is no demand anywhere in the Complaint for equitable relief, nor would any equitable relief be appropriate under the facts alleged.

The Plaintiff's claims all relate to these Defendants' performance of their duties as sheriff or deputy. The Complaint contains no claims for equitable relief. Therefore, under clear and mandatory authority, these Defendants are entitled to absolute immunity and judgment in their favor as a matter of law on the Plaintiff's claims.

## CONCLUSION

For the reasons set forth above, Sheriff Anthony Clark, Deputy Jerry Edgar, and Deputy Walter Inabinett request that the Court issue an Order granting them judgment in their favor as a matter of law and awarding them costs in defending this action.

Respectfully submitted, this 5th day of July, 2006.

```
                                ATTORNEYS FOR DEFENDANTS ANTHONY
                                CLARK, JERRY EDGAR, AND WALTER
                                INABINETT


                                DARYL L. MASTERS              (MAS018)
                                GARY L. WILLFORD, JR.         (WIL198)
```

**OF COUNSEL:**

**WEBB & ELEY, P.C.**
Post Office Box 240909
7475 Halcyon Pointe Drive
Montgomery, Alabama 36124
gwillford@webbeley.com
(334) 262-1850 Telephone
(334) 262-1889 Fax

## CERTIFICATE OF SERVICE

     I hereby certify that I have served the foregoing document by placing a copy of the same in the United States Mail, postage prepaid, upon:

Will G. Phillips, Esq.
J. David Greene, Esq.
Britt V. Bethea, Esq.
Greene & Phillips Attorneys
at Law, L.L.C.
50 N. Florida Street
Mobile, Alabama 36607

Black Creek Integrated Systems, Inc.
2130 AE Moore Drive
Moody, Alabama 35004-2903

Oscar Roy Doster AIS 177168
P. O. Box 150
Mt. Meigs, Alabama 36057

James Darren Harnage AIS 239251
P. O. Box 150
Mt. Meigs, Alabama 36057

Steven Keith Herndon, Esquire
Matthew Y. Beam, Esquire
Gidiere, Hinton, Herndon & Christman
60 Commerce St., Ste. 904
Montgomery, AL 36104

Seymour and Lisenby, Inc.
103 Wisteria Way
Ozark, Alabama 36360-7614

Darden Engineers, Inc.
P. O. Box 126
Dadeville, Alabama 36853-0126

Dickey & Associates, Inc.
1160 S. Lawrence Street
Montgomery, Alabama 36104-5038

Honorable Roger A. Powell
Covington County Circuit Clerk
Covington County Courthouse
Andalusia, AL 36420

this 5th day of July, 2006.

_____
OF COUNSEL