IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIE COURTNEY, et al., ) | |
| ) | |
| Plaintiff, ) | CASE NO. 2:06-cv-600-DRB |
| ) | |
| v. ) | |
| ) | CV 2005-1192 |
| ANTHONY CLARK, et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF BLACK CREEK INTEGRATED**
**SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT**

**COMES NOW** the defendant identified as Black Creek Integrated Systems, Inc., and for Answer to Plaintiff's Complaint says as follows:

1. This defendant is unable to admit or deny at the present time the allegation of Paragraph 1 as plaintiff has provided no evidence to support this allegation.

2. This defendant admits, based on present information and belief, allegations of Paragraph 2.

3. This defendant admits, based on present information and belief, allegations of Paragraph 3.

4. This defendant admits, based on present information and belief, allegations of Paragraph 4.

5. The allegations of Paragraph 5 are admitted.

6. This defendant admits, based on present information and belief, allegations of Paragraph 6.

7. This defendant admits, based on present information and belief, allegations of Paragraph 7.

8. This defendant admits, based on present information and belief, allegations of Paragraph 8.

9. This defendant admits, based on present information and belief, allegations of Paragraph 9.

10. This defendant admits, based on present information and belief, allegations of Paragraph 10.

11. This defendant admits, based on present information and belief, allegations of Paragraph 11.

12. This defendant has no knowledge of the identity or citizenship of fictitious defendants, and can neither admit, nor deny the allegations of Paragraph 12.

13. Denied, proper jurisdiction and venue lie in this Federal District Court rather than the Circuit Court of Covington County.

## FACTS

14. The jurisdictional basis for the claims asserted by plaintiff as alleged in Paragraph 14 is admitted.

15. Based on present information and belief, the allegations of Paragraph 15 are admitted.

16. Based on present information and belief, the allegations of Paragraph 16 are admitted.

17. Based on present information and belief, it is admitted said inmates escaped from the Covington County Jail on two occasions, although the exact dates of said escapes are unknown to this defendant.

18. This defendant has no knowledge about the facts and circumstances surrounding the escape and, therefore, can neither admit, nor deny the allegations of Paragraph 18.

19. This defendant has no knowledge about the facts and circumstances surrounding the escape and, therefore, can neither admit, nor deny the allegations of Paragraph 19.

20. This defendant has no knowledge about the facts and circumstances surrounding the escape and, therefore, can neither admit, nor deny the allegations of Paragraph 20.

21. This defendant has no knowledge about the facts and circumstances surrounding the escape and, therefore, can neither admit, nor deny the allegations of Paragraph 21.

22. This defendant has no knowledge about the facts and circumstances surrounding the escape and, therefore, can neither admit, nor deny the allegations of Paragraph 22.

23. This defendant has no knowledge about the facts and circumstances surrounding the escape and, therefore, can neither admit, nor deny the allegations of Paragraph 23.

24. It is admitted, based on present information and belief, that said defendants participated in the design, engineering and/or construction of the Covington County Jail facility.

25. It is admitted this defendant was responsible for the installation of the surveillance system in the Covington County Jail. It is denied said defendant had

any responsibility for the proper operation of the surveillance system at the time of the alleged escapes, or that it negligently or wantonly committed any act as alleged in Paragraph 25.

26. This defendant has no knowledge of the design and/or construction activities of the named defendants with respect to the Covington County Jail, therefore, it can neither admit, nor deny the factual allegations of Paragraph 26.

## FIRST CAUSE OF ACTION

27. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-26 above.

28. The allegations of Paragraph 28 are denied in so far as claims are asserted against this defendant.

29. The allegations of Paragraph 28 are denied in so far as they allege negligent or wrongful conduct by this defendant.

## SECOND CAUSE OF ACTION

30. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-29 above.

31. The allegations of Paragraph 31 are denied in so far as they allege negligent conduct by this defendant.

32. The allegations of Paragraph 32 are denied to the extent allegations of negligent or wrongful conduct against it are alleged by plaintiff.

## THIRD CAUSE OF ACTION

33. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-32 above.

34. The allegations of Paragraph 34 are denied to the extent allegations of negligent conduct are alleged against it.

35. The allegations of Paragraph 35 are denied to the extent allegations of negligent or wrongful conduct are alleged against it.

## FOURTH CAUSE OF ACTION

36. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-35 above.

37. The allegations of Paragraph 37 are denied to the extent it is alleged this defendant was guilty of negligent or wrongful conduct.

38. The allegations of Paragraph 38 are denied to the extent same are alleged against this defendant.

## FIFTH CAUSE OF ACTION

39. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-38 above.

40. The allegations of Paragraph 40 are denied to the extent allegations of negligence or wrongdoing are asserted against it.

41. This defendant denies it was guilty of any negligent or wrongful conduct which proximately contributed to cause the death of Dennis Courtney.

## SIXTH CAUSE OF ACTION

42. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-41 above.

43. The allegations of Paragraph 43 are denied to the extent they allege negligent conduct by this defendant.

44. This defendant denies it was guilty of any negligent or wrongful conduct which proximately contributed to cause the death of Dennis Courtney.

### SEVENTH CAUSE OF ACTION

45. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-44 above.

46. The allegations of Paragraph 46 are denied to the extent they are asserted against this defendant.

47. This defendant denies it was guilty of any negligent or wrongful conduct which proximately contributed to cause the death of Dennis Courtney.

### EIGHTH CAUSE OF ACTION

48. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-47 above.

49. This defendant denies it was guilty of any wanton conduct as alleged in Paragraph 49.

50. This defendant denies it was guilty of any wanton conduct which proximately contributed to cause the death of Dennis Courtney.

### NINTH CAUSE OF ACTION

51. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-50 above.

52. This defendant denies the allegations of Paragraph 52 to the extent allegations of wanton conduct were asserted against it.

53. This defendant denies it was guilty of any wanton conduct which proximately contributed to cause the death of Dennis Courtney.

## TENTH CAUSE OF ACTION

54. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-53 above.

55. This defendant denies it was guilty of any wanton conduct as alleged in Paragraph 55.

56. This defendant denies it was guilty of any wanton conduct which proximately contributed to cause the death of Dennis Courtney.

## ELEVENTH CAUSE OF ACTION

57. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-56 above.

58. This defendant denies it was guilty of any wanton conduct as alleged in Paragraph 58.

59. This defendant denies it was guilty of any wanton conduct which proximately contributed to cause the death of Dennis Courtney.

## TWELFTH CAUSE OF ACTION

60. This defendant adopts and incorporates by reference its prior response to Paragraphs 1-59 above.

61. This defendant denies the allegations of wanton conduct asserted against it in Paragraph 61.

62. This defendant denies it was guilty of any wanton conduct which proximately contributed to cause the death of Dennis Courtney.

THIRTEENTH CAUSE OF ACTION

63.  This defendant adopts and incorporates by reference its prior response to Paragraphs 1-62 above.

64.  The allegations of Paragraph 64 do not apply to this defendant.

65.  The allegations of Paragraph 65 are not asserted against this defendant.

FIRST AFFIRMATIVE DEFENSE

This defendant pleads the applicable statute of limitations and/or statutes of repose as a complete bar to plaintiff's claims asserted against this defendant.

SECOND AFFIRMATIVE DEFENSE

This defendant denies it can be held legally liable for the intervening criminal acts of third parties over which this defendant exercised no dominion or control.

THIRD AFFIRMATIVE DEFENSE

This defendant avers that Alabama's wrongful death statute, allowing recovery of only punitive damages, violates this defendant's constitutional rights under both state and Federal constitutional provisions and state and Federal court interpretations of said constitutional rights with respect to the assessment of punitive damages.

s/ Bert P. Taylor
_____
Bert P. Taylor (TAY004)

**OF COUNSEL FOR DEFENDANT:**
**BLACK CREEK INTEGRATED**
**SYSTEMS CORP.**
**TAYLOR RITTER, P.C.**
P. O. Box 489
Orange Beach, AL 36561
Phone: (251) 981-8430
Fax:   (251) 981-8425
E-mail: bert@taylorritter.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have served a true and correct copy of the above pleading on all counsel and/or parties listed below by placing a copy in the United States Mail and placing proper postage upon same:

*Counsel for Plaintiff:*
Will G. Phillips, Esq.
J. David Greene, Esq.
Britt V. Bethea, Esq.
Greene & Phillips
50 N. Florida Street
Mobile, AL 36607

*Counsel for Hollis & Spann, Inc.:*
Steven K. Herndon, Esq.
Matthew Y. Beam, Esq.
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103

*Counsel for Anthony Clark,*
*Jerry Wayne Edgar, and*
*Walter Inabinett:*
Daryl L. Masters, Esq.
Gary L. Wilford, Jr., Esq.
Webb & Eley, P.C.
P.O. Box 240909
7475 Halcyon Pointe Drive
Montgomery, AL 36124

*Counsel for Dickey & Associates, Inc.:*
Alan T. Hargrove, Jr., Esq.
Rushton, Stakely, Johnston & Garrett
P.O. Box 270
Montgomery, AL 36101-0270

Oscar Roy Doster AIS#177168 , *pro se*
P.O. Box 150
Mt. Meigs, AL 36057

James Darren Harnage AIS #239251 , *pro se*
P.O. Box 150
Mt. Meigs, AL 36057

    Seymour and Lisenby, Inc., *pro se*
    103 Wisteria Way
    Ozark, AL 36360-7614

    Darden Engineers, Inc., *pro se*
    P.O. Box 126
    Dadeville, AL 36853-0126

I hereby certify service on this the 17th day of July, 2006.

                                                s/ Bert P. Taylor
                                               _____
                                               Of Counsel