IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIE COURTNEY, ETC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2:06-CV-00600-DRB |
| | ) |
| ANTHONY CLARK, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT OF PARTIES' PLANNING MEETING

Come now the parties Plaintiff Jennie Courtney, as Administratrix of the Estate of Dennis Courtney, deceased, and Defendants Anthony Clark, Jerry Wayne Edgar, Walter Inabinett, Black Creek Integrated Systems Corp., Oscar Roy Doster, James Darren Harnage, Hollis & Spann, Inc., Seymour & Lisenby, Inc., Darden Engineers, Inc., and Dickey & Associates, Inc. and hereby submit this report of the parties' planning meeting.

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Federal Rules of Civil Procedure 26(f), a meeting was held by telephone on August 9, 2006, and was attended by the following represented parties:

   A. Britt V. Bethea, J. David Greene, Jr., and Will G. Phillips for Plaintiff;

   B. Daryl L. Masters and Gary L. Willford, Jr. for Defendants Anthony Clark, Jerry Wayne Edgar, and Walter Inabinett;

   C. Bert Pittman Taylor for Defendant Black Creek Integrated Systems Corp.;

   D. Steven K. Herndon for Defendant Hollis & Spann, Inc.;

   E. Alan Thomas Hargrove, Jr. and Richard Brett Garrett for Defendant Dickey & Associates, Inc.

Pro se defendants Oscar Doster and James Harnage, who are incarcerated, have been provided with a copy of this report, and given an opportunity to comment.

2. **Pre-Discovery Disclosures.** The parties will exchange the information required by F.R.C.P. 26(a)(1) within **21 days from the date of the Uniform Scheduling Order issued by the court to govern this case.**

3. **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

   a. Discovery will be needed on the following subjects:

      (1) All information pertaining to Plaintiff's claims and damages.

      (2) All information pertaining to Defendants' defenses.

   b. All discovery commenced in time to be completed **within 2 weeks prior to the pretrial hearing except for witnesses whose names are not revealed until the final witness list or whose names are not revealed in sufficient time for other parties to take a deposition prior to the pretrial in which case the opposing party or parties may depose those witnesses after the discovery deadline.**

   c. There will be a maximum of **50** interrogatories by each party to any other party. The responses will be due 30 days after service.

   d. There will be a maximum of **40** requests for production of documents by each party to any other party. The responses will be due 30 days after service.

   e. There will be a maximum of **30** requests for admission by each party to any other party. Responses will be due 30 days after service.

   f. The parties agree that no more than **35** depositions may be taken by a party without leave of the court or agreement of the parties. Each deposition is limited to a maximum of 4 hours unless extended by agreement of the parties.

   g. Expert witnesses and reports from retained experts under Rule 26(a)(2) will be due:

      1. From Plaintiff **at least 175 days prior to the pretrial hearing. The plaintiff shall tender expert witness(es) for deposition within 40 days thereafter.**

      2. From the Defendants **at least 125 days prior to the pretrial hearing. The defendants shall tender expert witness(es) for deposition within 40 days thereafter.**

2

      h.    Supplementation of the disclosures under Rule 26(e) **shall be made in accordance with the Federal Rules of Civil Procedure and within 30 days before the end of the discovery period.**

4. **Other items.**

    a. **Scheduling Conference**
    The parties do not request a conference with the court before entry of the scheduling order.

    b. **Pretrial Conference**
    The parties request a pretrial conference **6 weeks prior to the trial date.**

    a. **Additional Parties, Claims and Defenses**
    The parties must join additional parties and amend the pleadings **within 180 days from the date of the initial scheduling order entered in this case.**

    b. **Dispositive Motions**
    All potentially dispositive motions should be filed **no later than 90 days before the pretrial hearing.**

    c. **Settlement**
    Settlement and the possibility of mediation cannot be evaluated until some discovery is complete.

    d. **Trial Evidence**
    The final list of witnesses and trial evidence under Rule 26(a)(3) should be due **within 1 month prior to the pretrial hearing.** The parties should have 14 days after service to list objections under Rule 26(a)(3).

    e. **Trial Date**
    This case should be ready for trial by **March 31, 2008,** and at this time is expected to take approximately 5 days of trial time.

    March 31, 2008 is the earliest possible trial date because of unresolved criminal charges against Defendants Oscar Roy Doster and James Harnage. The criminal charges form the basis of this case. Until these criminal cases are resolved, Defendants Oscar Roy Doster and James Harnage have Constitutional rights which preclude the other parties from completing discovery.

                                        s/Britt V. Bethea
                                        Britt V. Bethea (BET012)
                                        J. David Greene, Jr. (GRE081)
                                        Will G. Phillips (PHI044)
                                        Attorneys for Plaintiff

OF COUNSEL:
Greene & Phillips
50 N. Florida Street
Mobile, AL 36607
Telephone: (251) 478-1115
Facsimile: (251) 471-3920
jdgreene@greenephillips.com
wgphillips@greenephillips.com


                                        s/Gary L. Willford, Jr.
                                        Gary L. Willford, Jr. (WIL198)
                                        Daryl L. Masters (MAS018)
                                        Attorneys for Defendants Anthony Clark,
                                        Jerry Wayne Edgar, and Walter Inabinett

OF COUNSEL:
Webb & Eley, PC
P.O. Box 240909
Montgomery, AL 36124-0909
Telephone: (334) 262-1850
Facsimile: (334) 262-1889
rrobertson@webbeley.com
gwillford@webbeley.com


                                        s/Bert Pittman Taylor
                                        Bert Pittman Taylor (TAY004)
                                        Attorney for Defendant
                                        Black Creek Integrated Systems Corp.

OF COUNSEL:
Taylor & Smith, PC
P.O. Box 489
Orange Beach, AL 36561-0489
Telephone: (251) 981-8430
Facsimile: (251) 981-8425
cyk@taylorritter.com

                                        s/Steven K. Hendon
                                        Steven K. Herndon (HER028)
                                        Attorney for Defendant
                                        Hollis & Spann, Inc.

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, AL 36103
Telephone: (334) 834-9950
Facsimile: (334) 834-1054
steve@ghhclaw.com

                                        s/Alan Thomas Hargrove, Jr.
                                        Alan Thomas Hargrove, Jr. (HAR236)
                                        Richard Brett Garrett
                                        Attorneys for Dickey & Associates, Inc.

OF COUNSEL:
Rushton, Stakely, Johnston & Garrett, PC
P.O. Box 270
Montgomery, AL 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
ath@rsjg.com
bg@rsjg.com

### CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 17th of August, 2006:

| James Darren Harnage AIS#239251<br>P. O. Box 150<br>Mount Meigs, AL 36057 | Oscar Roy Doster AIS #177168<br>P. O. Box 150<br>Mount Meigs, AL 36057 |
|---|---|

                                        s/Steven K. Herndon
                                        Counsel