IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIE COURTNEY, | ) |
| AS ADMINISTRATIX OF THE | ) |
| ESTATE OF DENNIS COURTNEY, | ) |
| DECEASED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:06-CV-600-DRB |
| | ) (Removed from the Circuit Court |
| ANTHONY CLARK, et al., | ) of Covington County, AL; CV-06-110) |
| | ) |
| Defendants. | ) |

## ANSWER

COMES NOW Defendant Seymour & Lisenby, Inc. and answers the Plaintiff's Complaint as follows:

### PARTIES AND JURISDICTION

1. The Defendant is without information sufficient to either admit or deny the allegations contained in Plaintiff's Paragraph 1; therefore, it is denied.

2. The Plaintiff's Paragraph 2 does not elicit a response from this Defendant; therefore it is denied.

3. The Plaintiff's Paragraph 3 does not elicit a response from this Defendant; therefore it is denied.

4. The Plaintiff's Paragraph 4 does not elicit a response from this Defendant; therefore it is denied.

5. The Plaintiff's Paragraph 5 does not elicit a response from this Defendant; therefore it is denied.

6. The Plaintiff's Paragraph 6 does not elicit a response from this Defendant; therefore it is denied.

7. The Plaintiff's Paragraph 7 does not elicit a response from this Defendant; therefore it is denied.

8. The Plaintiff's Paragraph 8 does not elicit a response from this Defendant; therefore it is denied.

9. The Defendant denies the allegations contained in Plaintiff's Paragraph 9.

10. The Plaintiff's Paragraph 10 does not elicit a response from this Defendant; therefore it is denied.

11. The Plaintiff's Paragraph 11 does not elicit a response from this Defendant; therefore it is denied.

12. The Plaintiff's Paragraph 12 does not elicit a response from this Defendant; therefore it is denied.

13. The Defendant denies that the Circuit Court of Covington County, Alabama exercises appropriate jurisdiction over this matter.

## FACTS

14. The Plaintiff's Paragraph 14 does not elicit a response from this Defendant; therefore it is denied.

15. The Defendant is without information sufficient to either admit or deny the allegations contained in Plaintiff's Paragraph 15; therefore, it is denied.

16. The Defendant is without information sufficient to either admit or deny the allegations contained in Plaintiff's Paragraph 16; therefore, it is denied.

17. The Plaintiff's Paragraph 17 does not elicit a response from this Defendant; therefore, it is denied.

18. The Plaintiff's Paragraph 18 does not elicit a response from this Defendant; therefore, it is denied.

19. The Plaintiff's Paragraph 19 does not elicit a response from this Defendant; therefore, it is denied.

20. The Plaintiff's Paragraph 20 does not elicit a response from this Defendant; therefore, it is denied.

21. The Plaintiff's Paragraph 21 does not elicit a response from this Defendant; therefore, it is denied.

22. The Plaintiff's Paragraph 22 does not elicit a response from this Defendant; therefore, it is denied.

23. The Plaintiff's Paragraph 23 does not elicit a response from this Defendant; therefore, it is denied.

24. Denied.

25. The Plaintiff's Paragraph 25 does not elicit a response from this Defendant; therefore, it is denied.

26. Denied.

### FIRST CAUSE OF ACTION

27. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-26.

28. Denied.

29. Denied.

### SECOND CAUSE OF ACTION

30. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-29.

31. Denied.

32. Denied.

## THIRD CAUSE OF ACTION

33. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-32.

34. Denied.

35. Denied.

## FOURTH CAUSE OF ACTION

36. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-35.

37. Denied.

38. Denied.

## FIFTH CAUSE OF ACTION

39. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-38.

40. Denied.

41. Denied.

## SIXTH CAUSE OF ACTION

42. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-41.

43. Denied.

44. Denied.

## SEVENTH CAUSE OF ACTION

45. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-44.

46. Denied.

47. Denied.

## EIGHTH CAUSE OF ACTION

48. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-47.

49. Denied.

50. Denied.

## NINTH CAUSE OF ACTION

51. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-50.

52. Denied.

53. Denied.

## TENTH CAUSE OF ACTION

54. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-53.

55. Denied.

56. Denied.

## ELEVENTH CAUSE OF ACTION

57. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-56.

58. Denied.

59. Denied.

## TWELTH CAUSE OF ACTION

60. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-59.

61. Denied.

62. Denied.

## THIRTEENTH CAUSE OF ACTION

63. The Defendant adopts and incorporates all defenses hereto submitted to Plaintiff's Paragraphs 1-62.

64. The Plaintiff's Paragraph 64 does not elicit a response from this Defendant; therefore it is denied.

65. The Plaintiff's Paragraph 65 does not elicit a response from this Defendant; therefore it is denied.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of contributory negligence.

## THIRD AFFIRMATIVE DEFENSE

As a matter of law, this Defendant owed no legal duty of care to third parties such as Mr. Courtney.

## FOURTH AFFIRMATIVE DEFENSE

This Defendant owed no legal duty to protect someone from the criminal acts of a third party.

## FIFTH AFFIRMATIVE DEFENSE

This Defendant pleads that it is not the proximate cause of Mr. Courtney's death.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant pleads that the death of Mr. Courtney was caused by an intervening or superceding cause which insulates this Defendant from liability.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's injuries and damages, if any, are the result of an independent superceding cause.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred by the doctrine of assumption of the risk.

**NINTH AFFIRMATIVE DEFENSE**

The Venue is improper.

**TENTH AFFIRMATIVE DEFENSE**

Statutes limiting the amount and imposition of punitive damages are applicable to this action.  See Ala. Code § 6-11-21.

**ELEVENTH AFFIRMATIVE DEFENSE**

This Defendant avers that Plaintiff does not have standing to pursue the actions in this matter.

**TWELFTH AFFIRMATIVE DEFENSE**

This Defendant pleads the general issue.

**THIRTEENTH AFFIRMATIVE DEFENSE**

This Defendant pleads intervening cause of a third person that caused or contributed to the accident.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff has waived the right, if any, to assert the claims in the Complaint, and each purported cause of action contained therein, by reason of Plaintiff's own actions and course of conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint and each purported cause of action contained therein, is barred and fails to state a claim upon which relief can be granted against Seymour & Lisenby,

7

Inc. because Seymour & Lisenby, Inc.'s actions were not the cause in fact of Plaintiff's injuries.

### SIXTEENTH AFFIRMATIVE DEFENSE

Seymour & Lisenby, Inc. asserts the affirmative defense of set off.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Seymour & Lisenby, Inc. reserves the right to assert additional defenses which may arise as discovery progresses or otherwise in the course of this litigation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over this Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

This Defendant lacked notice of any alleged dangerous condition.

### TWENTIETH AFFIRMATIVE DEFENSE

This Defendant avers that the Plaintiff's cause of action is barred by the statute of limitations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claim for wantonness may invoke punitive damages, it violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing,

      which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(g)     The procedure pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

(h)     The plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

    (1)     It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (2)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

    (3)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    (4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

    (5) The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i) The plaintiff's attempt to impose punitive or extra-contractual damages on the defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

(j) The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

(l) The award of punitive damages against the defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint seeks to make the Defendant liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996) on the issue of punitive damages. This Defendant adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The Defendant affirmatively pleads that any punitive damages that the Plaintiff may recover in this case should be capped in keeping with Alabama Code Section 6-11-21 and in the spirit of the Alabama Supreme Court's recent decision in <u>Oliver v. Towns</u>, 1970312 Al. Sup. Ct.1999 WL14675 (Ala.).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code § 6-11-21, (1975). The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision. See <u>Honda Motor Company, Ltd. v. Oberg</u>, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

Respectfully submitted this the 17th day of August, 2006.

s/Alan T. Hargrove, Jr. (HAR236)<br>
s/R. Brett Garrett (GAR085)<br>
Attorneys for Defendant Seymour &<br>
Lisenby, Inc.

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama  36101-0270
Telephone: (334) 206-3294
Fax: (334) 481-0812
E-mail: ath@rsjg.com

.

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 17, 2006, I electronically filed the foregoing with the Clerk of the court using CM/ECF system which will send notification of such filing to the following:

        Matthew Y. Beam, Esq.
        J. David Greene, Jr., Esq.
        Steven Keith Herndon, Esq.
        Daryl L. Masters, Esq.
        Will G. Phillips, Esq.
        Bert Pittman Taylor, Esq.
        Gary L. Willford, Jr., Esq.

    I hereby certify that on August 15, 2006 I have served the foregoing Answer by placing a copy of the same in the United States Mail, postage prepaid, upon:

Darden Engineers, Inc.
P.O. box 126
Dadeville, Alabama 36853-0126

Oscar Roy Doster AIS 177168
P.O. Box 150
Mt. Meigs, Alabama 36057

James Darren Harnage AIS 239251
P.O. Box 150
Mt. Meigs, Alabama 36057

Britt V. Bethea
34300-D Sandner Court
Birmingham, AL 35209

                                      s/R. Brett Garrett (GAR085)
                                      s/Alan T. Hargrove , Jr. (HAR236)
                                      OF COUNSEL