liability in their individual capacities under 42 U.S.C. § 1983 for violating Dennis Courtney's 14th Amendment due process protection against the deprivation of his life.

### II. Defendants Clark, Inabinett, and Edgar are not entitled to absolute immunity because their actions were willful.

Article I, § 14 of the Alabama Constitution of 1901 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Though the state cannot be sued, its immunity from suit does not relieve the officers of the state from their responsibility for tort on the rights of an individual, even though they act pursuant to authority attempted to be conferred by the state. Ex parte Cranman, 792 So. 2d 392, 402-403 (Ala. 2000). "An individual cannot justify a tort on a contention that it is for the state, if the state had no such right." Id.

Federal courts have adopted this line of reasoning in abrogating absolute immunity bestowed simply by namesake. "To determine whether an individual is entitled to absolute immunity in relation to a specific activity, the court should use a 'functional approach,' examining 'the nature of the function performed, not the identity of the actor who performed it.'" Rivera v. Leal, 359 F.3d 1350, 1353-54 (11th Cir. 2004), Morris, 353 F. Supp. 2d at 1201.

The Cranman reasoning added to earlier rulings by the Alabama Supreme Court regarding absolute immunity from claims based on personal injury. "We have consistently held that a state employee is not entitled to absolute immunity from claims based on personal injury allegedly caused by the employee's negligent conduct." White v. Birchfield, 582 So. 2d 1085, 1086 (Ala. 1991). "[A] claim for personal injury based upon the alleged negligent conduct of a State employee, even when committed in the line and scope of employment, is not within the ambit of § 14's protection. DeStafney v.

7

University of Alabama, 413 So.2d 391, 395 (Ala. 1982). "Such a claim, by virtue of its nature and the relief demanded, in no way seeks to circumvent the prohibition of § 14. Any state interest affected by the suit is far too incidental to supply the requisite nexus for extension of constitutional immunity to the individual employee defendant." Id.; Barnes v. Dale, 530 So. 2d 770, 783 (Ala. 1988).

The Cranman Court included § 13 in its immunity discussion. Article I, § 13 of the Alabama Constitution of 1901 states "[t]hat all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay." The Court opined, "[w]e decline to label all discretionary acts by an agent of the State, or all acts by such an agent involving skill or judgment, as 'immune' simply because the State has empowered the agent to act. Such an expansive view of the power of the State to act with immunity for its agents would be inconsistent with the rights secured by [§] 13." 792 So. 2d at 405. Thus a restatement of the rule governing State-agent immunity was adopted which states in part that "a State agent shall not be immune from civil liability in his or her personal capacity… when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." Id.

Alabama and Federal Courts have recognized the limitations of a strict interpretation of § 14 without any deference to § 13. Like the defendants in Thompson, supra, the Defendants' disingenuous actions in this case were willfully carried out. Inmates Doster and Harnage were placed in the same cell Doster had previously escaped from. The Defendants had reason to know of a probability of conduct by Doster that

8

would endanger another. Additionally, the Defendants willfully withheld information vital to public safety. Therefore, when the allegations in Ms. Courtney's complaint are presumed true, the willful conduct of the Defendants precludes any entitlement to absolute immunity from claims against them in their individual capacities.

## CONCLUSION

For the foregoing reasons, Ms. Courtney respectfully requests this Honorable Court to deny Defendant Clark, Inabinett, and Edgar's Motion to Dismiss.

Additionally and alternatively, Ms. Courtney respectfully requests leave of this Honorable Court to amend her complaint to include additional facts and counts against these defendants.

Respectfully submitted this 18th day of September, 2006.

/s/ Britt V. Bethea
WILL G. PHILLIPS (PHI-044)
BRITT V. BETHEA (BET-012)
GREENE & PHILLIPS, L.L.C.
Attorneys for Plaintiff, Jennie Courtney
50 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile
E-Mail: wgphillips@greenephillips.com
          bbethea@greenephillips.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this the 18th day of September, 2006, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Oscar Roy Doster AIS#177168, *pro se*
P.O. Box 150
Mt. Meigs, Alabama 36057

James Darren Harnage AIS# 239251, *pro se*
P.O. Box 150
Mt. Meigs, Alabama 36057

*Counsel for Hollis & Spann, Inc.*
Steven Keith Herndon, Esq.
Matthew Y. Beam Esq.
Gidiere, Hinton, Herndon & Christman
60 Commerce Street, Ste. 904
Montgomery, Alabama 36104

Darden Engineers, Inc., *pro se*
P.O. Box 126
Dadeville, Alabama 36853-0126

*Counsel for Dickey & Associates*
Alan T. Hargrove & R. Brett Garrett
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101-0270

*Counsel for Anthony Clark, Jerry Wayne Edgar, and Walter Inabinett*
Daryl L. Masters & Gary L. Willford, Jr.
Webb & Eley, P.C.
7475 Halcyon Pointe Drive
Montgomery, Alabama 36124

Seymour & Lisenby, Inc., *pro se*
103 Wisteria Way
Ozark, Alabama 36360-7614

*Counsel for Black Creek Integrated Systems Corp.*
Bert P. Taylor, Esq.
Taylor Ritter, P.C.
P.O. Box 489
Orange Beach, Alabama 36561

/s/ Britt V. Bethea
WILL G. PHILLIPS
BRITT V. BETHEA
Of Counsel