IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIE COURTNEY, | * | |
| AS ADMINISTRATRIX OF THE | * | |
| ESTATE OF DENNIS COURTNEY, | * | |
| DECEASED, | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO.: |
| | * | 2:06-CV-00600-MHT |
| | * | (Removed from the Circuit Court of |
| v. | * | Covington County, AL; CV-06-110) |
| | * | |
| ANTHONY CLARK, et al. | * | |
| | * | |

## PLAINTIFF'S RESPONSE TO DEFENDANT CLARKE, INABINETT, AND EDGAR'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND COMPLAINT,

COMES NOW the Plaintiff, by and through her attorneys of record, and hereby responds to Defendant Clarke, Inabinett, and Edgar's Motion to Dismiss and files this Motion to Amend Complaint.

## BACKGROUND

This case arises from federal 42 U.S.C. § 1983 and state law claims. On November 3, 2002, Oscar Roy Doster and others escaped from the Covington County jail through the jail's ventilation system. (Complaint at ¶ 17). After their escape and before they were re-apprehended, the inmates murdered Paul D. LeMaster. (Covington County Circuit Court CC-2003-162, convicted on September 1, 2006). Once re-apprehended Oscar Roy Doster was placed in the same cell that he previously escaped from (Complaint at ¶ 20). On March 31, 2005, Oscar Roy Doster and James Darren Harnage escaped a second time from the Covington County jail. (Complaint at ¶ 17). On April 6, 2005, Dennis Courtney was found dead at his secondary residence in Oakwood, Texas.

(Complaint ¶ 15). His death was ruled a homicide. (Complaint at ¶ 15). Escaped inmates, Oscar Roy Doster and James Darren Harnage were implicated in the death of Dennis Courtney. (Complaint at ¶ 16). Prior to these escapes, numerous other escapes had occurred that Sheriff Anthony Clark was aware of. (Complaint at ¶ 19). Sheriff Clark and his staff failed to monitor and supervise inmate activities. (Complaint at ¶ 21). In 2002 Sheriff Clark intentionally withheld information from the public regarding inmates having escaped. (Complaint at ¶ 22). On June 2, 2006, Jennie Courtney, as Administratrix for the Executrix of the Estate of Dennis Courtney, deceased, filed a complaint against Clark, Edgar, Inabinett and others (Complaint).

## ARGUMENT

When reviewing a motion to dismiss, a court must accept as true all the factual allegations in the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (U.S. 1993); See United States v. Gaubert, 499 U.S. 315, 327, 113 L. Ed. 2d 335, 111 S. Ct. 1267 (1991). This Court previously stated in a case against this very same Defendant "[t]he threshold is 'exceedingly low' for a complaint to survive a motion to dismiss for failure to state a claim. Henderson v. Inabinett, 2006 U.S. Dist. LEXIS 24196 at *4 (M.D. Ala. 2006); Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). The Defendants' Motion to Dismiss is due to be denied because the Defendants are neither entitled to qualified immunity nor absolute immunity.

**I.    Defendants Clark, Inabinett, and Edgar are not entitled to qualified immunity to the federal claims against them in their individual capacities because the defendants should have known their actions violated the clearly established rights of Dennis Courtney.**

2

When government officials abuse their offices, "action[s] for damages may offer the only realistic avenue for vindication of constitutional guarantees." Harlow v. Fitzgerald, 457 U.S. 800, 814, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). "On the other hand, permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." Anderson v. Creighton, 483 U.S. 635, 638 (U.S. 1987). The Supreme Court has accommodated these conflicting concerns by generally providing government officials performing discretionary functions with a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. Id., at 638.

Qualified immunity is defined in Harlow where the Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." 457 U.S. at 818, 102 S. Ct. at 2738; Tillman v. Coley, 886 F.2d 317, 319-20 (11th Cir. 1989). Defendants Clark, Inabinett, and Edgar are not entitled to qualified immunity in this case because their actions violated Dennis Courtney's 14th Amendment right to substantive due process and because this federally protected right was "clearly established" such that the defendants should have known their actions violated Dennis Courtney's federally protected rights.

**A.    The Defendants' shocking actions deprived Dennis Courtney of his right to life in violation of the substantive due process clause of the 14th Amendment.**

3

"Qualified immunity protects § 1983 defendants from liability for injury arising from discretionary acts as long as the acts do not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." Lassiter v. Alabama A&M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). "To be clearly established, the contours of the asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Anderson, 483 U.S. at 640; Morris v. Jackson, 353 F. Supp. 2d 1199, 1202 (M.D. Ala. 2005).

It is well settled that "no State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amdt. 14, § 1. Washington v. Glucksberg, 521 U.S. 702,   , 138 L. Ed. 2d 772, 117 S. Ct. 2258 (1997) (slip op., at 15); see also Zinermon v. Burch, 494 U.S. 113, 125, 108 L. Ed. 2d 100, 110 S. Ct. 975 (1990) (noting that substantive due process violations are actionable under § 1983). The substantive due process guarantee protects individuals against government power arbitrarily and oppressively exercised. Daniels v. Williams, 474 U.S. 327, 331 (1986). In determining whether due process rights under the Constitution are violated, the Court has invoked a "shock-the-conscious" test, stating "conduct that 'shocked the conscience' and was so 'brutal' and 'offensive' that it did not comport with traditional ideas of fair play and decency' would violate substantive due process. Breithaupt v. Abram, 352 U.S. 432, 435, 1 L. Ed. 2d 448, 77 S. Ct. 408 (1957); County of Sacramento v. Lewis, 523 U.S. 833, 847 (U.S. 1998).

The Defendants' actions meet this test. Ms. Courtney has alleged many causes of action which must be accepted as true for purposes of this Motion to Dismiss. Gaubert,

4

499 U.S. at 327. A governmental executive cannot purposely withhold information pertinent to public safety and assist in the escape of a convicted felon and indicted murderer solely for ill-conceived notions of electoral gain. Moreover, the official cannot subsequently argue that his actions do not "shock the conscious" such that the arbitrarily and "oppressively exercised authority" is not violative of due process. To do so would be to undermine the very protections which the Constitution affords its citizens.

The Defendants argue that they owed no duty to protect the rights of a resident outside of Alabama. (Defendants' Memorandum Brief at 7). However, 42 U.S.C. § 1983 states "Every person who, under color of any statute… subjects, or causes to be subjected, **any** citizen of the United States … to the deprivation of **any** rights…shall be liable to the party injured in an action at law." (emphasis added). Congress did not limit the statute's construction to a locally protected class of persons, but rather extended its protections beyond a state's borders. Moreover, it is incongruent with the plain language of the statute to absolve these Defendants of liability simply because of the fortuitous circumstance that their actions caused the death of a non-Alabama resident.

The federal allegations in Ms. Courtney's complaint are founded on the due process protected right to life established by the 14th Amendment. She plead a violation of this federal right, and the brutal and offensive conduct of the Defendants as alleged will prove to have violated that right.

B. **The Defendants should have objectively known their conduct was unlawful and violative of Dennis Courtney's federally protected rights.**

An objective test is used for determining when government officials are entitled to qualified immunity. Wright v. Whiddon, 951 F.2d 297, 299 (11th Cir. 1992). Government officials performing discretionary functions generally are shielded from

5

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Id. In Harlow, the Supreme Court also stated that "[w]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action. 457 U.S. at 819; Anderson, 483 U.S. at 639.

Curiously, opposing counsel's diligent search of the relevant case law failed to reveal Ala. Dep't of Corr. v. Thompson, 855 So. 2d 1016, 1017 (Ala. 2003). In Thompson, the plaintiff sued the defendant warden and correctional officers when she was assaulted and robbed by an escaped inmate. The Court held that the defendants were not entitled to absolute immunity, but owed the plaintiff no duty absent a special relationship or circumstances. Id., at 1025. However, the Court specifically noted that a duty would arise when "the defendant 'knew or had reason to know of a probability of conduct by [a third person] that would endanger the plaintiff." Id., at 1022.

The 14th Amendment due process protection against deprivation of life certainly should not come as a surprise to these Defendants. Application of the facts of this case to this federally protected right is analogous to Thompson. Under the objective standard outlined in Harlow, the Defendants' conduct of placing a convicted felon and escapee and indicted murderer in the same cell he had previously escaped and killed from not only reeks of unreasonableness, it broaches the realm of intentional oppression as alleged in the complaint. Further, the Thompson decision provided the Defendants with clearly established law sufficient to objectively notify them that their conduct would create

6

liability in their individual capacities under 42 U.S.C. § 1983 for violating Dennis Courtney's 14th Amendment due process protection against the deprivation of his life.

## II. Defendants Clark, Inabinett, and Edgar are not entitled to absolute immunity because their actions were willful.

Article I, § 14 of the Alabama Constitution of 1901 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Though the state cannot be sued, its immunity from suit does not relieve the officers of the state from their responsibility for tort on the rights of an individual, even though they act pursuant to authority attempted to be conferred by the state. Ex parte Cranman, 792 So. 2d 392, 402-403 (Ala. 2000). "An individual cannot justify a tort on a contention that it is for the state, if the state had no such right." Id.

Federal courts have adopted this line of reasoning in abrogating absolute immunity bestowed simply by namesake. "To determine whether an individual is entitled to absolute immunity in relation to a specific activity, the court should use a 'functional approach,' examining 'the nature of the function performed, not the identity of the actor who performed it.'" Rivera v. Leal, 359 F.3d 1350, 1353-54 (11th Cir. 2004), Morris, 353 F. Supp. 2d at 1201.

The Cranman reasoning added to earlier rulings by the Alabama Supreme Court regarding absolute immunity from claims based on personal injury. "We have consistently held that a state employee is not entitled to absolute immunity from claims based on personal injury allegedly caused by the employee's negligent conduct." White v. Birchfield, 582 So. 2d 1085, 1086 (Ala. 1991). "[A] claim for personal injury based upon the alleged negligent conduct of a State employee, even when committed in the line and scope of employment, is not within the ambit of § 14's protection. DeStafney v.

7

University of Alabama, 413 So.2d 391, 395 (Ala. 1982). "Such a claim, by virtue of its nature and the relief demanded, in no way seeks to circumvent the prohibition of § 14. Any state interest affected by the suit is far too incidental to supply the requisite nexus for extension of constitutional immunity to the individual employee defendant." Id.; Barnes v. Dale, 530 So. 2d 770, 783 (Ala. 1988).

The Cranman Court included § 13 in its immunity discussion. Article I, § 13 of the Alabama Constitution of 1901 states "[t]hat all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay." The Court opined, "[w]e decline to label all discretionary acts by an agent of the State, or all acts by such an agent involving skill or judgment, as 'immune' simply because the State has empowered the agent to act. Such an expansive view of the power of the State to act with immunity for its agents would be inconsistent with the rights secured by [§] 13." 792 So. 2d at 405. Thus a restatement of the rule governing State-agent immunity was adopted which states in part that "a State agent shall not be immune from civil liability in his or her personal capacity... when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." Id.

Alabama and Federal Courts have recognized the limitations of a strict interpretation of § 14 without any deference to § 13. Like the defendants in Thompson, supra, the Defendants' disingenuous actions in this case were willfully carried out. Inmates Doster and Harnage were placed in the same cell Doster had previously escaped from. The Defendants had reason to know of a probability of conduct by Doster that

8

would endanger another. Additionally, the Defendants willfully withheld information vital to public safety. Therefore, when the allegations in Ms. Courtney's complaint are presumed true, the willful conduct of the Defendants precludes any entitlement to absolute immunity from claims against them in their individual capacities.

## CONCLUSION

For the foregoing reasons, Ms. Courtney respectfully requests this Honorable Court to deny Defendant Clark, Inabinett, and Edgar's Motion to Dismiss.

Additionally and alternatively, Ms. Courtney respectfully requests leave of this Honorable Court to amend her complaint to include additional facts and counts against these defendants.

Respectfully submitted this 18th day of September, 2006.

/s/ Britt V. Bethea
WILL G. PHILLIPS (PHI-044)
BRITT V. BETHEA (BET-012)
GREENE & PHILLIPS, L.L.C.
Attorneys for Plaintiff, Jennie Courtney
50 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile
E-Mail: wgphillips@greenephillips.com
bbethea@greenephillips.com


## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 18th day of September, 2006, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Oscar Roy Doster AIS#177168, *pro se*
P.O. Box 150
Mt. Meigs, Alabama 36057

James Darren Harnage AIS# 239251, *pro se*
P.O. Box 150
Mt. Meigs, Alabama 36057

*Counsel for Hollis & Spann, Inc.*
Steven Keith Herndon, Esq.
Matthew Y. Beam Esq.
Gidiere, Hinton, Herndon & Christman
60 Commerce Street, Ste. 904
Montgomery, Alabama 36104

Darden Engineers, Inc., *pro se*
P.O. Box 126
Dadeville, Alabama 36853-0126

*Counsel for Dickey & Associates*
Alan T. Hargrove & R. Brett Garrett
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101-0270

*Counsel for Anthony Clark, Jerry Wayne Edgar, and Walter Inabinett*
Daryl L. Masters & Gary L. Willford, Jr.
Webb & Eley, P.C.
7475 Halcyon Pointe Drive
Montgomery, Alabama 36124

Seymour & Lisenby, Inc., *pro se*
103 Wisteria Way
Ozark, Alabama 36360-7614

*Counsel for Black Creek Integrated Systems Corp.*
Bert P. Taylor, Esq.
Taylor Ritter, P.C.
P.O. Box 489
Orange Beach, Alabama 36561

/s/ Britt V. Bethea
WILL G. PHILLIPS
BRITT V. BETHEA
Of Counsel