**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **JENNIE COURTNEY, ETC.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No.:  2:06-CV-00600-MHT** |
| | ) |
| **ANTHONY CLARK, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## <u>MOTION FOR PERMISSION TO FILE A REPLY BRIEF</u>

COME NOW Covington County Sheriff Anthony Clark, Covington County Deputy Sheriff Jerry Wayne Edgar, and Covington County Deputy Sheriff Walter Inabinett, Defendants in the above-entitled action, and move the Court for an Order allowing them to file a Reply to the Plaintiff's Response in Opposition to these Defendants' Motion to Dismiss.  As grounds for so moving, the Defendants set forth as follows:

1.    Currently pending before the Court is a Motion to Dismiss filed on behalf of Sheriff Clark and Deputies Edgar and Inabinett.  (Doc. 2.)

2.    On the Plaintiff's motion, the Court entered a briefing Order that extended the Plaintiff's time to respond and set the Motion to Dismiss for submission on September 18, 2006 with all briefs due on that date.  (Doc. 26.)

3.    The Plaintiff filed their Opposition on September 18, 2006, at 10:32 p.m.  (Doc. 30.)  However, for reasons not clear to the undersigned, there was a filing error that prevented the document from being retrieved from the PACER system.  As a result, counsel for these Defendants was unable to obtain the Opposition until September 19, 2006.

4.    Having reviewed the Plaintiff's Opposition, it is evident that a Reply brief is necessary.  The Plaintiff's Opposition contains arguments and citations that are demonstrably incorrect and require a reply.

5.    For example, with respect to the Plaintiff's state law claims, she argues that these Defendants are not entitled to absolute immunity on the grounds of Ex parte Cranman, 792 So. 2d 392 (Ala. 2000) and DeStafney v. University of Alabama, 413 So. 2d 391 (Ala. 1982).  (Doc. 30 at p. 8.)  However, as the Alabama Supreme Court has made clear, the cases relied upon by the Plaintiff do not apply to Alabama sheriffs and their deputies.  See, e.g., Cranman, 792 So. 2d at 396 n.2 (stating "[w]e do not deal here with the absolute immunity of witnesses, judges, prosecutors, and legislators, nor do we overrule Ex parte Purvis, 689 So. 2d 794 (Ala. 1996)");[1] Ex parte Blankenship, 893 So. 2d 303, 305 (Ala. 2004); Ex parte Davis, 930 So.2d 497, 500-501 (Ala. 2005) (noting that Cranman applies only to state employees (i.e., it provides "state agent immunity") while constitutional officers (like sheriffs and their deputies) are entitled to absolute immunity for actions performed in the course of their duties).  The Eleventh Circuit has noted that "under Article I, § 14 [of the Alabama Constitution of 1901], ***the only exceptions to a sheriff's immunity from suit are actions brought to enjoin the sheriff's conduct***."  Tinney v. Shores, 77 F.3d 378, 383 (11th Cir. 1996) (citing Alexander v. Hatfield, 652 So. 2d 1142, 1143 (Ala. 1994) (emphasis added).

6.    The Plaintiff has also asserted that Ala. Dep't of Corrections v. Thompson, 855 So. 2d 1016 (Ala. 2003) clearly established that the actions of these Defendants were violations of the Plaintiff's decedent's Fourteenth Amendment rights.  (Doc. 30 at pp. 6-7.)  However, Thompson did not involve the Fourteenth Amendment; it contained only a state law negligence/wantonness claims.

---

[1] The defendants in Purvis were a sheriff and a deputy.  The Alabama Supreme Court held that both defendants were immune to any suit for money damages.  689 So. 2d at 796.  Consequently, Cranman itself held that it was not applicable to sheriffs and deputies.

855 So. 2d at 1017.  Moreover, the Alabama Supreme Court specifically found that the defendants

owed no duty to the plaintiff and reversed the trial court's refusal to grant the defendants motion for

summary judgment.  Id. at 1025-26.  Therefore, Thompson could not have clearly established the

law for purposes of the qualified immunity analysis.

7.     In addition to the legal issues, the Plaintiff also makes references to facts not pled in

the Complaint that cannot be considered on a motion to dismiss.  (See, e.g., Doc. 30 at p. 1 citing to

a conviction record that is neither a part of the record nor alleged in the Complaint.)

8.     Accordingly, these Defendants should be permitted to file a reply brief to address the

erroneous factual and legal issues raised by the Plaintiff in her opposition.

9.     Counsel for these Defendants should be able to have a reply filed no later than

September 29, 2006.

**WHEREFORE, the above premises considered**, Sheriff Clark, Deputy Edgar, and

Deputy Inabinett request that the Court issue an Order giving them until September 29, 2006, to file

a reply brief.

Respectfully submitted this 19th day of September, 2006.

s/Gary L. Willford, Jr.
DARYL L. MASTERS Bar Number:  MAS018
GARY L. WILLFORD, JR. Bar Number:  WIL198
Attorneys for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Road
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  gwillford@webbeley.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this the 19th day of September, 2006, I electronically filed the
foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following: **Steven Keith Herndon, Esq., Matthew Y. Beam, Esq., Alan T. Hargrove, Esq., Brett Garrett, Esq., Bert P. Taylor, Esq.**

Additionally, the following parties have been served via United States Mail, postage-prepaid:

Oscar Roy Doster                          Darden Engineers
AIS 177168                                P.O. Box 126
P.O. Box 150                              Dadeville, Alabama 36853-0126
Mt. Meigs, Alabama 36057

James Darren Harnage                      Seymour & Lisenby, Inc.
AIS 239251                                103 Wisteria Way
P.O. Box 150                              Ozark, Alabama 36360-7614
Mt. Meigs, Alabama 36057


                    **s/Gary L. Willford, Jr.**
                    OF COUNSEL