IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIE COURTNEY, ETC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:06-cv-600-MHT |
| | ) |
| ANTHONY CLARK, et al., | ) |
| | ) |
|     Defendants. | ) |

## FIRST AMENDED ANSWER OF DEFENDANT HOLLIS & SPANN, INC.

Comes now the defendant Hollis & Spann, Inc. and amends its answer previously filed in the above referenced case by adding affirmative defenses Thirty-Eight and Thirty-Nine, as follows.

### RESPONSE TO FACTUAL ALLEGATIONS

This defendant admits that it is an Alabama corporation with its principal place of business in Dothan, Alabama. This defendant denies that it designed or engineered the Covington County Jail facility and further denies that it is guilty of any wrongful conduct including, but not limited to, any alleged negligence or wantonness which contributed to and/or caused the death of Dennis Courtney. This defendant denies that it is guilty of any act or omission which would give rise to a right of recovery against it by the plaintiff. This defendant pleads the general issue, denies the material allegations of the complaint, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This defendant pleads that the complaint fails to state a cause of action against this defendant upon which relief can be granted.

### SECOND DEFENSE

This defendant pleads the general issue, denies each and every material allegation of the complaint and demands strict proof thereof.

### THIRD DEFENSE

This defendant pleads the statute of limitations including, but not limited to, the statute of limitations in Alabama Code §6-5-221.

### FOURTH DEFENSE

As a matter of law, this defendant owed no legal duty of care to third parties such as Mr. Courtney.

### FIFTH DEFENSE

This defendant owed no legal duty to protect someone from the criminal acts of a third party.

### SIXTH DEFENSE

This defendant pleads that it is not the proximate cause of Mr. Courtney's death.

### SEVENTH DEFENSE

This defendant pleads that the death of Mr. Courtney was caused by an efficient

intervening or superceding cause which insulates this defendant from liability.

## EIGHTH DEFENSE

This defendant pleads that the plaintiff's claims are barred by res judicata and /or collateral estoppel.

## NINTH DEFENSE

This defendant pleads that it is entitled to the benefits of and protection of Sections 6-11-20 through 6-11-30, Code of Alabama 1975 as amended.

## TENTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

1. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

2. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

3. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

4. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## ELEVENTH DEFENSE

This defendant pleads that the law of the State of Alabama, by allowing the jury to assess punitive damages without establishing guidelines and/or standards for the exercise of the jury's discretion, allows the jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and, therefore, violates the constitutional principle of separation of powers with respect to the Constitution of the United States of America and the Constitution of the State of Alabama, Article III, Sections 42 and 43.

## TWELFTH DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in

nature and, consequently, the defendant is entitled to the same procedural safeguards afforded in criminal cases.

## THIRTEENTH DEFENSE

This defendant pleads that it is violative of the rights guaranteed by the Constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on the plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## FOURTEENTH DEFENSE

The claims for punitive damages violates Article I, Section 35 of the Alabama Constitution which grants the legislature the power to determine the extent of punishment applicable to a particular wrong or class of wrong.

## FIFTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

## SIXTEENTH DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this cause will be violative of the Eighth Amendment to the Constitution of the United States in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## SEVENTEENTH DEFENSE

The process by which Alabama courts allow juries to award punitive damages violates the elementary notions of fairness dictated by United States Constitutional law in that it does not provide the defendant with fair notice of what conduct will subject the defendant to punishment nor the severity of the penalty that the state may impose; therefore, the defendant is deprived of its property without due process of law in contravention of the rights secured to this defendant by the Fourteenth Amendment to the Constitution of the United States of America.

## EIGHTEENTH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama deprives this defendant of its property without due process of law in contravention of the rights secured to this defendant by the Fourteenth Amendment to the Constitution of the United States of America in that the procedure does not insure that the punitive damages awarded are reasonably related to the degree of reprehensibility of the defendant's conduct.

## NINETEENTH DEFENSE

The procedure by which the courts of Alabama award punitive damages against defendants violates the due process rights afforded to this defendant by the Fourteenth Amendment to the Constitution of the United States of America in that such procedure

allows a significant award of punitive damages when only a modest degree of culpability may be present.

## TWENTIETH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama violates the due process rights secured to this defendant by the Fourteenth Amendment to the Constitution of the United States of America in that it does not afford substantial deference to legislative judgments concerning appropriate sanctions for the conduct at issue.

## TWENTY-FIRST DEFENSE

This defendant pleads that the imposition of an award of punitive damages against this defendant based upon the principle of joint and several liability amounts to an excessive fine imposed against this defendant in violation of the rights secured to it by the Eighth Amendment and the Fourteenth Amendment of the Constitution of the United States of America and Article I, Section 15 of the Alabama Constitution

## TWENTY-SECOND DEFENSE

This defendant pleads that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against it in this case as a joint tortfeasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged

culpability and/or wrongdoing, then such an award would violate the rights preserved to this defendant under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and deprive it of its property without due process of law.

## TWENTY-THIRD DEFENSE

This defendant pleads that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against it in this case as a joint tortfeasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to this defendant under the Eighth Amendment and Fourteenth Amendment of the Constitution of the United States of America in that the same would amount to an excessive fine.

## TWENTY-FOURTH DEFENSE

This defendant pleads that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against it in this case as a joint tort-feasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to

this defendant under the Fourteenth Amendment to the Constitution of the United States of America in that it would amount to a denial of equal protection of the laws.

TWENTY-FIFTH DEFENSE

This defendant pleads that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tortfeasors in accordance with respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against it in this case as a joint tortfeasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to this defendant Section 6, Article I of the Constitution of the State of Alabama in that it would deprive it of its property without due process of law.

TWENTY-SIXTH DEFENSE

This defendant pleads that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tortfeasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against it in this case as a joint tortfeasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to it in Article I, Section 15 of the Constitution of the State of Alabama in that it would amount to the imposition of an excessive fine.

TWENTY-SEVENTH DEFENSE

This defendant pleads that the law of the State of Alabama including, but not limited to, the Alabama Wrongful Death Act which provides for the imposition of but one assessment of damages against joint tortfeasors, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification against this defendant for acts of negligence, wantonness, or other wrongdoing that this defendant did not commit, in contradiction of the rights afforded it by the Fourteenth Amendment to the Constitution of the United States, and by the provisions of the Constitution of the State of Alabama, which require that the state afford all persons equal protection of the law.

TWENTY-EIGHTH DEFENSE

This defendant pleads that the law of the State of Alabama, by failing to provide for the apportionment of punitive damages among joint tortfeasors in wrongful death cases, violates the constitutional rights afforded to this defendant by the Fifth and Fourteenth Amendments to the Constitution of the United States of America in that the same amounts to a deprivation of this defendant's property without due process of law.

TWENTY-NINTH DEFENSE

This defendant pleads that the law of the State of Alabama, including but not limited to the Alabama Wrongful Death Act, by failing to provide for joint contribution and an apportionment of damages among defendants deprives this defendant of property without due process of law contrary to the Fifth and Fourteenth Amendments to the

Constitution of the United States of America and Section 6, Article I of the Constitution of the State of Alabama.

## THIRTIETH DEFENSE

This defendant pleads that the law of the State of Alabama, by failing to provide for the apportionment of punitive damages among joint tortfeasors in wrongful death cases, violates the constitutional rights afforded to this defendant by the Fourteenth Amendment to the Constitution of the United States of America in that the same is a violation of the rights of equal protection of the law afforded to this defendant.

## THIRTY-FIRST DEFENSE

This defendant pleads that the laws of the State of Alabama, including but not limited to the Alabama Wrongful Death Act, by failing to provide for joint contribution and an apportionment of punitive damages denies to this defendant the equal protection of the law contrary to the Fourteenth Amendment to the Constitution of the United States, specifically contrary to that portion of said Fourteenth Amendment proscribing any state from denying to any person within its jurisdiction the equal protection of the laws, in that the law of the State of Alabama discriminates against this defendant in favor of other defendants guilty of negligence, wantonness, fraud, misrepresentation or other wrongdoing.

## THIRTY-SECOND DEFENSE

This defendant pleads that the law of the State of Alabama, by failing to provide for the apportionment of punitive damages among joint tortfeasors in wrongful death cases, violates the constitutional rights afforded to this defendant by the Eighth and Fourteenth Amendments to the Constitution of the United States of America in that the same would amount to an excessive fine imposed against this defendant.

## THIRTY-THIRD DEFENSE

The economic penalties of the State of Alabama inflicted in the form of punitive damages are not adequately supported by the state's interest in protecting its consumers and its economy and, therefore, the process deprives these defendants of property without due process of law in contravention of the rights secured to them by the Fourteenth Amendment to the Constitution of the United States of America.

## THIRTY-FOURTH DEFENSE

This defendant pleads that the laws of the State of Alabama including, but not limited to, the Alabama Wrongful Death Act violates the elementary notions of fairness dictated by United States Constitutional law in that it does not provide the defendant with fair notice of what conduct will subject the defendant to punishment nor the severity of the penalty that the state may impose; therefore, the defendant is deprived of its property without due process of law in contravention of the rights secured to the defendant by the Fourteenth Amendment to the Constitution of the United States of America.

## THIRTY-FIFTH DEFENSE

This defendant pleads that the laws of the State of Alabama including, but not limited to, the Alabama Wrongful Death Act deprive this defendant of its property without due process of law in contravention of the rights secured to this defendant by the Fourteenth Amendment to the Constitution of the United States of America in that the procedure does not insure that the punitive damages awarded are reasonably related to the degree of reprehensibility of the defendant's conduct.

## THIRTY-SIXTH DEFENSE

This defendant pleads that the laws of the State of Alabama including, but not limited to, the Alabama Wrongful Death Act violate the due process rights afforded to this defendant by the Fourteenth Amendment to the Constitution of the United States of America in that such procedure allows a significant award of punitive damages when only a modest degree of culpability may be present.

## THIRTY-SEVENTH DEFENSE

This defendant pleads that the laws of the State of Alabama including, but not limited to, the Alabama Wrongful Death Act violate the due process rights secured to this defendant by the Fourteenth Amendment to the Constitution of the United States of America in that it does not afford substantial deference to legislative judgments concerning appropriate sanctions for the conduct at issue.

## AMENDED AFFIRMATIVE DEENSES

### THIRTY-EIGHTH DEFENSE

This defendant pleads any protections afforded by Alabama Code § 12-16-191.

### THIRTY-NINTH DEFENSE

This defendant pleads that the plaintiff does not have standing to bring a private right of action against this defendant pursuant to the provisions of Alabama Code § 12-16-191.

                                    Respectfully submitted,

                                    STEVEN K. HERNDON (HER028)
                                    MATTHEW Y. BEAM (BEA065)
                                    Attorneys for Defendant Hollis & Spann, Inc..

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P. O. Box 4190
Montgomery, AL. 36103
Telephone: (334) 834-9950
FAX: (334) 834-1054
steve@ghhclaw.com

```
```
Below:
## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of November, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

**Attorneys for Plaintiff**
Mr. Britt V. Bethea
Mr. J. David Greene, Jr.
Mr. Will G. Phillips
Greene & Phillips
50 N. Florida Street
Mobile, AL 36607
Telephone: (251) 478-1115
Facsimile: (251) 471-3920
jdgreene@greenephillips.com
wgphillips@greenephillips.com

**Attorneys for Defendants Anthony Clark, Jerry Wayne Edgar, and Walter Inabinett**
Mr. Daryl L. Masters
Mr. Gary L. Willford, Jr.
Webb & Eley, PC
P.O. Box 240909
Montgomery, AL 36124-0909
Telephone: (334) 262-1850
Facsimile: (334) 262-1889
rrobertson@webbeley.com
gwillford@webbeley.com

**Attorney for Defendant Black Creek Integrated Systems Corp.**
Mr. Bert Pittman Taylor
Taylor & Smith, PC
P.O. Box 489
Orange Beach, AL 36561-0489
Telephone: (251) 981-8430
Facsimile: (251) 981-8425
cyk@taylorritter.com

**Attorneys for Dickey & Associates, Inc.**
Mr. Alan Thomas Hargrove, Jr.
Mr. Richard Brett Garrett
Rushton, Stakely, Johnston & Garrett, PC
P.O. Box 270
Montgomery, AL 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
ath@rsjg.com    bg@rsjg.com

**Defendants:**
James Darren Harnage AIS#239251
P. O. Box 150
Mount Meigs, AL 36057

Oscar Roy Doster AIS #177168
P. O. Box 150
Mount Meigs, AL 36057

/s/ _____
Counsel