# PART 2

Case 2:06-cv-00600-MHT-WC    Document 38-2    Filed 11/01/2006    Page 1 of 8

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, as follows:

32. The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 31 above.

33. The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, negligently failed to train the employees of the Covington County jail facility responsible for maintaining order and overseeing all inmates incarcerated in the jail facility.

34. The Plaintiff avers that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, was the actual, proximate and contributory cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, separately and severally, in an amount which will adequately reflect the purpose

9

of the Alabama Wrongful Death Act and 42 U.S.C. § 1983 consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the minimal jurisdictional limits of this Court.

## FOURTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, as follows:

35. The Plaintiff adopts and realleges the relevant portions of paragraphs 1 through 34 above.

36. The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, negligently failed to inspect the ventilation system involved in the occurrence made the subject matter of this complaint.

37. The Plaintiff avers that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, was the actual, proximate and contributory cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter

Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act and 42 U.S.C. § 1983 consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the minimal jurisdictional limits of this Court.

## FIFTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, as follows:

38. The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 37 above.

39. The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, negligently hired the person, firm or corporation responsible for the surveillance of the entire Covington County jail facility.

40. The Plaintiff avers that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, was

the actual, proximate and contributory cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act and 42 U.S.C. § 1983 consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the minimal jurisdictional limits of this Court.

## SIXTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, as follows:

41. The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 40 above.

42. The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, negligently installed the subject air conditioning ventilation system in the Covington County jail facility through which Defendants,

Oscar Roy Doster and James Darren Harnage successfully escaped twice which made the basis of this complaint.

43. The Plaintiff avers that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, was the actual, proximate and contributory cause of the death of Dennis Courtney.

## SEVENTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, as follows:

44. The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 43 above.

45. The Plaintiff avers that the Covington County jail facility involved in the occurrence that made the basis of this complaint was poorly designed, improperly constructed and inadequately equipped with surveillance equipment that should have allowed on duty staff to monitor all inmates at all times. Plaintiff further avers that Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, knew or should have known of

13

the accessibility and ease of escape allowed through the poorly designed ventilation system at the Covington County jail facility. Said Defendants failed to warn the public of the inherent danger lurking and failed to protect them from the hazards associated with armed and dangerous escaped convicts.

46. The Plaintiff avers that the negligent or wrongful conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Oscar Roy Doster; James Darren Harnage; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, was the actual, proximate and contributory cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act and 42 U.S.C. § 1983 consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the minimal jurisdictional limits of this Court.

### EIGHTH CAUSE OF ACTION

Plaintiff alleges against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour

& Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, as follows:

47. The Plaintiff adopts and incorporates by reference the relevant portions of paragraphs 1 through 46 above.

48. The Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, wantonly hired the person, firm or corporation responsible for the installation and maintenance of the surveillance equipment of the entire Covington County jail facility.

49. The Plaintiff avers that the wanton conduct of the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, was the actual, proximate and contributory cause of the death of Dennis Courtney.

WHEREFORE, the premises considered, the plaintiff demands judgment against the Defendants, Sheriff Anthony Clark; Jerry Wayne Edgar; Walter Inabinett, Black Creek Integrated Systems, Inc.; Seymour & Lisenby, Inc.; Darden Engineers, Inc.; Dickey & Associates, Inc.; and Covington County, separately and severally, in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act and 42 U.S.C. § 1983 consistent with the culpability of the Defendant's conduct as may be determined by the jury, plus interest and costs, in excess of the minimal jurisdictional limits of this Court.