IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIE COURTNEY, ETC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.:  2:06-CV-00600-MHT |
| | ) |
| ANTHONY CLARK, et al., | ) **EXPEDITED HEARING REQUESTED** |
| | ) |
|     Defendants. | ) |

**DEFENDANTS COVINGTON COUNTY SHERIFF ANTHONY CLARK AND COVINGTON COUNTY DEPUTIES JERRY EDGAR AND WALTER INABINETT'S OBJECTION TO MOTION TO AMEND COMPLAINT**

COME NOW Covington County Sheriff Anthony Clark ("Sheriff Clark"), Covington County Deputy Sheriff Jerry Wayne Edgar ("Deputy Edgar"), and Covington County Deputy Sheriff Walter Inabinett ("Deputy Inabinett"), Defendants in the above-entitled action (hereafter, collectively, the "Defendants"), and file this Objection to the Plaintiff's Motion to Amend Complaint (hereafter, the "Motion to Amend").

**INTRODUCTION**

On July 5, 2006, the Plaintiff filed a thirteen-count Complaint against, *inter alia*, Sheriff Clark, Deputy Edgar, and Deputy Inabinett.  On November 1, 2006, the Plaintiff filed a Motion to Amend Complaint, along with her First Amended Complaint, alleging additional "facts," asserting one additional cause of action (for a total of fourteen counts), and adding Covington County, Alabama as a defendant.  All of the Plaintiff's claims stem from the escape of Oscar Roy Doster and Darren Harnage from the Covington County Jail and their alleged murder of Dennis Courtney.

In paragraph 13 of her Motion to Amend (the first paragraph in the "Facts" section), the Plaintiff avers that she is bringing this action "pursuant to 42 U.S.C. § 1983, et seq. and state law." The Plaintiff alleges that her deceased's Fourteenth Amendment rights were violated. (Motion to Amend Complaint at ¶ 13.)[1] However, this is the only reference to a federal claim in the entire Motion to Amend. (See generally Motion to Amend.) Further, the Motion to Amend lacks appropriate allegations to state a § 1983 claim (e.g., that the Defendants were acting under color of law). (See generally Motion to Amend.)

## ARGUMENT

**I. THE ALLEGATIONS IN THE AMENDED COMPLAINT ARE WITHOUT FACTUAL SUPPORT AND HAVE BEEN PLED SOLELY FOR POLITICAL PURPOSES.**

The Defendants contend that the Plaintiff filed her Motion to Amend Complaint for the improper political purposes, specifically, to influence the imminent election for Covington County Sheriff. Furthermore, Defendants contend that the Plaintiff's claims contained in her Motion to Amend are frivolous and not warranted by either existing law or fact.

**A. The Timing of the Plaintiff's Pleading Shows the Pleading is Politically Motivated.**

Defendants contend and believe that the Plaintiff added the additional allegations contained in her Motion to Amend in hopes of casting Sheriff Anthony Clark, his staff and his department in a negative light in order to influence the citizens of Covington County to vote against him, thereby improperly influencing the outcome of the election. The Plaintiff's original Complaint, filed in the Circuit Court of Covington County on June 2, 2006, was filed just four days before the primary election. The Plaintiff filed her Motion to Amend at 6:25 p.m. on the evening of Wednesday, November 1, 2006. The general election for Covington County Sheriff

---

[1] In her Motion to Amend Complaint, the Plaintiff does not reiterate or incorporate the Fifth Amendment claim found in paragraph 14 of her original Complaint. The Defendants take this to be an abandonment of that claim.

2

is scheduled for Tuesday, November 7, 2006 – less then six days later. These filings cannot be coincidental.

Furthermore, this case has been pending before this Court on the Defendants' Notice of Removal and contemporaneously filed Motion to Dismiss/Memorandum Brief since July 5, 2006. All briefs on these Defendants' pending Motion to Dismiss were completed on September 27, 2006. The Plaintiff has had nearly four months from the filing of the Motion to Dismiss and over a month after all briefs were complete in order to file an amended complaint. Again, the timing of the Plaintiff's pleading is no coincidence.

### B. The Plaintiff's Allegations Have No Factual Support.

The additional allegations contained in the Plaintiff's Motion to Amend are completely without substantiation, evidentiary support or reasonable belief, and were alleged without any sort of reasonable inquiry or investigation, as required by Rule 11(b) of the Federal Rules of Civil Procedure.[2] Defendants Oscar Roy Doster ("Doster") and James Darren Harnage ("Harnage") have testified that neither Sheriff Clark, Deputy Edgar, nor Deputy Inabinett aided, abetted, assisted and/or orchestrated their escape from the Covington County jail. (Affidavit of Oscar Roy Doster dated November 2, 2006 (hereafter, "Doster Aff."), attached herewith as Exhibit "A" and incorporated herein as if fully set forth, at ¶ 2; Affidavit of James Darren Harnage dated November 2, 2006 (hereafter, "Harnage Aff."), attached herewith as Exhibit "B" and incorporated herein as if fully set forth, at ¶ 2.) Both defendants state that they received neither financial nor logistical assistance from the Defendants. Id. Further, both Doster and Harnage testify that none of the Defendants coordinated or acquiesced to their escape, or gave them money after they escaped. (Doster Aff. at ¶ 3; Harnage Aff. at ¶ 3.) Deputy Edgar did not

---

[2] Contemporaneous with the filing of this Objection, Defendants are serving counsel for the Plaintiff with a Motion for Sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure.

pay either Doster or Harnage to escape, and Defendant Doster did not give a recorded statement upon being arrested after his second escape. (Doster Aff. at ¶ 4; Harnage Aff. at ¶ 4.)

The Plaintiff has offered no substantiating evidence or facts to support the additional allegations contained in her Motion to Amend, and said motion should therefore be denied.

## II.    THE PLAINTIFF'S PROPOSED AMENDED COMPLAINT IS FUTILE.

The futility of a proposed amended complaint is also reason for denying leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993). The First Amended Complaint adds nothing factually or legally to the Plaintiff's federal claims that saves them from the arguments raised by the Defendants in their earlier dispositive motions.

### A.    The Plaintiff's New "Facts" Do Not Save her Special Circumstances Claim.

Even assuming, *arguendo*, that the Plaintiff's additional allegations set forth in paragraphs 21 and 22 of her Motion to Amend are true – allegations which the Defendants vigorously deny – those allegations do not constitute a federal cause of action, and therefore are irrelevant and add nothing to this action. The United States Constitution does ***not*** ensure that the State protects the people from each other. "As a general matter . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 197 (1989).

As pointed out in previous pleadings, the person the Defendants are alleged to have failed to protect was not even a resident of the State of Alabama or present within its territorial boundaries. (Motion to Amend at ¶ 14.) Accordingly, in addition to the general rule that a failure to protect is not a violation of the Fourteenth Amendment, the allegations of this case

4

present an even weaker claim as the State of Alabama cannot be said to have any duty whatsoever with respect to a person who is neither a citizen nor within the borders of the State.

There are, to be sure, certain exceptions to the general rule that the Court has described as "special relationships" where the government does incur the burden of protecting an individual against private violence. DeShaney, 489 U.S. at 198-99 (discussing cases where the government restricts a citizen's ability to provide for or defend himself, i.e., where the citizen is an inmate or involuntarily committed to a mental health institution).[3] The duty arises from the limitations the government imposes on the individual. Id. at 200. However, there can be no "special relationship" where, as here, the government has imposed no restrictions on the citizen or impeded his ability to act in his own interests. Lovins v. Lee, 53 F.3d 1208, 1210 (11th Cir. 1995).

The Eleventh Circuit's decision in Lovins is squarely on point and dispositive of the instant case. In Lovins, the plaintiff was kidnapped, robbed, raped, and sodomized by an inmate who had been released by the defendant jail officials. 53 F.3d at 1209. The inmate was being held on a "peeping tom" offense and violation of his probation for his previous convictions of theft, robbery, kidnapping, and rape. Id. Nonetheless, the inmate was made a jail trusty and was given several weekend passes. Id. Finally, he was given a one-week "emergency" pass during which time he committed the above-referenced crimes against the plaintiff. Id. The Eleventh Circuit assumed for purposes of appeal that as a matter of state law, the inmate was not eligible to be a trusty and his release was illegal. Id. Nonetheless, the Eleventh Circuit held that "[b]inding precedent requires us to hold that ***there is no general substantive due process right to be protected against the release of criminals from confinement, even if that release violates state law***." Id. (emphasis added).

The plaintiff in Lovins attempted in vain to avoid the clear implications of DeShaney. First, she argued that her case fit into the "special relationship" exception. 55 F.3d at 1210. The Eleventh

---
[3] See Estelle v. Gamble, 429 U.S. 97 (1976); Youngberg v. Romeo, 457 U.S. 307 (1982).

Circuit held that the exception was limited to circumstances where there is "a special relationship between the government and the victim of violence or mistreatment, a circumstance . . . lacking in [the plaintiff's] case."  Id.  The Court noted that the government defendants had not imposed any restrictions on the plaintiff to act in her own behalf, so there could be no special relationship.  Id.  The plaintiff "was in all respects a member of the general citizenry" for whom no special relationship could exist.  Id.

The plaintiff next argued that the state statutes restricting the release of prisoners entitled her something under state law that was protected by the Due Process Clause.  Lovins, 55 F.3d at 1210.  The Eleventh Circuit easily disposed of this argument as well by citing to two cases, one from the Supreme Court and the other from the Eleventh Circuit.  Id. at 1210-11 (discussing Collins v. City of Harker Heights, 503 U.S. 115 (1992) and Jones v. Phyfer, 761 F.2d 642 (11th Cir. 1985)).  The Eleventh Circuit noted that the Supreme Court's Collins decision explicitly held that a violation of state law cannot give rise to a substantive due process claim.  Lovins, 55 F.3d at 1210-11.

Like Lovins, the Eleventh Circuit's decision in Jones is instructive on the claims before this Court and was found by the Lovins court to dispose of the plaintiff's second attempt at avoiding DeShaney.  In Jones, the plaintiff's deceased was an elderly woman who was raped in her home by a juvenile delinquent being held by the Alabama Department of Youth Services for ***breaking into the same woman's home six months earlier***.  761 F.2d at 643.  As in Lovins, the plaintiff in Jones also contended that the delinquent's release on a Christmas furlough was a violation of state law.  Id. at 647.  Nevertheless, the Eleventh Circuit held in Jones that "[t]he fact that defendants may have violated the duties set out by state law for employees of the Department of Youth Services does not mean that the defendants deprived the plaintiff of her liberty rights without due process of law."  Id.  Even if the Jones plaintiff had a state tort claim, such a claim was insufficient to give her a valid

6

constitutional claim.  Id.

Assuming, *arguendo*, the truth of the allegations in the instant Plaintiff's Motion to Amend, the Lovins and Jones decisions make it abundantly clear that these Defendants did not violate Dennis Courtney's substantive due process rights.  Even if these Defendants allowed, assisted, and/or paid Doster and Harnage to escape, there is no due process violation.  As in Lovins, the Plaintiff's decedent "was in all respects a member of the general citizenry" with whom the Defendants had no special relationship.  55 F.3d at 1210.  In fact, Mr. Courtney was even further away from being in such a relationship because he was neither a citizen of Covington County, Alabama nor physically located within its territorial borders at the time he was allegedly killed by Doster and Harnage.  Consequently, Mr. Courtney was not even a member of the "general citizenry" of Covington County or the State of Alabama – the people to whom these men owed their law enforcement duty.  See ALA. CODE § 36-22-3(4) (stating that sheriffs have the duty "***in their respective counties***, by themselves or deputies, to ferret out crime, to apprehend and arrest criminals and, insofar as within their power, to secure evidence of crimes ***in their counties*** . . ." (emphasis added).

The fact that Mr. Courtney was neither an Alabama citizen ***nor physically located in Alabama*** removes him from the sphere of persons in the "general citizenry" to whom an Alabama sheriff or sheriff's deputy owes any duty under the circumstances alleged in the Complaint.  ALA. CODE § 36-22-3(4).  Consequently, these Defendants could not have "deprived" Mr. Courtney of any federally protected right.  ALA. CODE § 36-22-3(4); Lovins, 53 F.3d at 1210.

Furthermore, even if the Plaintiff could somehow prove that these Defendants violated Alabama law in allowing, assisting and/or paying Doster and Harnage to escape, a violation of state law is insufficient to establish a substantive due process claim.  Collins, 503 U.S. at 127-

30; Lovins, 53 F.3d at 1211. Accordingly, as a matter of clear, unambiguous, and most of all mandatory authority, the Plaintiff's Amended Complaint does not and cannot properly set forth a Fourteenth Amendment substantive due process violation against Sheriff Clark, Deputy Edgar, or Deputy Inabinett. Therefore, the Plaintiff cannot meet her burden of establishing a violation of her deceased's federally protected rights. Saucier v. Katz, 533 U.S. 194, 201 (2001).

      B.      **The Plaintiff's New Fourteen Cause of Action is Also Futile.**

The Plaintiffs' new Fourteenth Cause of Action also fails to state a claim. If it is considered to be a federal claim, there is absolutely no factual support whatsoever for the Plaintiffs' conclusory allegation that the wanton and intentional conduct of the Defendants was the actual and proximate cause of the death of Dennis Courtney. See generally First Amended Complaint. As currently pled, the Plaintiff's Fourteenth Cause of Action, if it states a federal claim, does not meet the heightened pleading standard required in § 1983 cases involving qualified immunity. See Aquatherm Industries, Inc. v. Florida Power & Light Co., 145 F. 3d 1258, 1261 (11th Cir. 1998) (holding "vague, conclusory allegations are insufficient to state a claim upon which relief can be granted"); Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) (holding that unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6)); South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss"). If the Fifth Cause of Action is deemed to be a state law claim, it is futile on its face because it is barred by absolute immunity. See Tinney v. Shores, 77 F.3d 378, 383 (11th Cir. 1996) (holding sheriff and deputy sheriff were entitled to state sovereign immunity);

Lancaster v. Monroe County, 116 F.3d 1419, 1431 (11th Cir. 1998) (holding sheriff and jailers were entitled to sovereign immunity); Parker v. Amerson, 519 So. 2d 442, 445 (1987) (holding the Sheriff immune from suit although sued "individually, and as Sheriff"); Hereford v. Jefferson County, 586 So. 2d at 210; King v. Colbert County, 620 So. 2d 623, 626 (Ala. 1993); Ex parte Purvis, 689 So. 2d 794, 795-96 (Ala. 1996) (holding sheriff and deputy were entitled to sovereign immunity in both their individual and official capacities); Ex parte Haralson, 871 So. 2d 802, 807 (Ala. 2003) (holding deputy sheriff entitled to sovereign immunity); Ex parte McWhorter, 2003 WL 22419635, *1 (Ala. 2003) (holding deputy sheriff entitled to sovereign immunity).

Accordingly, in addition to being untimely and severely prejudicial to the Defendants, the Plaintiff's proposed and revised Second Amended Complaint is futile. The Plaintiff's Revised Motion for Leave to Amend should therefore be denied.

## CONCLUSION

For the reasons set forth above, defendants Covington County, Alabama, Sheriff Anthony Clark, Deputy Jerry Edgar, and Deputy Walter Inabinett request that the Court issue an Order denying the Plaintiff's Motion to Amend Complaint.

Respectfully submitted, this 2nd day of November, 2006.

> **s/Gary L. Willford, Jr.**
> DARYL L. MASTERS – Bar No. MAS018
> GARY L. WILLFORD, JR. – Bar No. WIL198
> SCOTT W. GOSNELL – Bar No. GOS002
> Attorneys for Defendants
> WEBB & ELEY, P.C.
> 7474 Halcyon Pointe Road (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  gwillford@webbeley.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Will G. Phillips, Esquire
J. David Greene, Esquire
Britt V. Bethea, Esquire
Greene & Phillips
50 N. Florida Street
Mobile, AL  36607

Bert P. Taylor, Esquire
Taylor Ritter, P.C.
P. O. Box 489
Orange Beach, AL  36561

Steven K. Herndon, Esquire
Matthew Y. Beam, Esquire
Gidiere, Hinton, Herndon & Christman
P. O. Box 4190
Montgomery, AL  36103

Alan T. Hargrove, Jr., Esquire
Richard Brett Garrett, Esquire
Rushton, Stakely, Johnston & Garrett
P. O. Box 270
Montgomery, AL  36101-0270

and by sending via U.S. Mail, postage prepaid, to the following:

Oscar Roy Doster, AIS # 177168
P. O. Box 150
Mt. Meigs, AL  36057

James Darren Harnage, AIS # 239251
P. O. Box 150
Mt. Meigs, AL  36057

          **s/Gary L. Willford, Jr.**
          OF COUNSEL