IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JENNIE COURTNEY, ETC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2:06-CV-00600-MHT |
| | ) |
| **ANTHONY CLARK, et al.,** | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS ANTHONY CLARK, JERRY WAYNE EDGAR AND WALTER INABINETT'S MOTION TO DISMISS

COME NOW Covington County Sheriff Anthony Clark, Covington County Deputy Sheriff Jerry Wayne Edgar, and Covington County Deputy Sheriff Walter Inabinett, Defendants in the above-entitled action, and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, move this Court for an Order dismissing the Plaintiff's claims against them. As grounds therefor, Defendants state as follows:

1. The Plaintiff has filed a fourteen-count Amended Complaint asserting thirteen causes of action against Sheriff Clark, Deputy Edgar, and Deputy Inabinett. As opposed to their original Complaint, it now appears that all counts, with the exception of the Sixth Cause of Action, are now federal *and* state law claims. Each of these counts states in its *ad damnum* clause that the Plaintiff seeks damages "in an amount which will adequately reflect the purpose of the Alabama Wrongful Death Act and 42 U.S.C. § 1983". (See, e.g., Doc. 38 at p. 7.)[1]

2. As understood by these Defendants, the Plaintiff's claims are:

   a. First Cause of Action: negligent failure to warn the public that the jail was insecure;

---

[1] It may be that the Plaintiff intended the Sixth Cause of Action to also be a dual claim, but inadvertently left out an *ad damnum* clause. (Doc. 38 at pp. 12-13.)

1

   b. Second Cause of Action: negligent hiring of the entity(ies) that designed, constructed, and maintained the jail's surveillance equipment;

   c. Third Cause of Action: negligent training of jail employees;

   d. Fourth Cause of Action: negligent inspection of the jail ventilation system;

   e. Fifth Cause of Action: negligent hiring of the entity(ies) that were "responsible" for the surveillance equipment at the jail;

   f. Sixth Cause of Action: negligent installation of the jail's ventilation system;

   g. Seventh Cause of Action: negligent failure to warn of the lack of security caused by the ventilation system;

   h. Eighth Cause of Action: wanton hiring of the entity(ies) that designed, constructed, and maintained the jail's surveillance equipment;

   i. Ninth Cause of Action: wanton training of jail employees;

   j. Tenth Cause of Action: wanton inspection of the jail ventilation system;

   k. Eleventh Cause of Action: negligent hiring of the entity(ies) that were "responsible" for the surveillance equipment at the jail;

   l. Twelfth Cause of Action: negligent installation of the jail's ventilation system;[2] and

   m. Fourteenth Cause of Action: intentional aiding and abetting the escape.

  3. The Fourteenth Amendment is the only federal provision specifically referenced in the Plaintiff's Complaint. (Doc. 38 at ¶ 13.) In her Response to these Defendants' original Motion to Dismiss, the Plaintiff asserted that her federal claims were intended to be Fourteenth Amendment substantive due process "special relationship" claims. (Doc. 32 at pp. 4, 6.)

  4. The Defendants are sued in their individual and official capacities.

---

[2] The Plaintiff's Thirteenth Cause of Action does not assert a claim against these Defendants. (Complaint at pp. 20-21.)

5. The Plaintiff's official capacity federal claims are due to be dismissed because:

   a. These Defendants are immune under the Eleventh Amendment to the United States Constitution; and

   b. These Defendants, in their official capacities, are not "persons" for purposes of 42 U.S.C. § 1983.

6. The Plaintiff's individual capacity federal claims are due to be dismissed as these Defendants are entitled to qualified immunity.

7. The Plaintiff's state law claims against these Defendants are due to be dismissed because under crystal clear Alabama law, Sheriff Clark, Deputy Edgar, and Deputy Inabinett are entitled to absolute immunity.

8. These Defendants request the opportunity to be heard orally on this motion.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Defendants Covington County Sheriff Anthony Clark, Covington County Deputy Sheriff Jerry Edgar, and Covington County Deputy Sheriff Walter Inabinett request that the Court issue an Order dismissing the Plaintiff's claims against them.

Respectfully submitted, this 20th day of November, 2006.

            **s/Gary L. Willford, Jr.**
            DARYL L. MASTERS – Bar No. MAS018
            GARY L. WILLFORD, JR. – Bar No. WIL198
            SCOTT W. GOSNELL – Bar No. GOS002
            Attorneys for Defendants
            WEBB & ELEY, P.C.
            7474 Halcyon Pointe Road (36117)
            Post Office Box 240909
            Montgomery, Alabama  36124
            Telephone:  (334) 262-1850
            Fax:  (334) 262-1889
            E-mail:  gwillford@webbeley.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 20th day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Will G. Phillips, Esquire<br>J. David Greene, Esquire<br>Britt V. Bethea, Esquire<br>Greene & Phillips<br>50 N. Florida Street<br>Mobile, AL  36607 | Bert P. Taylor, Esquire<br>Taylor Ritter, P.C.<br>P. O. Box 489<br>Orange Beach, AL  36561 |
| Steven K. Herndon, Esquire<br>Matthew Y. Beam, Esquire<br>Gidiere, Hinton, Herndon & Christman<br>P. O. Box 4190<br>Montgomery, AL  36103 | Alan T. Hargrove, Jr., Esquire<br>Richard Brett Garrett, Esquire<br>Rushton, Stakely, Johnston & Garrett<br>P. O. Box 270<br>Montgomery, AL  36101-0270 |

and by sending via U.S. Mail, postage prepaid, to the following:

| | |
|---|---|
| Oscar Roy Doster, AIS # 177168<br>P. O. Box 150<br>Mt. Meigs, AL  36057 | James Darren Harnage, AIS # 239251<br>P. O. Box 150<br>Mt. Meigs, AL  36057 |

                                              **s/Gary L. Willford, Jr.**
                                              OF COUNSEL