IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JENNIE COURTNEY, ETC.,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.:  2:06-CV-00600-MHT |
| | ) |
| **ANTHONY CLARK, et al.,** | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS ANTHONY CLARK, JERRY WAYNE EDGAR AND WALTER INABINETT'S MEMORANDUM BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COME NOW Covington County Sheriff Anthony Clark, Covington County Deputy Sheriff Jerry Wayne Edgar, and Covington County Deputy Sheriff Walter Inabinett, Defendants in the above-entitled action, and submit this Memorandum Brief in support of their contemporaneously filed Motion to Dismiss Plaintiff's Amended Complaint.

**INTRODUCTION**

The Plaintiff has filed a fourteen-count Amended Complaint asserting thirteen causes of action against Sheriff Clark, Deputy Edgar, and Deputy Inabinett.  The Plaintiff's claims stem from the escape of Oscar Roy Doster and Darren Harnage from the Covington County Jail and their alleged murder of Dennis Courtney.  The Plaintiff's claims all assert that Sheriff Clark, Deputy Edgar, and Deputy Inabinett engaged in negligent or wanton conduct in the hiring of persons to install and operate the jail's surveillance system, installation of the jail's ventilation system, inspection of the ventilation system, training of jail employees, and failure to warn the public of dangers related to an alleged lack of security in the jail. (Doc. 38 at pp. 6-21.)

The Plaintiff has also added a new cause of action – the Fourteenth – which alleges that these Defendants intentionally aided and abetted the escape.  <u>Id.</u> at p. 21.  The Plaintiff has further modified

1

her Complaint to make each count (with the exception of the Sixth Cause of Action) a state law and federal cause of action by asserting in the *ad damnum* clause of each count a reference to the Alabama Wrongful Death Act and 42 U.S.C. § 1983.  The only specific federal right referenced in the Amended Complaint is the Fourteenth Amendment which, by the Plaintiff's previous pleadings, these Defendants take to mean each cause of action is a substantive due process "special circumstances" claim.

Each of the causes of action in the Amended Complaint alleges negligent or wanton conduct. (Doc. 38 at pp. 6-21.)  The only exception is the new Fourteenth Cause of Action which alleges intentional conduct on the part of these Defendants.  Id. at p. 21.  As did the original Complaint, the Amended Complaint lacks appropriate allegations to state a § 1983 claim (e.g., that the defendants were acting under color of law).  (See generally Doc. 38.)

## ARGUMENT

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Plaintiff's Amended Complaint, at least insofar as it relates to these Defendants, contains little more than conclusory allegations that cannot survive a motion to dismiss.  See Aquatherm Industries, Inc. v. Florida Power & Light Co., 145 F. 3d 1258, 1261 (11th Cir. 1998) (affirming dismissal and approving district court's reasoning that "vague, conclusory allegations are insufficient to state a claim upon which relief can be granted").  "Pleadings must be something more than an ingenious academic exercise in the conceivable."  Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted).  In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6).  Marsh, 268 F.3d at 1036 n.16; see also South

Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

Sheriff Clark, Deputy Edgar, and Deputy Inabinett are entitled to a dismissal of the Plaintiff's claims. The Plaintiff's official capacity federal claims are due to be dismissed because these Defendants, in that capacity, are entitled to Eleventh Amendment immunity and are not "persons" for purposes of 42 U.S.C. § 1983. The Plaintiff's individual capacity claims are due to be dismissed as these Defendants are entitled to qualified immunity. The Plaintiff's state law claims are due to be dismissed as these Defendants are entitled to absolute immunity.

**I.   SHERIFF CLARK, DEPUTY EDGAR, AND DEPUTY INABINETT ARE ENTITLED TO A DISMISSAL OF THE PLAINTIFF'S OFFICIAL CAPACITY FEDERAL CLAIMS.**

The Plaintiff ostensibly brings her federal claims pursuant to 42 U.S.C. § 1983 against these Defendants in their official capacities. The Eleventh Amendment to the United States Constitution deprives this Court of subject matter jurisdiction. Additionally, these Defendants are not "persons" for purposes of § 1983.

**A.   The Eleventh Amendment Bars the Plaintiff's Official Capacity Claims.**

Plaintiff's claims against Sheriff Clark, Deputy Edgar, and Deputy Inabinett in their official capacities are due to be dismissed for lack of subject matter jurisdiction. Any official capacity claims are barred by the Eleventh Amendment to the United States Constitution. Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled

3

to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

> B. **These Defendants, in Their Official Capacities, are not "Persons" Under 42 U.S.C. § 1983.**

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a *person*, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Any claims against these Defendants in their official capacities should therefore be dismissed because they are not "person[s]" under § 1983 and therefore claims against them in their official capacities fail to state a claim upon which relief can be granted. Id.; Carr, 916 F.2d at 1525 n.3.

> **II. SHERIFF CLARK, DEPUTY EDGAR, AND DEPUTY INABINETT ARE ENTITLED TO QUALIFIED IMMUNITY TO THE PLAINTIFF'S CLAIMS AGAINST THEM IN THEIR INDIVIDUAL CAPACITIES.**

Once a defendant official in a § 1983 action has demonstrated he was acting within his discretionary authority, the burden shifts to the plaintiff to show a violation of a clearly established federally protected right. The threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that these Defendants had "fair warning" that their conduct violated the Plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

4

In making an assessment of whether the particular conduct of Sheriff Clark, Deputy Edgar, and Deputy Inabinett was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of the law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster v. Monroe County, 116 F.3d 1419, 1424 (11th Cir. 1998). "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Furthermore, a plaintiff cannot merely rely on notice pleading in a § 1983 case involving qualified immunity. A plaintiff's pleading standard is "heightened" when § 1983 claims are made against government officials in their individual capacities. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement"). It is the Plaintiff's burden to allege sufficient specific supporting facts or face dismissal of his claims. Marsh, 268 F.3d at 1036 n.16; Montalvo, 84 F.3d at 408 n.10.

Sheriff Clark, Deputy Edgar, and Deputy Inabinett are entitled to qualified immunity and a dismissal of the Plaintiff's individual capacity claims against them. First, these Defendants were clearly acting within their discretionary authority. Second, the Plaintiff has failed to allege a violation of her deceased's federally protected rights. Finally, no clearly established law provided these Defendants with the requisite "fair warning" their conduct was illegal.

5

     **A.    Sheriff Clark, Deputy Edgar, and Deputy Inabinett Acted Within Their Discretionary Authority.**

Once a public official has asserted the defense of qualified immunity, he bears the burden of proving that he was acting within his discretionary capacity. <u>Rich v. Dollar</u>, 841 F.2d 1558, 1563 (11th Cir. 1988). In order to establish that he is acting within his discretionary capacity, a public official asserting qualified immunity need only show "objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." <u>Id.</u> at 1564 (quoting <u>Barker v. Norman</u>, 651 F.2d 1107, 1121 (5th Cir. 1981)). Courts should not be "overly narrow" in interpreting this requirement. <u>Jordan v. Doe</u>, 38 F.3d 1559, 1566 (11th Cir. 1994). To determine this question "a court must ask whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." <u>Harbert Intern., Inc. v. James</u>, 157 F.3d 1271, 1282 (11th Cir. 1998) (citation omitted). As one district court observed, "the determination that an officer was acting within his discretionary authority is quite a low hurdle to clear." <u>Godby v. Montgomery County Bd. of Educ.</u>, 996 F. Supp. 1390, 1401 (M.D. Ala. 1999).

Under the facts as alleged in the Amended Complaint, these Defendants easily clear this low hurdle. All of the Plaintiff's allegations are based upon the Defendants' respective roles as sheriff or a deputy of Covington County. It is in this capacity only that they have any responsibility for, or authority over, the inmates of the Covington County Jail. As all of the alleged actions were taken under the auspices of these roles, these Defendants were acting within their discretionary authority.

     **B.    The Plaintiff's Deceased's Federally Protected Rights Were Not Violated by These Defendants.**

In the one paragraph that specifically mentions a federal right, the Plaintiff alleges that the Defendants violated the Fourteenth Amendment rights of Dennis Courtney. Assuming, *arguendo*, that the Defendants were negligent/wanton in their conduct, it does not rise to the level of a

6

constitutional violation. Consequently, the Plaintiff cannot meet her first burden under the qualified immunity test.

The Due Process Clause of the Fourteenth Amendment does not turn state law torts into constitutional violations. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 202 (1989). "[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." Id., 489 U.S. at 196. "As a general matter, then . . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Id. at 197.

The Fourteenth Amendment's due process clause was intended to prevent the government "from *abusing* [its] power, or *employing* it as an instrument of oppression." Davidson v. Cannon, 474 U.S. 344, 348 (1986) (emphasis added). The Due Process Clause prevents the government from engaging in an "*affirmative* abuse of power." DeShaney, 489 U.S. at 196 (quoting Parratt v. Taylor, 451 U.S. 527, 549 (1981) (Powell, J., concurring in result) (emphasis added)). The guarantee of substantive due process has historically "been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." Collins v. City of Harker Heights, 503 U.S. 115, 127 n.10 (1992) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986) (emphasis in the original).) The Due Process Clause, therefore, protects the people from affirmative actions of the State.

A careful review of the Amended Complaint reveals that these Defendants are not accused of taking any affirmative acts to deprive Dennis Courtney of any right to which he was entitled. The Amended Complaint alleges that Sheriff Clark and his staff "allowed" and/or "aided and abetted" Doster and Harnage in their escape. (Doc. 38, at ¶¶ 17, 18, 20-22.) The only arguable "*affirmative* abuse of power" is the Plaintiff's new allegations in paragraphs 21 and 22, as well as the Fourteenth Cause of Action, asserting that these Defendants paid the inmates to escape and otherwise assisted

7

them once they had escaped. These allegations are the subject of a Motion for Sanctions that were served on the Plaintiff's attorneys on November 2, 2006, and will be filed with the Court on November 27, 2006, if the allegations are not withdrawn sooner. Once these utterly false and scurrilous allegations are removed from the Amended Complaint, the Plaintiff has no affirmative abuse of power allegations remaining.

Furthermore, the Due Process Clause does *not* ensure that the State protects the people from each other. DeShaney, 489 U.S. at 196-97 (stating "[a]s a general matter . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.") There are, to be sure, certain exceptions to the general rule that the Court has described "special relationships" where the government does incur the burden of protecting an individual against private violence. DeShaney, 489 U.S. at 198-99 (discussing cases where the government restricts a citizen's ability to provide for or defend himself, i.e., where the citizen is an inmate or involuntarily committed to a mental health institution).[1] The duty arises from the limitations the government imposes on the individual. Id. at 200. However, there can be no "special relationship" where, as here, the government has imposed no restrictions on the citizen or impeded his ability to act in his own interests. Lovins v. Lee, 53 F.3d 1208, 1210 (11th Cir. 1995).

The Eleventh Circuit's decision in Lovins is squarely on point and dispositive of the instant case. In Lovins, the plaintiff was kidnapped, robbed, raped, and sodomized by an inmate who had been released by the defendant jail officials. 53 F.3d at 1209. The inmate was being held on a "peeping tom" offense and violation of his probation for his previous convictions of theft, robbery, kidnapping, and rape. Id. Nonetheless, the inmate was made a jail trusty and was given several weekend passes. Id. Finally, he was given a one-week "emergency" pass during which time he committed the above-referenced crimes against the plaintiff. Id. The Eleventh Circuit assumed for

---

[1] See Estelle v. Gamble, 429 U.S. 97 (1976); Youngberg v. Romeo, 457 U.S. 307 (1982).

purposes of appeal that as a matter of state law, the inmate was not eligible to be a trusty and his release was illegal. Id. Nonetheless, the Eleventh Circuit held that "[b]inding precedent requires us to hold that *there is no general substantive due process right to be protected against the release of criminals from confinement, even if that release violates state law*." Id. (emphasis added).

The plaintiff in Lovins attempted in vain to avoid the clear implications of DeShaney. First, she argued that her case fit into the "special relationship" exception. 55 F.3d at 1210. The Eleventh Circuit held that the exception was limited to circumstances where there is "a special relationship between the government and the victim of violence or mistreatment, a circumstance . . . lacking in [the plaintiff's] case." Id. The Court noted that the government defendants had not imposed any restrictions on the plaintiff to act in her own behalf, so there could be no special relationship. Id. The plaintiff "was in all respects a member of the general citizenry" for whom no special relationship could exist. Id.

The plaintiff next argued that the state statutes restricting the release of prisoners entitled her something under state law that was protected by the Due Process Clause. Lovins, 55 F.3d at 1210. The Eleventh Circuit easily disposed of this argument as well by citing to two cases, one from the Supreme Court and the other from the Eleventh Circuit. Id. at 1210-11 (discussing Collins v. City of Harker Heights, 503 U.S. 115 (1992) and Jones v. Phyfer, 761 F.2d 642 (11th Cir. 1985)). The Eleventh Circuit noted that the Supreme Court's Collins decision explicitly held that a violation of state law cannot give rise to a substantive due process claim. Lovins, 55 F.3d at 1210-11.

Like Lovins, the Eleventh Circuit's decision in Jones is instructive on the claims before this Court and was found by the Lovins court to dispose of the plaintiff's second attempt at avoiding DeShaney. In Jones, the plaintiff's deceased was an elderly woman who was an elderly woman who was raped in her home by a juvenile delinquent who was being held by the Alabama Department of Youth Services for *breaking into the same woman's home six months earlier*. 761 F.2d at 643. As

9

in Lovins, the plaintiff in Jones also contended that the delinquent's release on a Christmas furlough was a violation of state law. Id. at 647. Nevertheless, the Eleventh Circuit held in Jones that "[t]he fact that defendants may have violated the duties set out by state law for employees of the Department of Youth Services does not mean that the defendants deprived the plaintiff of her liberty rights without due process of law." Id. Even if the Jones plaintiff had a state tort claim, such a claim was insufficient to give her a valid constitutional claim. Id.

Assuming, *arguendo*, the truth of the allegations in the instant Plaintiff's Amended Complaint (including the new allegations in paragraphs 21 and 22), the Lovins and Jones decisions make it abundantly clear that these Defendants did not violate Dennis Courtney's substantive due process rights. Even if these Defendants negligently and/or wantonly "allowed" Doster and Harnage to escape, there is no due process violation. Even if, as alleged in paragraphs 21 and 22, these Defendants intentionally, and in violation of state law, released the inmates, the Plaintiff has failed to state a claim. Collins, 503 U.S. at 127-30; Lovins, 53 F.3d at 1211.

As in Lovins, the Plaintiff's decedent "was in all respects a member of the general citizenry" with whom the Defendants had no special relationship. 55 F.3d at 1210. In fact, Mr. Courtney was even further away from being in such a relationship because he was neither a citizen of Covington County, Alabama nor physically located within its territorial borders at the time he was allegedly killed by Doster and Harnage. Consequently, Mr. Courtney was not even a member of the "general citizenry" of Covington County or the State of Alabama – the people to whom these men owed their law enforcement duty. See ALA. CODE § 36-22-3(4) (stating that sheriffs have the duty "***in their respective counties***, by themselves or deputies, to ferret out crime, to apprehend and arrest criminals and, insofar as within their power, to secure evidence of crimes ***in their counties*** . . ." (emphasis added).

10

There is also no allegation that there was any kind of relationship between these Defendants and Mr. Courtney (again because he was not a citizen of, or located in, Covington County specifically or Alabama generally) or Doster/Harnage and Mr. Courtney. Even if the Plaintiff could adduce some kind of evidence establishing both a link between the alleged killers and Mr. Courtney *and* that these Defendants were aware of the link, Jones forecloses any possibility of a viable substantive due process claim based upon that factual scenario. 761 F.2d at 647. Accordingly, as a matter of clear, unambiguous, and most of all mandatory authority, the Plaintiff's Amended Complaint does not and cannot properly set forth a Fourteenth Amendment substantive due process violation against Sheriff Clark, Deputy Edgar, or Deputy Inabinett. Therefore, the Plaintiff cannot meet her burden of establishing a violation of her deceased's federally protected rights. Saucier, 533 U.S. at 201. Sheriff Clark, Deputy Edgar, and Deputy Inabinett are therefore entitled to qualified immunity and a dismissal of the Plaintiff's federal individual capacity claims against them. Id.

**C.    No Clearly Established Law Provided These Defendants With "Fair Warning" That Their Conduct Violated the Decedent's Federally Protected Rights.**

The Plaintiff's final burden under the qualified immunity analysis is to show that clearly established law provided Sheriff Clark, Deputy Edgar, and Deputy Inabinett with fair warning that his conduct was unlawful by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision is specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the conduct of the Defendants was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent

11

officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

After a diligent search of the relevant case law, and review of Alabama Department of Corrections v. Thompson, 855 So. 2d 1016 (Ala. 2003), counsel for these Defendants have been unable to find a case involving materially similar facts that held conduct similar to that engaged in by the Defendants to be unlawful. Consequently, the Plaintiff has the burden of either identifying such a case or proving that the conduct of the Defendants was obviously illegal. In light of the law cited above finding similar conduct constitutional, the Plaintiff simply cannot meet his burden. See, e.g., DeShaney, 489 U.S. at 196; Lewis, 523 U.S. at 849; LeMacks, 183 F.3d at 1258; Collins, 503 U.S. at 127-30; Lovins, 53 F.3d at 1211. Consequently, even if the Court were to conclude that the Amended Complaint set forth constitutional violations against these Defendants, they are nonetheless entitled to a dismissal of the Plaintiff's individual capacity claims against them.

**III. SHERIFF CLARK, DEPUTY EDGAR, AND DEPUTY INABINETT ARE ENTITLED TO ABSOLUTE IMMUNITY FROM ALL OF THE PLAINTIFF'S CLAIMS AS A MATTER OF LAW.**

Article I, § 14 of the Alabama Constitution of 1901 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." This section grants the State and its agencies an "absolute" immunity from suit in any court. Ex parte Mobile County Dep't of Human Res., 815 So. 2d 527, 530 (Ala. 2001). Section 14 immunity bars "almost every conceivable type of suit." Hutchinson v. Bd. of Trustees of Univ. of Ala., 256 So. 2d 281, 283 (Ala. 1971). Section 14 immunity is "nearly impregnable." Patterson v. Gladwin Corp., 835 So. 2d 137, 142 (Ala. 2002). Sheriff Clark, Deputy Edgar, and Deputy Inabinett are entitled to § 14 immunity.

Under Alabama law, each county sheriff is an executive officer of the State. Article V, § 112 of the Alabama Constitution of 1901. Sheriff's deputies are legally extensions of their sheriff and are likewise considered officers of the State of Alabama. See Hereford v. Jefferson County, 586 So. 2d

12

209, 210 (Ala. 1991); see also McMillian v. Monroe County, 520 U.S. 781, 793 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties). As executive branch, constitutional officers of the State, these Defendants are entitled to immunity under § 14 from ***all*** state law claims, including constitutional claims, even though sued in their individual capacity. Parker v. Amerson, 519 So. 2d 442, 445 (1987) (holding the Sheriff immune from suit although sued "individually, and as Sheriff"); Ex parte Purvis, 689 So. 2d 794, 795 (Ala. 1996) (holding sheriff and deputy were entitled to sovereign immunity in both their individual and official capacities); Ex parte Haralson, 871 So. 2d 802, 807 (Ala. 2003) (holding deputy sheriff entitled to sovereign immunity); Ex parte McWhorter, 880 So. 2d 1116, 1117 (Ala. 2003) (holding deputy sheriff entitled to sovereign immunity).

There are, however, limited exceptions to the absolute immunity afforded to sheriffs and their deputies. An Alabama sheriff is immune from suit:

> except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

Parker, 519 So. 2d at 443. Accordingly, even in situations where sheriffs and deputies are sued for negligence or bad faith, the only exceptions to sovereign immunity allowed by the Alabama Supreme Court under Art. 1, § 14 of the Alabama Constitution of 1901, are to *enjoin* the conduct of the state official. Alexander v. Hatfield, 652 So. 2d 1142, 1143 (Ala. 1994). With only these narrow exceptions, Alabama sheriffs and their deputies are immune from suit. Ex parte Purvis, 689 So. 2d at 796 (holding sheriff and deputy were entitled to sovereign immunity in both their individual and official capacities); Ex parte Blankenship, 893 So. 2d 303, 305 (Ala. 2004).

Slightly over a year ago, the Alabama Supreme Court again affirmed that sheriffs and deputies enjoy absolute immunity to state law money damages claims. Ex parte Davis, 2005

WL 3082778 (Ala. November 18, 2005). In <u>Davis</u>, the Conecuh County Circuit Court refused to grant a Conecuh County deputy's motion to dismiss state law money damages claims. 2005 WL 3082778 at *2. The plaintiff's claims against the deputy included false imprisonment, assault and battery, outrage, wantonness, negligence, trespass, and conversion. <u>Id.</u> at 1. Granting the deputy's petition for a writ of mandamus and instructing the circuit court to grant the motion to dismiss, the Alabama Supreme Court held that "an action against a sheriff – or a deputy sheriff – for damages arising out of the performance of his duties is essentially a suit against the state" and thereby barred under Article I, § 14 of the Alabama Constitution of 1901. <u>Id.</u> at *3 (internal quotations and citations omitted).

In the instant case, the Plaintiff has alleged that Anthony Clark was the Sheriff of Covington County. (Doc. 38 at ¶ 2.) She has alleged that Jerry Edgar was "the Chief Deputy in charge of the jail on the day that Defendant, and Inmate, Oscar Doster escaped." <u>Id.</u> at ¶ 3. Walter Inabinett is alleged to have been a "deputy at the jail on the day that Defendant and Inmate, Oscar Doster escaped." <u>Id.</u> at ¶ 4. It is only in their capacities as sheriff or deputies that these Defendants would have the responsibility to warn of an insecure jail, hire contractors for the jail, and/or train jail employees.

Furthermore, the Plaintiff's Amended Complaint seeks only money damages. In each of her *ad damnum* paragraphs, the Plaintiff asks only for "an ***amount*** which will adequately reflect the purpose of the Alabama Wrongful Death Act and 42 U.S.C. § 1983 . . . plus interest and costs . . . ." (Doc. 38, at pp. 7-21.) (Emphasis added.) There is no demand anywhere in the Amended Complaint for equitable relief, nor would any equitable relief be appropriate under the facts alleged.

The Plaintiff's claims all relate to these Defendants' performance of their duties as sheriff or deputy. The Amended Complaint contains no claims for equitable relief.

Therefore, under clear and mandatory authority, these Defendants are entitled to absolute immunity and judgment in their favor as a matter of law on the Plaintiff's claims.

## CONCLUSION

For the reasons set forth above, Sheriff Anthony Clark, Deputy Jerry Edgar, and Deputy Walter Inabinett request that the Court issue an Order dismissing the Plaintiff's claims against them and awarding them costs in defending this action.

Respectfully submitted, this 20th day of November, 2006.

> **s/Gary L. Willford, Jr.**
> DARYL L. MASTERS – Bar No. MAS018
> GARY L. WILLFORD, JR. – Bar No. WIL198
> SCOTT W. GOSNELL – Bar No. GOS002
> Attorneys for Defendants
> WEBB & ELEY, P.C.
> 7474 Halcyon Pointe Road (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  gwillford@webbeley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 20th day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Will G. Phillips, Esquire
J. David Greene, Esquire
Britt V. Bethea, Esquire
Greene & Phillips
50 N. Florida Street
Mobile, AL  36607

Bert P. Taylor, Esquire
Taylor Ritter, P.C.
P. O. Box 489
Orange Beach, AL  36561

Steven K. Herndon, Esquire
Matthew Y. Beam, Esquire
Gidiere, Hinton, Herndon & Christman
P. O. Box 4190
Montgomery, AL  36103

Alan T. Hargrove, Jr., Esquire
Richard Brett Garrett, Esquire
Rushton, Stakely, Johnston & Garrett
P. O. Box 270
Montgomery, AL  36101-0270

and by sending via U.S. Mail, postage prepaid, to the following:

Oscar Roy Doster, AIS # 177168
P. O. Box 150
Mt. Meigs, AL  36057

James Darren Harnage, AIS # 239251
P. O. Box 150
Mt. Meigs, AL  36057

**s/Gary L. Willford, Jr.**
OF COUNSEL