# EXHIBIT "D"

)                                              )

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

ANGELA E. FOWLER,
AS ADMINISTRATRIX OF THE
ESTATE OF PAUL LEMASTER,
DECEASED, PLAINTIFF,

     V.

SHERIFF ANTHONY CLARK,                          CV NO.  _CV-04-251_
HOLLIS AND SPANN, INC., DICKEY
AND ASSOCIATES, INC., DARDEN
ENGINEERS, INC., AND FICTITIOUS
DEFENDANTS A-Z, THOSE PERSONS
OR ENTITIES WHOSE ACTIONS OR
INACTIONS CONTRIBUTED TO CAUSE
THE DEATH OF PAUL LEMASTER, WHOSE          FILED IN OFFICE
TRUE IDENTITIES ARE NOT KNOWN, BUT WHOSE
NAMES WILL BE SUBSTITUTED INTO                NOV 0 2 2004
THIS LAWSUIT WHEN THEIR TRUE
IDENTITIES ARE ASCERTAINED.                  _Raymond A. Powruon_
                                                        CLERK

## COMPLAINT

Comes now the Plaintiff, Angela E. Fowler as Administratrix of the Estate of Paul Lemaster, deceased, and files this her complaint in the referenced action. Plaintiff pleads as follows:

1. Plaintiff is the duly appointed administratrix of the Estate of the deceased Paul Lemaster.

2. Plaintiff is a resident of Covington County, Alabama and is over the age of nineteen years.

3. Defendant Anthony Clark is believed to be a resident of Covington County, Alabama and is over the age of nineteen years. Defendant Anthony Clark (hereinafter "Clark" or "Sheriff") is the Sheriff of Covington County, Alabama.

4. Defendant Hollis and Spann, Inc., is believed to be a domestic corporation with its principal place of business located in Dothan, Alabama.

5. Defendant Dickey and Associates, Inc. is believed to be a domestic corporation with its principal place of business located in Montgomery, Alabama.

6. Defendant Darden Engineers, Inc. is believed to be a domestic corporation with its principal place of business located in Dadeville, Alabama. Defendants Hollis and Spann, Inc., Dickey and Associates, Inc., and Darden Engineers, Inc., may hereinafter be referred to collectively as the "Corporate Defendants."

7. All acts of negligence or wrongdoing in this case occurred in Covington County, Alabama. Venue is proper therefore in Covington County, Alabama.

## STATEMENT OF THE FACTS

8. On or about November 6, 2002, decedent Paul Lemaster was found dead at his residence, the apparent victim of a homicide. This action is brought pursuant to Alabama Law for the Wrongful Death of Paul Lemaster.

9. Individual inmates at the Covington County Alabma Jail, Oscar Doster, and Bobby O'Lee Phillips, were implicated in the death of Lemaster.

10. Prior to November 6, 2004, Doster, and Phillips were inmates in the Covington County, Alabama Jail, which was administered and overseen by Defendant Sheriff Clark. Doster and Phillips, along with at least two other inmates were allowed to escape from the jail on or about November 3, 2002.

11. Defendants Doster, Phillips, and others were allowed to escape from the jail by the Sheriff and his employees.

12. Prior to the escape of Doster, Phillips and others, numerous instances of escapes had occurred, and such instances were well known to Defendant Sheriff Clark.

13. In the incident made the basis of this complaint, it appeared that Doster, Phillips and others were allowed to escape by entering the ventilation system of the Jail building without being detected. It appears that Doster, Phillips, and their compatriots exited the jail building through its ventilation system, and then, without being detected in any manner, scaled the surrounding fence and perfected their escape.

14. Sheriff Clark and his employees failed to properly keep a lookout for or properly supervise the activities of individual defendants Doster, Phillips, and the other escapees.

15. Furthermore, due to election day concerns, Sheriff Clark and his employees failed to notify the public of the escape and specifically suppressed information of the escape from the public until after the November elections of 2002 in which Sheriff Clark was a candidate. It is specifically alleged that Sheriff Clark suppressed this information from the public in an effort to enhance his standing during the election period of 2002.

FILED IN OFFICE

NOV 0 2 2004

*Roger A Powell*
CLERK

16. The intentional acts, and negligent omissions of Sheriff Clark and his employees specifically caused or contributed to cause the death of Paul Lemaster.

17. Corporate Defendants Hollis and Spann, Inc., Dickey and Associates, Inc., and Darden Engineering, Inc. were each separately and severally responsible for engineering and or construction of the Covington County Jail Building.

18. Defendants Hollis and Spann, Inc., Dickey and Associates, Inc., and Darden Engineers, Inc., negligently or wantonly failed to detect or correct the escape path followed by the individual defendants Doster, Phillips, and the other espapees.

19. Corporate Defendants Hollis and Spann, Inc., Dickey and Associates, Inc., and Darden Engineering, Inc. failed to design, or build a ventilation system for the Covington County Jail Building which was intended to prevent or reduce the possibility of escapes. Further, the Corporate defendants failed to incorporate any adequate surveillance system which would have deterred or prevented the escape which is the basis of this complaint.

20. Corporate Defendants' actions, separately and severally, caused or contributed to cause the death of Paul Lemaster.

21. Corporate Defendants separately and severally failed to design or construct an adequate security system for the Covington County Jail building, and this oversight, negligently or wantonly committed, caused or contributed to cause the death of Paul Lemaster.

<div align="center">COUNT ONE</div>

22. Plaintiff realleges all prior paragraphs of the Complaint as if set out her in full.

23. Defendant Sheriff Clark is the Sheriff of Covington County, Alabama at all times material to this complaint.

24. Defendant Sheriff Clark is responsible for the operation and security of the Covington County Jail.

25. Defendant Sheriff Clark and his employees were responsible for preventing escapes of inmates from the Covington County Jail.

26. In the escape incident made the basis of this complaint, Sheriff Clark specifically suppressed vital information from the citizens of Covington County, Alabama.

27. In spite of having notice of previous escapes from the jail building, Sheriff Clark and his employees failed to take proper precautions or preventative or curative actions which would have reduced or prevented the likelihood of further escapes

FILED IN OFFICE

NOV 0 2 2004

Raymond A Ronceau
CLERK

)                                    )

28. The actions or inactions of Sheriff Clark and his employees as complained of herein were committed negligently or wantonly, and directly and proximately caused or contributed to cause the death of Paul LeMaster.

WHEREFORE, Plaintiff demands such an amount as a jury may award as punitive damages and her costs in this action.

## COUNT TWO

29. Plaintiff realleges all prior paragraphs of the complaint as if set out here in full.

30. Corporate Defendants were responsible for the design or construction of the Covington County Jail Building.

31. Corporate Defendants negligently or wantonly failed to properly design or construct the building and ventilation system of the Covington County, Alabama Jail building in such a manner as to reasonably prevent or curtail escapes.

32. Corporate defendants further failed to act upon the facts of numerous escapes occurring prior to the escapes of Doster, Phillips, and others as complained of in this complaint. Corporate defendants failed to take such action after having notice of the repeated escape incidents as would have reduced or prevented future escapes from the Covington County Jail.

33. The negligent or wanton acts or omissions of the Corporate Defendants to this action directly and proximately caused or contributed to cause the death of Paul Lemaster as complained of herein.

WHEREFORE, premises considered Plaintiff demands such amount as a jury may award as punitive damages and her costs in this action.

## CONT THREE

Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

34. The acts of all defendants hereto combined and concurred to cause or contributed to cause the wrongful death of Paul Lemaster as complained of herein.

35. The acts of all defendants, combining and concurring as aforesaid, were committed negligently or wantonly.

36. The death of Paul LeMaster was the direct and proximate result of the concurrence and combination of the defendants' negligent or wanton acts or omissions.

FILED IN OFFICE

NOV 0 2 2004

Roopal A Poravoola
CLERK

WHEREFORE, premises considered, Plaintiff demands such amount as a jury may award as punitive damages and her costs in this action.

RESPECTFULLY SUBMITTED.

BLAINE C. STEVENS
ATTORNEY FOR PLAINTIFFS
644 BROAD STREET
OZARK, ALABAMA 36360
STE 091

GREG L. DAVIS
ATTORNEY FOR PLAINTIFFS
6984 HALCYON PARK DRIVE
MONTGOMERY, ALABAMA 36117

FILED IN OFFICE
NOV 0 2 2004
CLERK

## JURY DEMAND

Plaintiff hereby requests that all issues in this case be tried before a jury.

Respectfully submitted.

Blaine C. Stevens
Attorney for Plaintiff

FILED IN OFFICE

NOV 0 2 2004

CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | **SUMMONS**<br>**-CIVIL-** | **Case Number**<br><br>CV-04-251 |

**IN THE** ~~CIRCUIT~~ **COURT OF** COVINGTON **COUNTY**

**Plaintiff** ANGELA FOWLER, ADX. **v. Defendant** HOLLIS AND SPANN, INC.

**NOTICE TO** HOLLIS AND SPANN, INC. P.O. BOX ~~( )~~ 1530 dothan AL 36302

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY BLAINE C. STEVENS WHOSE

ADDRESS IS 644 BROAD ST. OZARK AL 36360

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date ___FILED IN OFFICE___    Roger N Powell    By: ds
___NOV 0 2 2004___    Clerk/Register

☒ Certified Mail is hereby requested.    _Brian C S___
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this o

☐ I certify that I personally delivered a copy of the

_____ in ____
Alabama on _____
(Date)

Date _____    Server's Si
Address of Server _____    Type of Pr

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**O F F I C I A L   U S E**

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee<br>(Endorsement Required) | | Postmark<br>Here |
| Restricted Delivery Fee<br>(Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To    Hollis And Spann
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4    CV-04-251

PS Form 3800, June 2002    See Reverse for Instructions

IN THE CIRCUIT COURT FOR COVINGTON COUNTY
STATE OF ALABAMA

| | |
|---|---|
| ANGELA E. FOWLER, ETC., et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. CV-04-251 |
| | ) |
| SHERIFF ANTHONY CLARK, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT HOLLIS & SPANN, INC.

Comes now the defendant Hollis & Spann, Inc. and for answer to the complaint heretofore filed in this cause, and each count thereof, separately and severally, says as follows:

### RESPONSE TO FACTUAL ALLEGATIONS

This defendant admits that it is an Alabama corporation with its principal place of business in Dothan, Alabama. This defendant admits that it was the general contractor for the construction of the Covington County Jail but denies that it is guilty of any act or omission which would give rise to a right of recovery against it by the plaintiff. This defendant further denies that it had a duty to the plaintiff or the plaintiff's decedent with regard to the matters complained of in the complaint, including but not limited to negligently and/or wantonly breaching any duty which proximately caused Mr. LeMaster's death. This defendant pleads the general issue with respect to all other material allegations of the complaint, denies the same and demands strict proof thereof.

FILED IN OFFICE

DEC 1 0 2004

Ray A Ponce
CLERK

)                                    )

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This defendant pleads that the complaint fails to state a cause of action against this defendant upon which relief can be granted.

### SECOND DEFENSE

This defendant pleads the general issue, denies each and every material allegation of the complaint and demands strict proof thereof.

### THIRD DEFENSE

This defendant pleads the statute of limitations.

### FOURTH DEFENSE

As a matter of law, this defendant owed no legal duty of care to third parties such as Mr. LeMaster.

### FIFTH DEFENSE

This defendant owed no legal duty to protect someone from the criminal acts of a third party.

### SIXTH DEFENSE

This defendant pleads that it is not the proximate cause of Mr. LeMaster's death.

### SEVENTH DEFENSE

This defendant pleads that the death of Mr. LeMaster was caused by an efficient intervening or superceding cause which insulates this defendant from liability.

2

FILED IN OFFICE

DEC 1 0 2004

*Reginald A. Promise*
CLERK

## EIGHTH DEFENSE

This defendant pleads that it is entitled to the benefits of and protection of Sections 6-11-20 through 6-11-30, Code of Alabama 1975 as amended.

## NINTH DEFENSE

Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

1.      It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

2.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

3.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

3

**FILED IN OFFICE**

**DEC 1 0 2004**

~~Roger A. Pransome~~
CLERK

4.     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

### TENTH DEFENSE

This defendant pleads that the law of the State of Alabama, by allowing the jury to assess punitive damages without establishing guidelines and/or standards for the exercise of the jury's discretion, allows the jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and, therefore, violates the constitutional principle of separation of powers with respect to the Constitution of the United States of America and the Constitution of the State of Alabama, Article III, Sections 42 and 43.

### ELEVENTH DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the defendant is entitled to the same procedural safeguards afforded in criminal cases.

### TWELFTH DEFENSE

This defendant pleads that it is violative of the rights guaranteed by the Constitution of the State of Alabama to impose punitive damages against this defendant

4

FILED IN OFFICE

DEC 1 0 2004

Roger A. Pomroe
CLERK

which are penal in nature by requiring a burden of proof on the plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### THIRTEENTH DEFENSE

The claims for punitive damages violates Article I, Section 35 of the Alabama Constitution which grants the legislature the power to determine the extent of punishment applicable to a particular wrong or class of wrong.

### FOURTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

### FIFTEENTH DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this cause will be violative of the Eighth Amendment to the Constitution of the United States in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### SIXTEENTH DEFENSE

The process by which Alabama courts allow juries to award punitive damages violates the elementary notions of fairness dictated by United States Constitutional law in that it does not provide the defendants with fair notice of what conduct will subject the defendants to punishment nor the severity of the penalty that the state may impose;

FILED IN OFFICE

DEC 1 0 2004

Roger A. Pannass
CLERK

}                                }

therefore, the defendants are deprived of their property without due process of law in

contravention of the rights secured to these defendants by the Fourteenth Amendment to

the Constitution of the United States of America.

SEVENTEENTH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama

deprives these defendants of their property without due process of law in contravention of

the rights secured to these defendants by the Fourteenth Amendment to the Constitution

of the United States of America in that the procedure does not insure that the punitive

damages awarded are reasonably related to the degree of reprehensibility of the

defendants" conduct.

EIGHTEENTH DEFENSE

The procedure by which the courts of Alabama award punitive damages against

defendants violates the due process rights afforded to these defendants by the Fourteenth

Amendment to the Constitution of the United States of America in that such procedure

allows a significant award of punitive damages when only a modest degree of culpability

may be present.

NINTEENTH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama

violates the due process rights secured to these defendants by the Fourteenth Amendment

to the Constitution of the United States of America in that it does not accord substantial

6

FILED IN OFFICE

DEC 1 0 2004

Roger A Pomme
GLERK

deference to legislative judgments concerning appropriate sanctions for the conduct at issue.

## TWENTIETH DEFENSE

This defendant pleads that the imposition of an award of punitive damages against this defendant based upon the principle of joint and several liability amounts to an excessive fine imposed against this defendant in violation of the rights secured to it by the Eighth Amendment and the Fourteenth Amendment of the Constitution of the United States of America and Article I, Section 15 of the Alabama Constitution

## TWENTY-FIRST DEFENSE

This defendant pleads that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tort-feasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against it in this case as a joint tort-feasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights preserved to this defendant under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and deprive it of its property without due process of law.

## TWENTY-SECOND DEFENSE

This defendant pleads that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tort-feasors in accordance with

7

FILED IN OFFICE

DEC 1 0 2004

Ray A Ponell
CLERK

their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against it in this case as a joint tort-feasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to this defendant under the Eighth Amendment and Fourteenth Amendment of the Constitution of the United States of America in that the same would amount to an excessive fine.

### TWENTY-THIRD DEFENSE

This defendant pleads that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tort-feasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against it in this case as a joint tort-feasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to this defendant under the Fourteenth Amendment to the Constitution of the United States of America in that it would amount to a denial of equal protection of the laws.

### TWENTY-FOURTH DEFENSE

This defendant pleads that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tort-feasors in accordance with respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is

8

FILED IN OFFICE

DEC 1 0 2004

Ranzel A Ponson
CLERK

rendered against it in this case as a joint tort-feasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to this defendant Section 6, Article I of the Constitution of the State of Alabama in that it would deprive it of its property without due process of law.

<div align="center">TWENTY-FIFTH DEFENSE</div>

This defendant pleads that if any award of punitive damages is rendered in this case, that the same should be apportioned among the joint tort-feasors in accordance with their respective degrees of culpability or wrongdoing. This defendant avers that if a verdict is rendered against it in this case as a joint tort-feasor, and judgment entered against it for punitive damages which is not apportioned in accordance with its alleged culpability and/or wrongdoing, then such an award would violate the rights afforded to it in Article I, Section 15 of the Constitution of the State of Alabama in that it would amount to the imposition of an excessive fine.

<div align="center">TWENTY-SIXTH DEFENSE</div>

This defendant pleads that the failure of the law of the State of Alabama to make provision for the imposition of but one assessment of damages against joint tort-feasors, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification against this defendant for acts of negligence, wantonness, or other wrongdoing that this defendant did not commit, in contradiction of the rights afforded it

FILED IN OFFICE

DEC 1 0 2004

_Roger A. Powell_
CLERK

by the Fourteenth Amendment to the Constitution of the United States, and by the

provisions of the Constitution of the State of Alabama, which require that the state afford

all persons equal protection of the law.

## TWENTY-SEVENTH DEFENSE

This defendant pleads that the law of the State of Alabama, by failing to provide

for the apportionment of punitive damages among joint tort-feasors in wrongful death

cases, violates the constitutional rights afforded to this defendant by the Fifth and

Fourteenth Amendments to the Constitution of the United States of America in that the

same amounts to a deprivation of this defendant's property without due process of law.

## TWENTY-EIGHTH DEFENSE

This defendant pleads that the law of the State of Alabama, including but not

limited to the Alabama Wrongful Death Act, by failing to provide for joint contribution

and an apportionment of damages among defendants deprives this defendant of property

without due process of law contrary to the Fifth and Fourteenth Amendments to the

Constitution of the United States of America and Section 6, Article I of the Constitution

of the State of Alabama.

## TWENTY-NINTH DEFENSE

This defendant pleads that the law of the State of Alabama, by failing to provide

for the apportionment of punitive damages among joint tort-feasors in wrongful death

cases, violates the constitutional rights afforded to this defendant by the Fourteenth

10

FILED IN OFFICE

DEC 1 0 2004

Ray A Pam
CLERK

Amendment to the Constitution of the United States of America in that the same is a

violation of the rights of equal protection of the law afforded to this defendant.

### THIRTIETH DEFENSE

This defendant pleads that the laws of the State of Alabama, including but not

limited to the Alabama Wrongful Death Act, by failing to provide for joint contribution

and an apportionment of punitive damages denies to this defendant the equal protection of

the law contrary to the Fourteenth Amendment to the Constitution of the United States,

specifically contrary to that portion of said Fourteenth Amendment proscribing any state

from denying to any person within its jurisdiction the equal protection of the laws, in that

the law of the State of Alabama discriminates against this defendant in favor of other

defendants guilty of negligence, wantonness, fraud, misrepresentation or other

wrongdoing.

### THIRTY-FIRST DEFENSE

This defendant pleads that the law of the State of Alabama, by failing to provide

for the apportionment of punitive damages among joint tort-feasors in wrongful death

cases, violates the constitutional rights afforded to this defendant by the Eighth and

Fourteenth Amendments to the Constitution of the United States of America in that the

same would amount to an excessive fine imposed against this defendant.

11

FILED IN OFFICE

DEC 1 0 2004

*Royce A. Pomeroy*
CLERK

## THIRTY-SECOND DEFENSE

The economic penalties of the State of Alabama inflicted in the form of punitive damages are not adequately supported by the state's interest in protecting its consumers and its economy and, therefore, the process deprives these defendants of property without due process of law in contravention of the rights secured to them by the Fourteenth Amendment to the Constitution of the United States of America.

STEVEN K. HERNDON (HER028)
Attorney for Defendant Hollis & Spann, Inc..

OF COUNSEL:
Gidiere, Hinton & Herndon
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Telephone: (334) 834-9950

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 9th day of December, 2004:

Mr. Blaine C. Stevens
644 Broad Street
Ozark, Alabama 36360

Mr. Greg L. Davis
6984 Halcyon Park Drive
Montgomery, AL 36117

FILED IN OFFICE

DEC 1 0 2004

Dickey & Associates
1160 South Lawrence Street
Montgomery, AL 36104

Darden Engineers, Inc.
P. O. Box 126
Midway, AL 36053

Steven K. Herndon

13

FILED IN OFFICE

DEC 1 0 2004

CLERK

IN THE CIRCUIT COURT FOR COVINGTON COUNTY

STATE OF ALABAMA

| | | |
|---|---|---|
| ANGELA E. FOWLER, ETC., et al., | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO. CV-04-251 |
| SHERIFF ANTHONY CLARK, et al., | ) | |
| Defendants. | ) | |

**HOLLIS & SPANN, INC.'S MOTION FOR SUMMARY JUDGMENT**

Comes now the defendant Hollis & Spann, Inc. ("Hollis & Spann") and moves this Honorable Court to enter, pursuant to Rule 56 and 54(b) of the Alabama Rules of Civil Procedure, a summary judgment in the defendant's favor dismissing this action on each count thereof on the grounds that there is no genuine issue as to any material fact and this defendant is entitled to a judgment as a matter of law. More particularly, summary judgment should be granted for the following reasons:

1. Hollis & Spann, as general contractor, owed no specific duty to the deceased to protect him from injury;

2. Hollis & Spann, as general contractor, owed no duty to protect the deceased from criminal acts of a third party;

3. The plaintiff cannot prove causation;

4. Hollis & Spann, as a general contractor, has no duty to judge the adequacy of the contract plans for the Covington County Prison;

06/17/05 ORDER: All claims against [illegible] are hereby DISMISSED out of this case without opposition.

M. ASHLEY McKATHAN, CIRCUIT JUDGE

FILED IN OFFICE JUN 17 2005 CLERK

FILED IN OFFICE MAY 31 2005 CLERK

5.     The plaintiff's claim is barred by the statute of limitations; and

6.     The plaintiff has failed to comply with this Court's Order compelling the plaintiff to respond to the Hollis & Spann's consolidated discovery requests.

This motion is based on the pleadings in this case; the Affidavit of John Eiland; preliminary testimony of Covington County Sheriff's Department Investigator Walter Inabinett; Defendant Hollis & Spann, Inc.'s Consolidated Discovery Requests to Plaintiff; Hollis & Spann's Motion to Compel and the Court's Order regarding the same; and Defendant Hollis & Spann's Narrative Statement of Undisputed Facts and Brief in Support of Motion for Summary Judgment simultaneously filed herewith.

WHEREFORE, THE PREMISES CONSIDERED, the defendant requests this Honorable Court to set this motion for hearing and after due consideration of the same, to enter summary judgment in favor of the defendant dismissing this action and each count thereof and making said judgment final on the express grounds that there is no just reason for delay in entry of said judgment.

STEVEN K. HERNDON (HER028)
Attorney for Defendant Hollis & Spann, Inc..

OF COUNSEL:
Gidiere, Hinton & Herndon
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Telephone: (334) 834-9950

FILED IN OFFICE

MAY 3 1 2005

2

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this _27th_ of _May_, 2005:

Mr. Blaine C. Stevens
644 Broad Street
Ozark, Alabama 36360

Mr. Greg L. Davis
6984 Halcyon Park Drive
Montgomery, AL 36117

Mr. Alan T. Hargrove, Jr.
Rushton, Stakely, Johnston & Garrett
P. O. Box 270
Montgomery, AL 36101-0270

Mr. N. Gunter Guy
Ball, Ball, Matthews & Novak
P. O. Box 2148
Montgomery, AL 36102

Darden Engineers, Inc.
P. O. Box 126
Midway, AL 36053

Steven K. Herndon

FILED IN OFFICE

MAY 3 1 2005

Roxxx A. Poxxxxx
BLENN

3

IN THE CIRCUIT COURT FOR COVINGTON COUNTY
STATE OF ALABAMA

ANGELA E. FOWLER, ETC., et al.,　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　) CIVIL ACTION NO. CV-04-251
　　　　　　　　　　　　　　　　　　　　)
SHERIFF ANTHONY CLARK, et al.,　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　)

## DEFENDANT HOLLIS & SPANN, INC.'S
## NARRATIVE STATEMENT OF UNDISPUTED FACTS AND
## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The following facts and argument are submitted in support of Defendant Hollis &

Spann, Inc.'s Motion for Summary Judgment.  Defendant Hollis & Spann, Inc. ("Hollis &

Spann") is entitled to summary judgment on the following grounds:

1.　　Hollis & Spann, as general contractor, owed no specific duty to the

deceased to protect him from injury;

2.　　Hollis & Spann, as general contractor, owed no duty to protect the deceased

from criminal acts of a third party;

3.　　The plaintiff cannot prove causation;

4.　　Hollis & Spann, as a general contractor, has no duty to judge the  adequacy

of the contract plans for the Covington County Prison; and

5.　　The plaintiff's claim is barred by the statute of limitations; and

6.　　The plaintiff has failed to comply with this Court's Order compelling the

plaintiff to respond to the Hollis & Spann's consolidated discovery requests.

FILED IN OFFICE

MAY 3 1 2005

1

## NARRATIVE STATEMENT OF UNDISPUTED FACTS

Hollis & Spann served as general contractor during the construction of the

Covington County Jail building from approximately February 13, 1995 until March 27,

1996. Hollis & Spann constructed the jail in accordance with the plans and specifications

provided by Seymour & Lisenby Architects. (Exhibit "A", Affidavit of John Eiland).

During construction, Hollis & Spann constructed and/or subcontracted construction jobs

for the jail building according to the construction plans and designs of the architect

company, which inspected every phase of construction. (Exhibit "A"). On April 1, 1996,

Hollis & Spann was issued a Certificate of Substantial Completion certifying that

construction was substantially complete, in accordance with the contract documents.

(Exhibit "A"; Exhibit "B", Certificate of Substantial Completion). Hollis & Spann

completed all punch list items, and other than a general one-year warranty service, Hollis

& Spann has not performed any work on the jail building since April 1996. (Exhibit

"A"). The Covington County Commission accepted Hollis & Spann's work and assumed

full possession of the jail on April 4, 1996. (Exhibit "A"; Exhibit "B").

Over six years later, on or about November 5, 2002, inmates Oscar Doster

("Doster"), Bobby O'Lee Phillips ("Phillips"), and two other inmates escaped from the

Covington County Jail.[1]   The inmates exited the jail building through a ventilation

system, scaled a surrounding fence, climbed an electric tower, and slid down guy wire

FILED IN OFFICE

MAY 3 1 2005

_____

[1]Although plaintiff's complaint states that the inmates escaped on November 3,
2002, other reliable documentation indicates November 5, 2002 as the actual date of the
inmates' escape.

2

over the outside fence. (Exhibit "C", District Court hearing transcript, pp. 12-13) Doster

and Phillips were implicated for the murder of Paul LeMaster ("LeMaster"), who was

found dead on or about November 6, 2002. (Complaint, paragraphs 8-9).

The plaintiff's complaint alleges negligence and wantonness against defendant

Hollis & Spann in the performance of its duties as general contractor during the

construction of the Covington County Jail building. Specifically, the plaintiff claims that

defendant Hollis & Spann negligently or wantonly failed to properly construct the

building and ventilation system of the Covington County Jail in such a manner as to

reasonably prevent the escape of inmates Doster and Phillips who allegedly murdered

Paul LeMaster. (Complaint, Counts Two - Three.)

### STANDARD OF REVIEW

"The summary judgment procedure is designed to isolate and dispose of factually

unsupported claims or defenses." Celotex Corp vs. Catrett, 477 U.S. 317, 327 (1986). It

should not be regarded as a disfavored procedural shortcut, but should be viewed as an

integral part of the Rules of Civil Procedure as a whole which are designed 'to secure the

just, speedy, and inexpensive determination of every action'". Celotex, 477 U.S. at 323-

324. "The principles of law applicable to a motion for summary judgment are well

settled. To grant such a motion, the trial court must determine that the evidence does not

raise a genuine issue of material fact and that the movant is entitled to a judgment as a

matter of law." Ex Parte Diversey Corp., 742 So.2d 1250 (Ala. 1999). "When the

movant makes a prima facie showing that these two conditions are satisfied, the burden

FILED IN OFFICE

MAY 3 1 2005

*Royd A Pennington*

CLERK

shifts to the non-movant to present substantial evidence creating a genuine issue of material fact." Id. "Evidence is 'substantial' if it is of 'such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the facts sought to be proved.'" Id.

## ARGUMENT

### A. Defendant Hollis & Spann Owed No Specific Duty to the Care of the Deceased to Protect Him from Injury.

As general contractor in the construction of the Covington County Jail building, Hollis & Spann owes no duty to Paul LeMaster. Duty is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff. Keeton, Prosser and Keeton on The Law of Torts, §53 at 356 (5th ed. 1984). "Duty" is reserved for the problem of the relationship between individuals which imposes upon one a legal obligation for the benefit of another, and to deal with particular conduct in terms of a legal standard of what is required to meet the obligation. Id. In negligence cases, the duty is always the same – to conform to the legal standards of reasonable conduct in light of the apparent risk. Id. Whether a duty exists is a question of law and should be determined by the trial court. Tenn Tom Bldg. v. Olen, Nicholas & Copeland P.C., [Ms. 1030967, February 25, 2005] ___ So.2d ___ (2005), Ala. LEXIS 26 (Ala. 2005)(quoting State Farm Fire and Cas. Co. v. Owen, 729 So.2d 834, 837 (Ala. 1998)).

No relationship existed between Mr. LeMaster and Hollis & Spann that would impose a duty to Mr. LeMaster. As the general contractor of the construction in the Covington County Jail, Hollis & Spann, Inc. had a contractual relationship with the

4

Covington County Commission, the owner of the jail. As a result, Hollis & Spann owed

the commission a duty to build the jail according to the specifications and plans, and it

fulfilled its duty to the satisfaction of the county. (Exhibit "B").

Hollis & Spann, as contractor in the construction of the Covington County Jail

building, owed no duty to the care of Paul LeMaster. Hollis & Spann did not voluntarily

assume a duty to protect Mr. LeMaster from injury or any other harm. Furthermore, the

plaintiff has failed to show any other legal duty owed by Hollis & Spann to Mr. LeMaster.

It is simply not reasonable to impose on Hollis & Spann the duty to protect Mr. LeMaster

based upon its independent contractor's obligation to comply with the construction

agreement. Because Hollis & Spann owes no duty to Mr. LeMaster, it is entitled to

summary judgment as a matter of law.

**B.    Defendant Hollis & Spann is Entitled to Summary Judgment Because It Owed No Duty to Protect Paul LeMaster from the Criminal Acts of Doster and Phillips.**

As general contractor, Hollis & Spann owed no duty to protect Mr. LeMaster from

the criminal acts allegedly committed by Doster and Phillips. No special circumstances

or special relationship existed that would impose such a duty on Hollis & Spann. As a

result, Hollis & Spann is entitled to summary judgment as to all of plaintiff's claims.

The Alabama Supreme Court has consistently found that "[i]t is difficult to impose

liability on one person for an intentional criminal act committed by a third person."

Steiger v. Huntsville City Bd. of Educ., 653 So.2d 975, 978 (Ala. 1995); Young v.

Huntsville Hosp., 595 So.2d 1386, 1389 (Ala. 1992)(quoting CIE Service Corp. v. Smith,

FILED IN OFFICE
MAY 3 1 2005
*[signature]*
CLERK

460 So.2d 1244, 1247 (Ala. 1984)).  It is the general rule in Alabama that absent special

relationships or circumstances, a person has no duty to protect another from the criminal

acts of a third person.  Ziva Jewelry, Inc. v. Car Wash Headquarters, Inc., [Ms. 1030941,

September 17, 2004] _____ So.2d _____ (2004), Ala. LEXIS 238 (Ala. 2004).  "Special

circumstances" arise when the defendant "knew or had reason to know of a probability of

conduct by [a third person] that would endanger the plaintiff."  Id.  In order to give rise to

a duty to protect another from criminal acts of third parties, the particular criminal

activity, not just any criminal activity, must be foreseeable.  Id.  See also, Thetford v. City

of Clanton, 605 So.2d 835, 840 (Ala. 1992)(noting that the criminal acts of a third person

is a superceding cause of harm to another even if "the actors' negligent conduct created a

situation which afforded an opportunity to the third person to commit such tort or crime,

unless the actor at the time of his negligent conduct should have realized the likelihood

that such a situation might be created thereby and that a third person might avail himself

to the opportunity to commit such a tort or crime").

   In Alabama Dep't of Corrections v. Thompson, 855 So.2d 1016 (Ala. 2003), an

inmate escaped from a youth center, broke into the plaintiff's home, assaulted her, and

stole her automobile.  The plaintiff sued, among others, the warden and two correctional

officers claiming they negligently or wantonly allowed the inmate to escape from confine-

ment. The Alabama Supreme Court determined that the plaintiff did not establish any

special relationship or any special circumstances that could have imposed a duty on the

defendants to protect her from the criminal acts of the inmate.  Id. at 1025-26.

FILED IN OFFICE

MAY 3 1 2005

CLERK

6

In <u>Carroll v. Shoney's, Inc.</u>, 775 So.2d 753 (Ala. 2000), the Alabama Supreme

Court affirmed summary judgment granted in favor of the defendant on the grounds that a

person has no duty to protect another from the criminal acts of a third person. In <u>Carroll</u>,

the administrator of the deceased filed a wrongful death action against Shoney's after the

decedent was murdered by her husband while working at the restaurant. <u>Id.</u> at 754. The

<u>Carroll</u> Court clarified the required the requirements for imposing a duty upon a person

for the criminal actions of another:

> "Alabama Law requires a plaintiff to show three elements to establish a
> duty that would be the basis for a cause of action . . . First, the particular
> criminal conduct must have been foreseeable. Second, the defendant must
> have possessed "specialized knowledge" of the criminal activity. Third, the
> criminal conduct must have been a probability."

<u>Id.</u> at 756. The Court affirmed summary judgment on the grounds that there was no

evidence showing that the restaurant was told, or should have reasonably foreseen, that

the decedent's husband would enter the restaurant and murder his wife.

Applying these requirements to the cases at bar, no duty can be imposed on Hollis

& Spann for the criminal acts of Doster and Phillips. No special relationship existed

between Hollis & Spann and Mr. LeMaster. The specific criminal activity, the alleged

murder of Mr. LeMaster, was in no way foreseeable to Hollis & Spann. Furthermore,

Hollis & Spann possessed neither any specialized knowledge of the criminal activity of

Doster and Phillips nor did it know that the inmates' alleged murdering of Mr. LeMaster

was a probability. Hollis & Spann finished construction of the facility and turned over site

some six and a half years before the murder of Mr. LeMaster. Hollis & Spann had no

way to know of the existence or identities of either the murderers or the victim, much less

any specialized knowledge of the risks or the criminals involved. Because Hollis &

Spann could not have foreseen the murder of Mr. LeMaster, and it could not have had a

specialized knowledge of the risk of murder, Hollis & Spann is entitled to summary

judgment as to all counts of plaintiff's complaint.

C.    **Defendant Hollis & Spann is Entitled to Summary Judgment on Grounds that there is no Causal Connection between Hollis & Spann's Conduct and the Alleged Criminal Acts of Doster and Phillips.**

Even if this Court determined that Hollis & Spann owed a duty to Mr. LeMaster

and Hollis & Spann was negligent or wanton in discharging its duty, any negligence or

wantonness on the part of Hollis & Spann could not have been the proximate cause of

Doster and Phillips murdering him, if such occurred. It is axiomatic that regardless of a

tortfeasor's culpability, regardless of whether he failed to exercise reasonable care in

carrying out a duty imposed upon him by law, he may not be held liable unless his

wrongful act was the proximate cause of an injury. Baptist Mem'l. Hosp. v. Gosa, 686

So.2d 1147, 1150 (Ala. 1996); Black Belt Wood Co., Inc. v. Sessions, 514 So.2d 1249,

1251-52 (Ala. 1986). "Proximate cause is an act or omission that in the natural and

continuous sequence, unbroken by any new independent causes, produces the injury and

without which the injury would not have occurred." Martin v. Arnold, 643 So.2d 564,

567 (Ala. 1994). Mere proof that injury could have happened in the alleged way does not

warrant the conclusion that it did so occur. Southern Ry. Co. v. Dickinson, 100 So. 665,

669 (Ala. 1924).

FILED IN OFFICE

MAY 3 1 2005

*[signature]*
CLERK

8

In <u>City of Mobile v. Largay</u>, 346 So.2d 393 (Ala. 1977), the Alabama Supreme Court reversed the trial court in denying the defendant's motion for a directed verdict at the close of the evidence at trial. In <u>Largay</u>, the plaintiff was accosted by a third party assailant who dragged her through an open cellar door into a vacant building owned by the City of Mobile and beat and raped her. <u>Id.</u> at 394. The plaintiff sued the City of Mobile. At trial, the City's motion for directed verdict was denied. On appeal, the Supreme Court addressed the issue of whether the assailant's criminal act was an efficient, superceding or independent, intervening act relieving the City of any liability. The Supreme Court noted the following:

> "Negligence alone does not afford a cause of action. Liability will be imposed only when negligence is the proximate cause of injury; injury must be a natural and probable consequence of the negligent act or omission which an ordinary prudent person ought reasonably to foresee would result in injury. If, between the alleged negligent act or omission and the injury, there occurs an independent, intervening, unforeseeable event, the causal connection between the alleged negligence and the injury is broken. <u>Id.</u> at 395 (quoting <u>Vines v. Plantation Motor Lodge</u>, 336 So.2d 1338, 1339 (Ala. 1976)).

The Court further noted that foreseeability is the key in proximate cause and that "a person, who by some act or omission sets in motion a series of events, is not reasonable for consequence of intervention of another agency, unless at the time of his original act or omission, the act of the intervening agency could reasonably have been foreseen." <u>Id.</u> The Court concluded as matter of law that the use of the unlocked building for the perpetration of rape was not a reasonably foreseeable consequence of the City's failure to maintain the building.

FILED IN OFFICE

MAY 3 1 2005

*Roy S. A. Person*
CLERK

There is simply no basis in fact or in law to indicate that any action or inaction by Hollis & Spann was the proximate cause of Mr. LeMaster's unfortunate death. During the construction of the Covington County Jail, Hollis & Spann constructed the building according to the construction plans and designs of the architect. Furthermore, the criminal acts of Doster and Phillips allegedly murdering Mr. LeMaster would create an independent, intervening, and unforeseeable event breaking the casual chain between any alleged negligence on the part of Hollis & Spann and the wrongful death of Mr. LeMaster claimed in this case.

Obviously, Hollis & Spann could not have predicted that Doster and Phillips would break through a door into a ventilation room, exit the building through the ventilation system, cross a razor wire fence, climb a communications tower (installed long after the project was accepted), slide down the guy wire over the outside fence, go to the specific trailer park where Mr. LeMaster lived, break into a trailer, steal weapons from the trailer, go to Mr. LeMaster's trailer, and shoot and kill Mr. LeMaster. The murderous acts of Doster and Phillips was an efficient intervening cause breaking the casual chain between Hollis & Spann's alleged negligent or wanton conduct and Mr. LeMaster's death. It is the plaintiff's burden to demonstrate that there is a causal relation between Hollis & Spann's alleged negligent or wanton conduct and Mr. LeMaster's death. There has been a complete failure of proof on the issue of causation, and Hollis & Spann is entitled to a judgment as a matter of law.

FILED IN OFFICE

MAY 3 1 2005

*Royd A Power*
CLERK

10

**D.      Defendant Hollis & Spann is Entitled to Summary Judgment Because It Has No Duty to Judge the Adequacy of the Construction Contract Plans.**

As the general contractor in the construction of the Covington County Jail, Hollis & Spann owes no duty to third parties such as Mr. LeMaster to judge the plans, specifications, or instructions which it had merely contracted to follow. The plans and specifications provided to Hollis & Spann were not so obviously dangerous and defective to impose such a duty on this defendant. Consequently, Hollis & Spann is entitled to summary judgment as to all of the plaintiff's claims.

The Alabama Supreme Court has directly addressed whether a contractor is immune from liability to third persons after the owner accepts the contractor's work. In McFadden v. Ten-T Corp., 529 So.2d 192 (Ala. 1988), the state hired a contractor to resurface and widen a portion of the state highway. The state furnished the plans and specifications for the project, which, by contract, the contractor was required to follow. Id. at 192. The state inspected every phase of construction and accepted the contractor's work. Id. Approximately seven months after completion of construction, the plaintiff had an automobile accident on this portion of the highway and sued the contractor for negligence. Id. The trial court granted summary judgment to the contractor, and then plaintiff appealed.

In analyzing the duty question, the Supreme Court noted that it had never directly addressed whether a contractor is immune from liability merely because the owner has accepted the contractor's work. Id. After discussing the decisions of the Fifth Circuit Court and other states that directly addressed the question, the Alabama Supreme Court

11

agreed with the reasoning of the Illinois Supreme Court that a contractor "owes no duty to third persons to judge the plans, specifications, or instructions which he has merely contracted to follow. . . unless they are so obviously dangerous that no competent contractor would follow them." Id. at 200.

The plaintiff has shown no basis in fact or in law to indicate that Hollis & Spann owed a duty to Mr. LeMaster. Hollis & Spann followed the specifications and plans provided to it, which, by contract, it was obligated to follow. The work performed by Hollis & Spann was accepted by the county. There is no evidence that the specifications were so obviously dangerous that no competent contractor would follow them. Consequently, summary judgment should be granted to Hollis & Spann on all of the plaintiff's claims against this defendant.

**E.      Plaintiff's Claim is Barred by the Statute of Limitations.**

Pursuant to Code of Alabama 1975, §6-5-221, the plaintiff's claim is barred by the statute of limitations. Section 6-5-221(a) limits all civil actions against builders seeking recovery for damages resulting from a defect or deficiency in the design, planning, or specifications of the construction projects to "two years next after a cause of action accrues or arises." According to §6-5-220(e), where the damage or injury either is latent or by its nature is not discoverable in the exercise of reasonable diligence at the time of its occurrence, "the claim for relief shall be deemed to arise or accrue at the time the damage or injury is or in the exercise of reasonable diligence should have been first discovered, whichever is earlier." The final review for the construction of the Covington County Jail

FILED IN OFFICE

MAY 3 1 2005

Roger A Powers
CLERK

occurred on March 27,1996. (Exhibit "B"). In this final inspection, the work performed

under the construction contract for the jail was found to be substantially complete.

The plaintiff claims that defendant Hollis & Spann negligently or wantonly failed

to properly construct the building and ventilation systems of the Covington County Jail in

such a manner as to reasonably prevent the escape of Doster and Phillips who later

murdered Mr. LeMaster. (Complaint, paragraph 31). By inference of the plaintiff's

claims, the improper construction of the jail building and ventilation system should have

been discovered, at the very latest, during the final inspection and review of the

Covington County Jail on March 27, 1996. The plaintiff's claims for construction

deficiencies should have been commenced by approximately March 27, 1998. Instead,

the plaintiff filed this complaint over six and a half years later on November 2, 2004. The

statute of limitations bars the plaintiff's complaint and, as a result, Hollis & Spann is

entitled to a judgment as a matter of law.

**F.    The Plaintiff's Claims Should Be Dismissed for Failing to Comply with the Court's Order Compelling Discovery.**

Hollis & Spann served its consolidated discovery requests to plaintiff on

December 9, 2004, and the response to this discovery was due from plaintiff on January

10, 2005. After forwarding letters dated January 17, 2005, January 28, 2005, and

February 8, 2005, requesting that plaintiff provide the response to our discovery, Hollis &

Spann moved the Court to compel the plaintiff to respond to the discovery requests on

February 16, 2005. On March 8, 2005, the date the motion to compel was set for hearing,

this Honorable Court granted the same. On March 22, 2004, the order granting our

FILED IN OFFICE

MAY 3 1 2005

13

motion was entered and the plaintiff was given twenty (20) days within which to respond to the discovery requests. Plaintiff was ordered by this Honorable Court to respond to the requests by April 11, 2005. The plaintiff has ignored this Order and defendant's follow up request for compliance with same. Pursuant to Rule 37(b) of the Alabama Rules of Civil Procedure, this Court should dismiss the plaintiff's claims against Hollis & Spann for the plaintiff's failure to honor and comply with this Court's discovery order.

The trial court is vested with broad and considerable discretion in controlling the discovery process and in making rulings on all matters pertaining to discovery, including the authority to make such rulings as are necessary to protect the integrity of the discovery process. Iverson v. Xpert Tune, Inc., 553 So. 2d 82, 87 (Ala. 1989). Furthermore, deeply rooted in the common law is the court's power to manage its affairs in order to achieve the orderly and expeditious disposition of cases, including the authority to impose reasonable and appropriate sanctions for failure to comply with discovery. Id. "The sanction of dismissal, where properly employed, is justified on the theory that the party's refusal to reveal material evidence tacitly admits his claim or defense is without merit." Id. at 89 (quoting Puritan Ins. Co. v. Superior Court, 217 Cal. Rptr. 602, 607, 171 Cal. App. 3d 877 (Dist. Ct. App. 1985). In addition, "[i]f one party has acted with willful and deliberate disregard of reasonable and necessary requests for the efficient administration of justice, the application of even so stringent a sanction as dismissal is fully justified and should not be disturbed." Id. at 88.

FILED IN OFFICE

MAY 3 1 2005

CLERK

14

The plaintiff has made no effort to prosecute this case. The plaintiff has not complied with this Court's discovery orders, and the plaintiff has not offered an explanation for her failure to comply. Consequently, Hollis & Spann is entitled to a judgment as a matter of law.

## CONCLUSION

Based on the foregoing, defendant Hollis & Spann respectfully requests that this Honorable Court enter summary judgment in favor of defendant Hollis & Spann dismissing all of the plaintiff's claims with prejudice.

STEVEN K. HERNDON (HER028)
Attorney for Defendant Hollis & Spann, Inc.

OF COUNSEL:
Gidiere, Hinton & Herndon
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Telephone: (334) 834-9950

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 27th day _May_, 2005:

Mr. Blaine C. Stevens
644 Broad Street
Ozark, Alabama 36360

Mr. Greg L. Davis
6984 Halcyon Park Drive
Montgomery, AL 36117

FILED IN OFFICE
MAY 3 1 2005

CLERK

15

Mr. Alan T. Hargrove, Jr.
Rushton, Stakely, Johnston & Garrett
P. O. Box 270
Montgomery, AL 36101-0270

Mr. N. Gunter Guy
Ball, Ball, Matthews & Novak
P. O. Box 2148
Montgomery, AL 36102

Darden Engineers, Inc.
P. O. Box 126
Midway, AL 36053

Steven K. Herndon

FILED IN OFFICE
MAY 3 1 2005

CLERK

16

# EXHIBIT A

FILED IN OFFICE

MAY 3 1 2005

CLERK

IN THE CIRCUIT COURT FOR COVINGTON COUNTY

STATE OF ALABAMA

| | |
|---|---|
| ANGELA E. FOWLER, ETC., et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. CV-04-251 |
| | ) |
| SHERIFF ANTHONY CLARK, et al., | ) |
| | ) |
| Defendants. | ) |

<u>AFFIDAVIT OF JOHN W. EILAND</u>

Before me, the undersigned authority, personally appeared John W. Eiland, to me

known, and first being duly sworn on oath, deposed and said:

My name is John W. Eiland and I am Project Manager of Hollis & Spann, Inc. I am a resident of the State of Alabama, and I am over nineteen years of age. I have personal knowledge of the following matters set forth in this affidavit and understand that this affidavit is to be used in support of a Motion for Summary Judgment on behalf of Hollis & Spann, Inc. that is being filed in this case:

1.     I have personal knowledge regarding the construction project for a new jail for Covington County, Andalusia, Alabama.

2.     Hollis & Spann, Inc. is an Alabama corporation located in Dothan, Alabama, and its principal place of business is located in Dothan, Alabama.

3.     Hollis & Spann, Inc. is licensed as a general contractor in the State of Alabama. Hollis & Spann, Inc. is a general contracting company for construction projects including court buildings, churches, broadcast stations, planned communities, recreational and resort projects, and correctional facilities.

**FILED IN OFFICE**

**MAY 3 1 2005**

*[signature]*
CLERK

4.      I served as Project Manager for Hollis & Spann, Inc. regarding the construction of the Covington County Jail. On or around February 12, 1995, the Covington County Commission contracted with Hollis & Spann, Inc. to construct the jail in accordance with plans and specifications provided by Seymour & Lisenby Architects. During the construction of the Covington County Jail, Hollis & Spann, Inc. constructed the building and/or subcontracted portions of the construction, all of which was completed according to the construction plans and designs of the architect. Seymour & Lisenby Architects inspected every phase of construction.

5.      On April 1, 1996, Lynn E. Seymour, a representative of Seymour & Lisenby Architects, issued to Hollis & Spann, Inc. a Certificate of Substantial Completion certifying that construction was sufficiently complete, in accordance with the contract documents so the owner could use the facility for its intended purposes. All punch list items were promptly completed, and Hollis & Spann has not performed any work on the Covington County Jail since April, 1996, other than general one year warranty service.

6.      To the best of my knowledge, the Covington County Commission accepted the work as substantially complete and assumed full possession of the Covington County Jail on April 4, 1996.

_____
JOHN W. EILAND
Project Manager
Hollis & Spann, Inc.

SWORN TO AND SUBSCRIBED BEFORE ME this the 10ᵗʰ day of
March        , 2005.

_____
NOTARY PUBLIC  Teri S. Williams
My Commission Expires  09/19/06

_____
STEVEN K. HERNDON (HER028)
Attorney for Defendant Hollis & Spann, Inc.

FILED IN OFFICE
MAY 3 1 2005
CLERK

OF COUNSEL:
Gidiere, Hinton & Herndon
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Telephone: (334) 834-9950

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 27th day of March, 2005:

Mr. Blaine C. Stevens
644 Broad Street
Ozark, Alabama 36360

Mr. Greg L. Davis
6984 Halcyon Park Drive
Montgomery, AL 36117

Mr. Alan T. Hargrove, Jr.
Rushton, Stakely, Johnston & Garrett
P. O. Box 270
Montgomery, AL 36101-0270

Mr. N. Gunter Guy
Ball, Ball, Matthews & Novak
P. O. Box 2148
Montgomery, AL 36102

Darden Engineers, Inc.
P. O. Box 126
Midway, AL 36053

FILED IN OFFICE

MAY 3 1 2005

Steven K. Herndon

# EXHIBIT B

FILED IN OFFICE

MAY 3 1 2005

_Roger A. Powers_
CLERK

# CERTIFICATE OF SUBSTANTIAL COMPLETION

AIA DOCUMENT G704

OWNER ☐
ARCHITECT ☐
CONTRACTOR ☐
FIELD ☐
OTHER ☐

PROJECT:    Covington County Jail
(name, address)    Andalusia, Alabama

ARCHITECT:    Seymour & Lisenby Architects

ARCHITECT'S PROJECT NUMBER: 9305

TO (Owner):

Covington County Commission
P. O. Box 188
Andalusia, Alabama   36420

CONTRACTOR:    Hollis & Spann, Inc.

CONTRACT FOR: General construction

CONTRACT DATE:  2/13/95

DATE OF ISSUANCE:    April 1, 1995

PROJECT OR DESIGNATED PORTION SHALL INCLUDE:    Jail Building

The Work performed under this Contract has been reviewed and found to be substantially complete. The Date of Substantial Completion of the Project or portion thereof designated above is hereby established as   March 27, 1996

which is also the date of commencement of applicable warranties required by the Contract Documents, except as stated below.

## DEFINITION OF DATE OF SUBSTANTIAL COMPLETION

The Date of Substantial Completion of the Work or designated portion thereof is the Date certified by the Architect when construction is sufficiently complete, in accordance with the Contract Documents, so the Owner can occupy or utilize the Work or designated portion thereof for the use for which it is intended, as expressed in the Contract Documents.

A list of items to be completed or corrected, prepared by the Contractor and verified and amended by the Architect, is attached hereto. The failure to include any items on such list does not alter the responsibility of the Contractor to complete all Work in accordance with the Contract Documents. The date of commencement of warranties for items on the attached list will be the date of final payment unless otherwise agreed to in writing.

Seymour & Lisenby Architects
ARCHITECT                    BY                              DATE  4/1/96

The Contractor will complete or correct the Work on the list of items attached hereto within        seven (7)        days
from the above Date of Substantial Completion.

Hollis & Spann, Inc.
CONTRACTOR                   BY                              DATE  4/2/96

The Owner accepts the Work or designated portion thereof as substantially complete and will assume full possession thereof
at   12:01 AM                    (time) on   April 4, 1996                                    (date).

Covington County Commission
OWNER                        BY                              DATE

The responsibilities of the Owner and the Contractor for security, maintenance, heat, utilities, damage to the Work and insurance shall be as follows:
(Note—Owner's and Contractor's legal and insurance counsel should determine and review insurance requirements and coverage; Contractor shall secure consent of surety company, if any.)

ne Owner assumes responsibility for the above.

FILED IN OFFICE

MAY 3 1 2005

CLERK

AIA DOCUMENT G704  •  CERTIFICATE OF SUBSTANTIAL COMPLETION  •  APRIL 1978 EDITION  •  AIA®
© 1978 • THE AMERICAN INSTITUTE OF ARCHITECTS 1735 NEW YORK AVE. N.W. WASHINGTON D.C. 20006

G704 — 1978

# EXHIBIT C

FILED IN OFFICE

MAY 3 1 2005

*Reynold A. Pomson*
CLERK

```
1    IN THE DISTRICT COURT OF COVINGTON COUNTY, ALABAMA

2    STATE OF ALABAMA,           )   CASE NOS:
                                      DC-03-137   DC-03-138
3         PLAINTIFF,             )    DC-03-139   DC-03-140
                                      DC-03-141   DC-03-142
4    VS.                         )    DC-03-143   DC-03-144
                                      DC-03-145   DC-03-146
5    OSCAR ROY DOSTER,           )    DC-03-147   DC-03-148
                                      DC-03-149   DC-03-150
6         DEFENDANT.             )    DC-03-151   DC-03-152
                                      DC-03-153   DC-03-154
7                                )    DC-03-155   DC-03-156
                                      DC-03-157   DC-03-158
8                                )    DC-03-159   DC-03-160
                                      DC-03-161   DC-03-162
9                                )

10   * * * * * * * * * * * * * * * * * * * * * * * *

11   STATE OF ALABAMA,           )   CASE NOS:
                                      DC-03-265   DC-03-266
12        PLAINTIFF,             )    DC-03-267   DC-03-268
                                      DC-03-269   DC-03-270
13   VS.                         )    DC-03-271   DC-03-272
                                      DC-03-273   DC-03-274
14   BOBBY O. LEE PHILLIPS       )    DC-03-275   DC-03-276
                                      DC-03-277   DC-03-278
15                               )    DC-03-279   DC-03-280
                                      DC-03-281   DC-03-282
16                               )    DC-03-283   DC-03-284
                                      DC-03-285   DC-03-286
17                               )    DC-03-287   DC-03-288
                                      DC-03-289   DC-03-290
18

19   * * * * * * * * * * * * * * * * * * * * * * * *

20                 PRELIMINARY HEARING

21        THIS CAUSE COMING ON TO BE HEARD BEFORE

22   HONORABLE FRANK McGUIRE, DISTRICT JUDGE, 22ND

23   JUDICIAL CIRCUIT, COVINGTON COUNTY, ANDALUSIA,

24   ALABAMA, FEBRUARY 5TH AND 6TH, 2003. FILED IN OFFICE

25   * * * * * * * * * * * * * * * * * * MAY 3 1 2005 * *
```

FILED IN OFFICE
MAY 3 1 2005

Roger A. P_____
CLERK

1    your motion for extraordinary expense for

2    copying reasons.

3         MR. SMITH:  Thank you, Your Honor.

4         THE COURT:  Now, last night I went ahead

5    and did orders on the Motion to Quash and on

6    the Ex Parte Application for Funds.  And

7    basically, I did punt.  I think Alabama law

8    requires that.  But let me go ahead and

9    distribute a copy of my order.  I made a copy

10   for each defendant.  Let me give you this

11   other one, Al.

12        MR. GAMBRIL:  Thank you, Your Honor.

13        THE COURT:  David, here's one other on

14   the Ex Parte Application for Funds.

15        And clearly, you're entitled to a

16   hearing on the Ex parte Application for

17   Funds, but I think Alabama law is pretty

18   clear that that's going to be the circuit

19   court that makes that determination.

20        MR. SMITH:  I have no objection.

21        THE COURT:  Okay.  Who is the State's

22   first witness?

23        MR. GAMBRIL:  Walter Inabinett.

24        THE COURT:  Okay.

25        MR. GAMBRIL:  Judge, before I begin

1    questioning Investigator Inabinett, just for

2    your convenience, when I reach a certain one

3    of the crimes, at the beginning I'll point

4    out to you the warrant number and the DC

5    number so you can try to kind of keep up

6    because, obviously, there is a lot here.

7        THE COURT:  All right.  Thank you.

8

9            WALTER INABINETT

10        having first been duly sworn, was

11        examined and testified as follows:

12            DIRECT EXAMINATION

13  BY MR. GAMBRIL:

14  Q    State your name for the record please?

15  A    My name is Walter Inabinett.

16  Q    And Mr. Inabinett, what do you do for a

17  living?

18  A    I'm and investigator with the Covington

19  County Sheriff's Department.

20  Q    And what is your current rank with the --

21  A    Lieutenant.

22  Q    And how long have you been in law

23  enforcement?

24  A    Since '87.

25  Q    Now, are you familiar with a man named Oscar

1  Roy Doster?

2  A    I am.

3  Q    Is he in the courtroom today?

4  A    He is.

5  Q    And would you point him out for the Judge

6  please?

7  A    Next door to Mr -- next to Mr. Smith.

8        MR. GAMBRIL:  Would you let the record

9        reflect that he's indicated the defendant

10       Oscar Roy Doster in this matter.

11  Q    And are you familiar with Bobby O. Lee

12  Phillips?

13  A    I am.

14  Q    Is he in the courtroom?

15  A    He is.

16  Q    Would you point him out for the Judge as

17  well?

18  A    Next to Mr. Baker.

19       MR. GAMBRIL:  Let the record reflect

20       he's indicated the Defendant Bobby O.

21       Phillips.

22  Q    Now, was Oscar Roy Doster an inmate at the

23  Covington County Jail on November 4, 2002?

24  A    Yes, sir.

25  Q    And what about Mr. Phillips?

1    A    He was.

2              MR. GAMBRIL:  Judge, for your reference,

3         we'll be talking about the escape charges

4         which are Warrant Numbers 03-1-51,

5         DC-2003-284 regarding Mr. Phillips.  And

6         Warrant Number 052 and DC No. 2003-137

7         regarding Mr. Doster.

8              THE COURT:  Thank you.

9    BY MR. GAMBRIL:

10   Q    Now, why -- why was Mr. Doster incarcerated

11   in the Covington County Jail?

12   A    Mr. Doster was in on sex offense crimes.

13   VOP, violation of probation.

14   Q    Was this -- This was a felony conviction?

15   A    It was.

16   Q    Now, being convicted of a felony, was he

17   technically an inmate of the county or of the

18   Department of Corrections?

19   A    He was technically an inmate of the

20   Department of Corrections.

21   Q    But he was being housed in the Covington

22   County Jail at that point?

23   A    He was.

24   Q    What about Mr. Phillips, why was he

25   incarcerated in the county jail?

1    A    He was also incarcerated on burglary and

2    theft charges, and he was currently a state inmate

3    also.

4    Q    So he was serving time on a felony conviction

5    as well?

6    A    Sir?

7    Q    He was serving time on a felony conviction as

8    well?

9    A    Yes, sir, he was.

10   Q    And, like Mr. Doster, he was technically an

11   inmate in the custody of the Department of

12   Corrections housed in the Covington County Jail?

13   A    He was.

14   Q    For -- just for the record purpose and for

15   technical matters, where is the Covington County

16   Jail located?

17   A    It's off Hillcrest Drive, Andalusia, Alabama.

18   Q    So it's within the confines of Covington

19   County?

20   A    It is.

21   Q    Now, what happened regarding these defendants

22   on November the 4th, 2002?

23   A    On November 4th, 2002 it was discovered that

24   an escape had taken place at the Covington County

25   Jail.

1  Q    How was this discovered?

2  A    This was discovered at approximately 7:40 a.m

3  during the morning upon looking for Mr. Meeks,

4  another inmate, discovered that he was gone, and

5  upon searching cells in the compound it was

6  noticed that Mr. Phillips and Mr. Doster also was

7  gone along with Barbaree.

8  Q    Now who discovered this?

9  A    First discovered by Tony Wilkerson.

10  Q    I take it he's the jailer or was a jailer?

11  A    He is a jailer, yes, sir.

12  Q    Now, the -- so we have four inmates that were

13  discovered missing that morning?

14  A    Yes, sir.

15  Q    Was it determined -- or first of all, did you

16  go over and assist in the investigation of how

17  these guys may have gotten out of jail?

18  A    I did.

19  Q    And based on your examination of the scene

20  out there, did y'all determine how they got out of

21  jail?

22  A    From the investigation, it appears they

23  exited through a ventilation door through a

24  ventilation louver system and then outside the

25  jail crossed a razor wire fence.  After crossing

18

1        which correspondingly are DC numbers 2003-289

2        and 290.

3                Regarding Mr. Doster they are Warrant

4        Numbers 120 and 121.  And corresponding Grand

5        Jury Numbers 2003-138 and 139.

6                MR. SMITH:  You mean District Court

7        numbers?

8                MR. GAMBRIL:  Excuse me.  What did I

9        say, grand jury number?

10               MR. SMITH:  Yes.

11               MR. GAMBRIL:  District Court numbers.

12       Thank you, Mr. Smith.

13   BY MR. GAMBRIL:

14   Q    What -- first of all, how were you notified

15   of this break in at Mr. Petty's or at least how

16   was your department notified?

17   A    Gantt Police Officer Kevin Owens, Chief

18   Owens, notified -- I understand is how it came

19   out.

20   Q    How was he notified?

21   A    Mr. Petty had came home and found his trailer

22   had been broken into.

23               MR. GAMBRIL:  Just one moment, Judge.

24       I'm sorry.

25                   (Brief Pause in proceedings.)

1           MR. GAMBRIL: Sorry, Judge.

2    BY MR. GAMBRIL:

3    Q    Now, so you said that Gantt Police Chief

4    Kevin Owens responded to the scene as well as

5    investigators with the Covington County Sheriff's

6    Department.

7    A    Yes, sir.

8    Q    Now, what did Mr. Petty report as having been

9    taken from his trailer?  First of all -- first of

10   all -- I'm sorry.  Let me back up just a step.

11   Where does Mr. Petty's trailer -- where is it

12   located?

13   A    Okay.  Mr. Petty's trailer is located behind

14   Green's Pit Barbecue which is off 29 North in the

15   Gantt, Alabama area.  Behind -- Directly behind

16   Green's Pit Barbecue there's a trailer park named

17   Whispering Pines Trailer Park?

18          MR. SMITH: I'm sorry. I didn't hear it.

19   A    29 North, Green's Pit Barbecue in Gantt,

20   Alabama, there's a road that turns left next door

21   to Green's Pit Barbecue that travels down a short

22   distance to what they call Whispering Pines

23   Trailer Park.

24   Q    For the record, that's in Covington County?

25   A    It is in Covington County.

1   Q    I don't think I mentioned this earlier.  I

2   apologize.  The VFW, that's in Covington County as

3   well?

4   A    It is in Covington County.

5   Q    What did Mr. Petty report to your department

6   as having been taken from his trailer?

7   A    According to the report it was weapons, a

8   total of four weapons, clothes, items such as.

9   Q    Now, when Investigator Connor and Chief Owens

10  responded to that scene, what did they discover

11  upon investigating that?

12  A    At the scene, Mr. Petty -- they determined

13  there had been a burglary.  At that time, they

14  noticed items were missing such as weapons,

15  clothing, so as.  They automatically retreated and

16  waited for a tracking dog.

17  Q    All right.  So what happened next?

18  A    Waiting for the tracking dog, Mr. Petty made

19  the statements in reference to his neighbor who is

20  Paul LeMaster, stated that Mr. LeMaster's lights

21  were on in his trailer and that's not normal for

22  the lights to be on in the trailer with his truck

23  not being there.

24       At that time, several officers got together,

25  went to Mr. LeMaster's trailer and in discover --

1  discovered the body of Paul LeMaster.

2  Q    Where was it located?

3  A    Just inside the front door.  Looking at the

4  front of the trailer, mobile camper trailer you'll

5  have what they call a back door and a front door.

6  It was just inside the front door.

7           MR. GAMBRIL:  Judge, for your reference,

8       we'll now be covering regarding Mr. Doster

9       Warrant Numbers 122, 123, 124, 125 and

10      03-2-26,27,28 --

11           THE COURT:  What are these you're

12      reading out now?  I'm sorry.

13           MR. GAMBRIL:  These are additional

14      warrant numbers.  We just got a different --

15           THE COURT:  Okay.  We got 122 through

16      125.  And what was after that?

17           MR. GAMBRIL:  The other ones are

18      03-2-26, 27, 28 and 29.

19           THE COURT:  Okay.

20           MR. GAMBRIL:  Those are going to be

21      District Court case numbered 2003-140, 141,

22      142, 143, 159, 160, 161 and 162.  And those

23      are all in reference to Mr. Doster.

24           Regarding Mr. Phillips, these are

25      Warrant Numbers 114, 115, 116, 117, 03-2-22,

```
 1            23, 24 and 25 which correspond with District

 2        Court Numbers DC-2003-285, 286, 287, 288,

 3        280, 281, 282, 283.

 4            THE COURT:  Thank you.

 5   Q    If you could, Investigator Inabinett, now you

 6   went out there, correct, at one point?

 7   A    Yes, sir, I did.

 8   Q    If you could describe for the Court how --

 9   what this area looks like where these trailers

10   were located?

11   A    Okay.  My opinion when you come in the

12   driveway of Whispering Pines Trailer Park, RV

13   park, as you come in, turn right into the lane,

14   the first place will be Paul LeMaster's camper

15   trailer which would be not exactly with the

16   roadway, parallel with the driveway, but kindly

17   cut it back -- cut back a little angle back.

18        And then as that trailer sits here you go on

19   down the road, and the road will come up to Jason

20   Petty's trailer which sits on the west end of the

21   RV park.

22   Q    About how far apart are they?

23   A    I'm going to estimate 125 to 130 feet.

24   Q    Now, these two trailers, are they the only

25   trailers at this time that were in that little
```

1  clearing?

2  A    Yes, sir.

3  Q    We've referred to Jason Petty.  We have

4  referred to some officers that went out to the

5  scene.  Based on your investigation, the

6  information that they have given has proven to be

7  credible?

8  A    Yes, sir.

9  Q    And they would all be available to testify at

10  trial?

11  A    Yes, sir.

12  Q    Now, in going back and talking some more

13  about Mr. LeMaster, when you got out there what is

14  it that you observed?

15  A    When I got to the scene the scene was already

16  taped off.  Upon viewing the crime scene of

17  Mr. LeMaster's camper trailer I noticed that

18  the -- there was a bullet hole in the screen door

19  of the trailer.  Mr. LeMaster was on the floor

20  just inside the door in a pool of blood.

21  Q    The screen door, was it open or closed?

22  A    The screen door at that time was open.

23  Q    Now, the physical examination of Mr. LeMaster

24  at the scene, was it -- did it appear to be

25  obvious what the cause of death was to y'all?

```
 1   A      It did appear to be a gunshot wound.

 2   Q      Now, have you since then had the opportunity

 3   to review an autopsy report from the Department of

 4   Forensic Sciences, a preliminary autopsy report?

 5   A      I've had a autopsy report.  I have not

 6   reviewed it completely.

 7   Q      Have you reviewed it enough to see what their

 8   opinion of what the cause of death was?

 9   A      There was a gunshot wound to the left arm, to

10   the torsol (sic) part of the body.

11   Q      Now, when the -- Mr. LeMaster's trailer was

12   physically examined, was -- were any other

13   apparent bullet holes found in the residence?

14   A      I'm sorry.

15   Q      Were any other apparent bullet holes found in

16   the residence?

17   A      Yes, sir, there was an exit wound -- exit

18   hole found in the back wall of the trailer.

19   Q      The screen door that you mentioned that was

20   open when you got there, was it open when -- to

21   your knowledge was it open when the officers went

22   to that residence?

23   A      On investigation it was not open.

24   Q      So it was closed when they got to the

25   residence --
```

```
 1                    REPORTER'S CERTIFICATE

 2    STATE OF ALABAMA

 3    COVINGTON COUNTY

 4          I, KATHRYN W. SHARPE, OFFICIAL COURT

 5    REPORTER, 22ND JUDICIAL CIRCUIT, COVINGTON

 6    COUNTY, ANDALUSIA, ALABAMA, HEREBY CERTIFY

 7    THAT THE FOREGOING PAGES 7 THROUGH 12 AND

 8    18 THROUGH 24 REPRESENT TRUE AND CORRECT

 9    COPIES OF PAGES TAKEN FROM THE TRANSCRIPT

10    OF THE PRELIMINARY HEARINGS TAKEN DOWN BY

11    ME STENOGRAPHICALLY FEBRUARY 5, 2003 AND

12    REDUCED TO WRITING IN CASE NUMBERS CC-03-156,

13    STATE OF ALABAMA VS. OSCAR ROY DOSTER, AND

14    CC-03-155, STATE OF ALABAMA VS. BOBBY O. LEE

15    PHILLIPS.

16          THIS 23RD DAY OF MAY, 2005.

17

18

19                         _____
20                         KATHRYN W. SHARPE, CSR
                           OFFICIAL COURT REPORTER
21                         22ND JUDICIAL CIRCUIT

22

23

24

25
```

I, Roger A. Powell, Circuit Clerk
hereby certify this is a true and      10·2·06
correct copy on file in this office.

Roger A. Powell, Circuit Clerk