IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIE COURTNEY, ETC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:  2:06-CV-00600-MHT |
| | ) | |
| ANTHONY CLARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HOLLIS & SPANN, INC.'S
## NARRATIVE STATEMENT OF UNDISPUTED FACTS AND
## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Comes now the defendant Hollis & Spann, Inc ("Hollis & Spann") and

hereby files this Narrative Statement of Undisputed Facts and Brief In Support of its

Motion for Summary Judgment demonstrating that there is no genuine issue as to any

material fact and that this defendant is entitled to a judgment as a matter of law.

### I.  INTRODUCTION

In this case, plaintiff Courtney alleges that inmates Oscar Roy Doster and

 James Darren Harnage escaped from the Covington County jail on March 31, 2005, and

thereafter apparently caused the death of Dennis Courtney in Texas.  (Doc No. 38,

paragraphs 14-16). In her complaint, Courtney makes no specific claim against defendant

Hollis & Spann who constructed the facility nearly ten years earlier pursuant to its

contract with the Covington County Commission.  Contractor Hollis & Spann constructed

the facility in accordance with architect Seymour & Lizenby's plans and specifications,
and this court should grant it summary judgment because it could not, under any theory,
be liable for Mr. Courtney's death.

## II. NARRATIVE STATEMENT OF UNDISPUTED FACTS

The facts taken in a light most favorable to the plaintiff reveal the following:

1.      In 1995, the Covington County Commission contracted with Hollis
& Spann to construct a jail in Covington County in accordance with plans and
specifications provided by architect, Seymour & Lisenby. (Exhibit A, paragraph 4). The
facility was constructed between February 12, 1995 and April 2, 1996. ( Exhibit A,
paragraph 4-5)

2.  Architect Seymour & Lizenby inspected every phase of construction, and all of
the work was completed in accordance with the construction plans and design. (Exhibit
A, paragraph 4-5) On or around April 2, 1996, Hollis & Spann was issued a Certificate of
Substantial Completion accepting Hollis & Spann's work as sufficiently complete in
accordance with the contract documents. (Exhibit A, paragraph 5; Exhibit B). The
Covington County Commission accepted Hollis & Spann's work and assumed full
possession of the jail on or around April 4, 1996. (Exhibit "A"; Exhibit "B").

3.      Pursuant to Alabama Code Section 12-16-191, grand juries are
responsible for inspecting jails, and Covington County grand juries have regularly
inspected the facility in regards to its sufficiency for the safe keeping of prisoners.
Certified copies of the Covington County Grand Jury Inspection Reports for the sessions

2

from June 10-14, 1996 through June 12-16, 2006 are attached hereto as Exhibit C.

    4.    In 2004, Angela Fowler, the Administratrix of the Estate of Paul LeMaster, Deceased filed CV 04-251 in the Circuit Court of Covington County, Alabama, seeking recovery from various defendants, including Hollis & Spann for wrongfully allowing inmates to escape from the Covington County jail in November 2002 who thereafter allegedly caused the death of Paul LeMaster.   In that case, Hollis & Spann filed for and was granted summary judgment on June 1, 2005. Certified copies of pertinent portions of the court file are attached hereto as Exhibit D.

### III.  THE SUMMARY JUDGMENT STANDARD

    The summary judgment procedure is designed to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). It should not be regarded as a disfavored procedural shortcut but should be viewed as an integral part of the federal rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action". *Celotex Corp.*, 477 U.S. at 323-327. "Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id.*

    Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." *Harden v. American Airlines*,

178 F.R.D. 583, 584 (M.D. Ala. 1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317,

322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).  The party asking for summary

judgment "always bears the initial responsibility of informing the district court of the basis

for its motion, and identifying those portions of the 'pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any,' which it

believes demonstrates the absence of a genuine issue of material fact." *Id.* The movant

can meet this burden by presenting evidence showing there is no dispute of material fact,

or by showing the non-moving party has failed to present evidence in support of some

element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at

322-323.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving

party to go beyond the pleadings and by her own affidavits, or by the 'depositions,

answers to interrogatories, and admissions on file,' designate 'specific facts showing that

there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 322-323.  "A dispute of material

fact is 'genuine'... if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." *Harden,* 178 F.R.D. at 584.  "The mere existence of some factual

dispute will not defeat summary judgment unless that factual dispute is material to an issue

affecting the outcome of the case." *Haves v. City of Miami*, 52 F.3d 918, 920 (11th Cir.

1995).

4

Therefore, to avoid summary judgment, the nonmoving party "must do more than

simply show that there is some metaphysical doubt as to the material facts." *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The relevant rules of

substantive law dictate the materiality of a disputed fact," and a genuine issue of material

fact does not exist unless there is significant evidence favoring the nonmoving party for a

reasonable jury to return a verdict in its favor." *Haves*, 52 F.3d at 921. "If the non-

movement's response consists of nothing more than conclusory allegations, the court must

enter summary judgment for the movant." *Harden*, 178 F.R.D. at 584.

## IV. ARGUMENT

Courtney's complaint, as amended, alleges that the corporate defendants were each

separately and severally responsible for the design, engineering and/or construction of the

Covington County Jail facility. (Doc No. 38, paragraph 24). While the complaint

generally seeks recovery for negligence and wantonness through specific allegations

against various governmental and corporate defendants (see each cause of action), none of

the counts specifically refer to defendant Hollis & Spann. For this reason alone, Hollis &

Spann is entitled to a judgment as a matter of law because the complaint, as amended, fails

to state a claim upon which relief can be granted. *See generally*, *Barnette v. Phenix City*,

2006 U.S. Dist. LEXIS 14783 (March 15, 2006)(A court may dismiss a complaint for

failure to state a claim only if it is clear that no relief could be granted under any set of

facts that could be proven consistent with the allegations). This pleading deficiency aside,

plaintiff Courtney cannot demonstrate a substantive legal right of recovery against

contractor Hollis & Spann who constructed the facility in accordance with the contract documents nearly ten years before the escape made the basis of this civil action.

## A.    As a Matter of Law, Hollis & Spann Owed No Duty To Mr. Courtney

### 1.    Hollis & Spann Complied with Its Contract and Owed No Duty to Third Parties Such as Mr. Courtney.

In order to prevail on a negligence claim, the plaintiff must first demonstrate that defendant owed a duty of care to the plaintiff. *Davis v. Wal-Mart Stores, Inc.*, 64 F.Supp. 2d 1176 (M.D.Ala. 1999); *Patrick v. Union State Bank*, 681 So. 2d 1364, 1367 (Ala. 1996)("The existence of a duty to the plaintiff is fundamental to a negligence claim"). Whether a duty exists is a question of law and should be determined by the trial court. *Tenn Tom Bldg. v. Olen, Nicholas & Copeland P.C.*, 908 So.2d 230, 232 (Ala. 2005). The plaintiff must further demonstrate that (2) defendant breached that duty; (3) that the plaintiff suffered loss or injury; and (4) that defendant's negligence was the actual and proximate cause of that loss or injury. *Davis at* 7.

Duty is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff. Keeton, *Prosser and Keeton on The Law of Torts*, §53 at 356 (5th ed. 1984). A "duty" imposes upon one a legal obligation for the benefit of another. *Id.* In negligence cases, the duty is always the same – to conform to the legal standards of reasonable conduct in light of the apparent risk. *Id.*

6

Whether a duty exists between parties is dependent on the relationship of those parties and there was no relationship between Mr. Courtney and Hollis & Spann that would give rise to a legal duty for the contractor to protect a resident from another state from an escaped prison. As the general contractor of the construction of the Covington County Jail, Hollis & Spann, Inc. only had a contractual relationship with the owner of the jail, the Covington County Commission. As a result, Hollis & Spann owed the commission a duty to build the jail according to the specifications and plans, and it fulfilled its duty to the satisfaction of the county and its architect. (Exhibit "B"). The only relationship Hollis & Spann had with *any party*, which imposed a legal duty on Hollis & Spann, was with the Covington County Commission, and that relationship ended in 1996.

Hollis & Spann, as contractor in the construction of the Covington County jail, owed no duty to the care of Mr. Courtney. Hollis & Spann did not voluntarily assume a duty to protect Mr. Courtney from injury or any other harm. Furthermore, the plaintiff has failed to show any other legal duty owed by Hollis & Spann to Mr. Courtney. It is simply not reasonable to impose on Hollis & Spann the duty to protect Mr. Courtney based upon its independent contractor's obligation to comply with the construction agreement. Because Hollis & Spann owes no duty to Mr. Courtney, it is entitled to summary judgment as a matter of law.

Furthermore, as the general contractor in the construction of the Covington County Jail, Hollis & Spann owes no duty to third parties such as Mr. Courtney to judge the plans, specifications, or instructions that it had merely contracted to follow. *McFadden*

7

*v. Ten-T Corp.*, 529 So.2d 192 (Ala. 1988). In *McFadden*, the state hired a contractor to resurface and widen a portion of the state highway. The state furnished the plans and specifications for the project, which, by contract, the contractor was required to follow. *Id.* at 192. The state inspected every phase of construction and accepted the contractor's work. *Id.* Approximately seven months after completion of construction, the plaintiff had an automobile accident on this portion of the highway and sued the contractor for negligence. *Id.* The trial court granted summary judgment to the contractor, and the plaintiff appealed.

In analyzing the duty question, the Supreme Court noted that it had never directly addressed whether a contractor is immune from liability merely because the owner has accepted the contractor's work. *Id.* After discussing the decisions of the Fifth Circuit Court and other states that directly addressed the question, the Alabama Supreme Court agreed with the reasoning of the Illinois Supreme Court that a contractor "owes no duty to third persons to judge the plans, specifications, or instructions which he has merely contracted to follow. . . unless they are so obviously dangerous that no competent contractor would follow them." *Id. at 200*.

The plaintiff has shown no basis in fact or in law to indicate that Hollis & Spann owed a duty to Mr. Courtney. Hollis & Spann followed the specifications and plans provided to it, which, by contract, it was obligated to follow. The county accepted the work performed by Hollis & Spann. (Exhibit "B"). There is no evidence that the

8

specifications were so obviously dangerous that no competent contractor would follow them. Consequently, summary judgment should be granted to Hollis & Spann.

Furthermore, *Alabama Code* § 12-16-191 provides that the grand jury is responsible for inspecting county jails and determining whether the jail is secure enough to prevent the escape of prisoners. This provision of the Alabama Code reflects the public policy of the State of Alabama that it is the State, through its impaneled grand jury, that is responsible to protect the general public from escaped prisoners. It is not the duty of private individuals or contractors to assure the safety of the general public from escaped prisoners. Likewise, this Code section provides as a remedy that the grand jury shall cause persons composing the county commission to be indicted if a defectively constructed jail is found by the grand jury. It is of particular interest that the entities or individuals exposed to punishment are the members of the county commission -- not private citizens. This fact further speaks to the State's public policy that it is the State of Alabama, through its elected officials, that is responsible for protecting the health, safety, and welfare of the general public from escaped prisoners. The duty to inspect jails is one placed upon grand juries by the Alabama legislature, not private companies or individuals. Likewise, the individuals punishable by law for improperly constructed jails are elected officials representing the county, not private individuals or companies. Therefore, the plaintiff has no standing to bring this cause of action against Hollis & Spann, Inc. and Hollis & Spann, Inc. is entitled to a judgment as a matter of law.

9

**2.    Hollis & Spann Owed No Duty to Protect Mr. Courtney From Alleged Criminal Acts of A Third Party**

Hollis & Spann owed no duty to protect Mr. Courtney from the alleged criminal acts of a third party.   It is the general rule  that absent special relationships or circumstances, a person has no duty to protect another from the criminal acts of a third person.  *Ziva Jewelry, Inc. v. Car Wash Headquarters, Inc.*, 897 So.2d 1011, 1016 (Ala. 2004); *Steiger v. Huntsville City Bd. of Educ.*, 653 So.2d 975, 978 (Ala. 1995)("It is difficult to impose liability on one person for an intentional criminal act committed by a third person.").  "Special circumstances" arise when the defendant "knew or had reason to know of a probability of conduct by [a third person] that would endanger the plaintiff." *Ziva at 1016.*  In order to give rise to a duty to protect another from criminal acts of third parties, the particular criminal activity, not just any criminal activity, must be foreseeable. *Id.  See also, Thetford v. City of Clanton,* 605 So.2d 835, 840 (Ala. 1992)(noting that the criminal acts of a third person is a superceding cause of harm to another even if "the actors' negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct should have realized the likelihood that such a situation might be created thereby and that a third person might avail himself to the opportunity to commit such a tort or crime").

By way of illustration, in *Alabama Dep't of Corrections v. Thompson*, 855 So.2d 1016 (Ala. 2003), an inmate escaped from a youth center, broke into the plaintiff's home, assaulted her, and stole her automobile.  The plaintiff sued, among others, the warden and

10

two correctional officers claiming they negligently or wantonly allowed the inmate to

escape from confinement. The Alabama Supreme Court determined that the plaintiff did

not establish any special relationship or any special circumstances that could have

imposed a duty on the defendants to protect her from the criminal acts of the inmate. Id.

at 1025-26. If there is no special relationship imposing a duty on a corrections officer to a

random third party attacked by an escaped inmate, then clearly there cannot be a duty

imposed on a general contractor that simply followed the plans provided and built a jail

nine years before an inmate escapes and allegedly commits a random act of violence two

states away.

Similarly, in *Carroll v. Shoney's, Inc.*, 775 So.2d 753 (Ala. 2000), the Alabama

Supreme Court affirmed summary judgment granted in favor of the defendant on the

grounds that a person has no duty to protect another from the criminal acts of a third

person. In *Carroll,* the administrator of the deceased filed a wrongful death action against

Shoney's after the decedent was murdered by her husband while working at the

restaurant. *Id.* at 754. The *Carroll* Court clarified the requirements for imposing a duty

upon a person for the criminal actions of another:

> "Alabama Law requires a plaintiff to show three elements to
> establish a duty that would be the basis for a cause of action . . .
> First, the particular criminal conduct must have been foreseeable.
> Second, the defendant must have possessed "specialized knowledge"
> of the criminal activity. Third, the criminal conduct must have been
> a probability."

*Id.* at 756. The Court affirmed summary judgment on the grounds that there was no

evidence showing that the restaurant was told, or should have reasonably foreseen, that the decedent's husband would enter the restaurant and murder his wife.

Applying these requirements to the case at bar, no duty can be imposed on Hollis & Spann for the alleged criminal acts of Doster and Harnage. No special relationship existed between Hollis & Spann and Mr. Courtney. The specific criminal activity, the alleged murder of Mr. Courtney, was in no way foreseeable to Hollis & Spann. Furthermore, Hollis & Spann possessed neither any specialized knowledge of the criminal activity of Doster and Phillips nor did it know that the inmates' alleged murdering of Mr. Courtney was a probability. Hollis & Spann finished construction of the facility and left the site some nine years before the alleged murder of Mr. Courtney. Hollis & Spann had no way to know of the existence or identities of the escapees or the victim, much less any specialized knowledge of the risks or the criminals involved. Hollis & Spann had no duty to protect Mr. Courtney from the criminal acts of a third party, and Hollis & Spann should be granted summary judgment.

## B.  The Plaintiff Cannot Prove Causation.

Even if Hollis & Spann owed a duty to Mr. Courtney and even if Hollis & Spann had been negligent in discharging its duty, there is no casual connection between any act or omission on its part and Mr. Courtney's death. It is axiomatic that regardless of a tortfeasor's culpability, regardless of whether he failed to exercise reasonable care in carrying out a duty imposed upon him by law, he may not be held liable unless his

12

wrongful act was the proximate cause of an injury. *Baptist Mem'l. Hosp. v. Gosa*, 686

So.2d 1147, 1150 (Ala. 1996). As stated by in *Davis v. Wal-Mart*, 64 F. Supp.2d 1176,

1179 (M.D.Ala. 1999):

> Negligence alone does not afford a cause of action. Liability will be
> imposed only when negligence is the proximate cause of injury; injury must
> be a natural and probable consequence of the negligent act or omission
> which an ordinary prudent person ought reasonably to foresee would result
> in injury.

"Where some independent agency intervenes and is the immediate cause of the injury, the

party guilty of prior negligence is not liable." *Id.* at 1179. "Proximate cause is an act or

omission that in the natural and continuous sequence, unbroken by any new independent

causes, produces the injury and without which the injury would not have occurred."

Mere proof that injury could have happened in the alleged way does not warrant the

conclusion that it did so occur. *Southern Ry. Co. v. Dickinson*, 100 So. 665, 669 (Ala.

1924).

In *City of Mobile v. Largay*, 346 So.2d 393 (Ala. 1977), the Alabama Supreme

Court reversed the trial court in denying the defendant's motion for a directed verdict at

the close of the evidence at trial. In *Largay*, the plaintiff was accosted by a third party

assailant who dragged her through an open cellar door into a vacant building owned by

the City of Mobile and beat and raped her. *Id. at 394*. The plaintiff sued the City of

Mobile. At trial, the City's motion for directed verdict was denied. On appeal, the

Supreme Court addressed the issue of whether the assailant's criminal act was an

efficient, superceding or independent, intervening act relieving the City of any liability.

13

The Supreme Court noted the following: "If, between the alleged negligent act or
omission and the injury, there occurs an independent, intervening, unforeseeable event,
the causal connection between the alleged negligence and the injury is broken." *Id. at
395* (quoting *Vines v. Plantation Motor Lodge*, 336 So.2d 1338, 1339 (Ala. 1976)).

The Court further noted that foreseeability is the key in proximate cause and that "a
person, who by some act or omission sets in motion a series of events, is not responsible
for consequences of intervention of another agency, unless at the time of his original act
or omission, the act of the intervening agency could reasonably be foreseen." *Id.* The
Court concluded as matter of law that the use of the unlocked building for the
perpetration of rape was not a reasonably foreseeable consequence of the City's failure to
maintain the building.

There is simply no basis in fact or in law to indicate that any action or inaction by
Hollis & Spann was the proximate cause of Mr. Courtney's unfortunate death. During the
construction of the Covington County jail, Hollis & Spann constructed the building
according to the construction plans and designs of the architect. (Exhibit "A")
Furthermore, the criminal acts of Doster and Harnage allegedly murdering Mr. Courtney
would create an independent, intervening, and unforeseeable event breaking the casual
chain between any alleged negligence on the part of Hollis & Spann and the wrongful
death of Mr. Courtney claimed in this case.

14

Obviously, Hollis & Spann could not have predicted that Doster and Harnage would escape from the prison and end up in Texas where they allegedly killed Mr. Courtney. The plaintiff's allegations that Doster and Harnage killed her husband is an efficient intervening cause breaking any casual chain between Hollis & Spann's alleged negligent or wanton conduct and Mr. Courtney's death. It is the plaintiff's burden to demonstrate that there is a causal relation between Hollis & Spann's alleged negligent or wanton conduct and Mr. Courtney's death. There has been a complete failure of proof on the issue of causation, and Hollis & Spann is entitled to a judgment as a matter of law.

**C .    Plaintiff's Claims Are Barred by the Statute of Limitations.**

Pursuant to *Code of Alabama 1975*, §6-5-221, the plaintiff's claims are barred by the statute of limitations. Section 6-5-221(a) limits all civil actions against builders seeking recovery for damages resulting from a defect or deficiency in the design, planning, or specifications of the construction projects to "two years next after a cause of action accrues or arises." According to §6-5-220(e), where the damage or injury either is latent or by its nature is not discoverable in the exercise of reasonable diligence at the time of its occurrence, "the claim for relief shall be deemed to arise or accrue at the time the damage or injury is or in the exercise of reasonable diligence should have been first discovered, whichever is earlier." The final review for the construction of the Covington County Jail occurred on March 27,1996. (Exhibit "B"). In this final inspection, the work performed under the construction contract for the jail was found to be substantially complete.

15

The plaintiff claims that defendant Hollis & Spann negligently or wantonly failed to properly construct an adequately secure facility for Covington County, Alabama and this oversight, negligence and/or wantonness contributed to and/or caused the untimely death of Mr. Courtney. (Doc. No. 38, paragraph 24). By inference of the plaintiff's claims, the improper construction of the jail building should have been discovered, at the very latest, during the final inspection and review of the Covington County jail on March 27, 1996. Any claims for improper construction should have been commenced by approximately March 27, 1998. Instead, the plaintiff filed this complaint over eight years later on June 2, 2006. The statute of limitations bars any claims that Hollis & Spann failed to properly construct the jail and, as a result, Hollis & Spann is entitled to a judgment as a matter of law.

**D.    Plaintiff's Claims are Barred by the Doctrines of Res Judicata and Collateral Estoppel.**

Further, plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel. The elements of the doctrine of res judicata are as follows: (1) prior judgment rendered by a court of competent juridiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially similar; and (4) same cause of action present in both suits. Additionally, "[t]he interest of society demands that there be end to litigation, that multiple litigation be discouraged, not encouraged, and that the judicial system be used economically by promoting a comprehensive approach to the first case tried." *Whismann v. Alabama Power Co.*, 512 So.2d 78, 81 (Ala. 1987).

16

Hollis & Spann was sued in 2004 by Angela Fowler, the Administratrix of the

Estate of Paul LeMaster, Deceased. This case was filed in the Circuit Court of Covington

County on November 2, 2004, Civil Action No. CV-04-251, "Angela Fowler, etc. v.

Sheriff Anthony Clark, et al." and arose out of facts similar to those in the case at hand.

Certified copies of pertinent excerpts of this court file have been attached hereto and

marked as Exhibit "C." Two inmates, Doster and Phillips, escaped from the Covington

County jail on or around November 3, 2002, and then allegedly murdered Paul LeMaster

at his home on or around November 6, 2002. The lawsuit was filed by his duly appointed

administratrix against the Covington County Sheriff, Hollis & Spann, Inc., Dickey &

Associates, Darden Engineers, and others.

The allegations of the Fowler complaint are almost identical to those of the case at

hand – Count One of that complaint was directed against Sheriff Clark and his employees

for negligence and wantonness. Count Two of that complaint was directed against the

corporate defendants for negligent and wanton design or construction and negligence and

wantonness. Count Three of that complaint was directed against all defendants for their

negligent or wanton acts or omissions which the plaintiff alleged combined and concurred

to cause or contribute to the wrongful death of Paul LeMaster.

Ms. Fowler alleged that (1) Sheriff Clark and his employees did not properly

observe or supervise the inmates; (2) Sheriff Clark and his employees failed to notify the

public of the escape due to the Sheriff's election day concerns; (3) Hollis & Spann, Inc.

and the other corporate defendants wantonly or negligently failed to design or construct

17

the jail as to reasonably prevent or curtail escapes; (4) Hollis & Spann, Inc. and the other

corporate defendants failed to detect or correct the escape path used by the escapees; (5)

Hollis & Spann, Inc. and the other corporate defendants failed to incorporate an adequate

surveillance system; and (6) all of the negligent and wanton acts or omissions of the

defendants combined and concurred to cause the wrongful death of Mr. LeMaster.

Obviously, the complaint against Hollis & Spann in the Fowler case are the same

or similar to the type of complaints outlined by Ms. Courtney in the case at hand. The

parties to both of these suits are substantially similar in nature (administratrixes of estates

of decedents murdered by escaped inmates); and the same causes of actions appear to be

present in both suits.

In the Fowler suit, on May 31, 2005, Hollis & Spann filed a motion for summary

judgment supported by the Affidavit of John Eiland (Exhibit A thereto), the preliminary

testimony of Covington County Sheriff's Department Investigator Walter Inabinett

(Exhibit C thereto), a Certificate of Substantial Completion (Exhibit B thereto)(among

other exhibits) and its Narrative Statement of Undisputed Facts and Brief in Suport of

Motion for Summary Judgment. On June 1, 2005, Judge Ashley McKathan, entered

summary judgment in favor of Hollis & Spann.

Based on the doctrines of res judicata and collateral estoppel, the plaintiff's claims

are barred due to the fact that a court of competent jurisdiction has previously rendered

judgment in favor of Hollis & Spann, Inc. on the merits for the same cause of action in a

prior case involving substantially similar parties. As a result, Hollis & Spann is entitled to a judgment as a matter of law.

## CONCLUSION

As the general contractor for the construction of the Covington County jail, Hollis & Spann, Inc. had a contractual relationship with the owner of the jail, the Covington County Commission to build the facility in accordance with the plans and specifications. Hollis & Spann fulfilled its contractual responsibility when the work was accepted in April 1996 - approximately 9 years before the inmate escape which allegedly resulted in Mr. Courtney's death. The only relationship Hollis & Spann had with *any party*, which imposed a legal obligation on Hollis & Spann, was with the Covington County Commission, and that relationship ended in 1996. Furthermore, it was not foreseeable in 1996 when Hollis & Spann completed the construction of the Covington County jail that nine years later some inmates might devise a way to escape and travel to Texas and murder Mr. Courtney, as the complaint appears to allege. Hollis & Spann had no duty to protect Mr. Courtney from the criminal acts of a third party, and there is no casual connection between act or omission of Hollis & Spann and Mr. Courtney's death. In addition, the claims are barred by the statute of limitations found in Alabama Code §6-5-221 and res judicata and collateral estoppel due to the summary judgment in Hollis & Spann's favor in the earlier Fowler lawsuit.

Based on the foregoing, defendant Hollis & Spann respectfully requests that this Honorable Court enter summary judgment in its favor.

19

/s/Steven K. Herndon
STEVEN K. HERNDON (HER028)
Attorney for Defendant Hollis & Spann, Inc.


OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
60 Commerce Street, Suite 904
P. O. Box 4190 (36103)
Montgomery, AL 36104
Telephone: (334) 834-9950
FAX: (334) 834-1054
steve@ghhclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 8th day of January, 2007 electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following counsel of record and I have placed a copy of same in the United States mail, postage prepaid and properly addressed to each defendant inmate this 8th day of January, 2007:

Attorneys for Plaintiff
Mr. Britt V. Bethea
Mr. J. David Greene, Jr.
Mr. Will G. Phillips
Greene & Phillips
50 N. Florida Street
Mobile, AL 36607
Telephone: (251) 478-1115
Facsimile: (251) 471-3920
jdgreene@greenephillips.com
wgphillips@greenephillips.com

Attorneys for Defendants Anthony Clark, Jerry Wayne Edgar, and Walter Inabinett
Mr. Daryl L. Masters
Mr. Gary L. Willford, Jr.
Webb & Eley, PC
P.O. Box 240909
Montgomery, AL 36124-0909
Telephone: (334) 262-1850
Facsimile: (334) 262-1889
rrobertson@webbeley.com
gwillford@webbeley.com

Attorney for Defendant
Black Creek Integrated Systems Corp.
Mr. Bert Pittman Taylor
Taylor & Smith, PC
P.O. Box 489
Orange Beach, AL 36561-0489
Telephone: (251) 981-8430
Facsimile: (251) 981-8425
cyk@taylorritter.com

Defendants:
James Darren Harnage AIS#239251
P. O. Box 150
Mount Meigs, AL 36057

Oscar Roy Doster AIS #177168
P. O. Box 150
Mount Meigs, AL 36057

Attorneys for Dickey & Associates, Inc.
Mr. Alan Thomas Hargrove, Jr.
Mr. Richard Brett Garrett
Rushton, Stakely, Johnston & Garrett, PC
P.O. Box 270
Montgomery, AL 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
ath@rsjg.com
bg@rsjg.com

/s/Steven K. Herndon
COUNSEL