IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JENNIE COURTNEY,       *
AS ADMINISTRATRIX OF THE   *
ESTATE OF DENNIS COURTNEY, *
DECEASED,                *
                             *
       PLAINTIFF,         *   CIVIL ACTION NO.:  2:06-CV-600-DRB
                             *   (Removed from the Circuit Court of
v.                           *    Covington County, AL; CV-06-110)
                             *
     ANTHONY CLARK, et al.     *
                             *

## PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT HOLLIS & SPANN, INC.'S MOTION FOR SUMMARY JUDGMENT

Comes now, the Plaintiff, Jennie Courtney, as Administratrix of the Estate of Dennis Courtney, Deceased by and through the undersigned counsel of record and files this response to Defendant, Hollis and Spann, Inc.'s Motion for Summary Judgment and moves this Honorable Court to deny said motion and as grounds therefore avers as follows:

### DISPUTED MATERIAL FACTS

Defendant Hollis & Spann finished construction on a jail in Covington County in 1996. (Original Complaint, Exhibit A, paragraph 24, page 5).  On March 31, 2005, inmates of the Covington County jail escaped and subsequently killed Dennis Courtney. (Original Complaint, Exhibit B, paragraph 17, page 4).  The inmates escaped in an identical fashion to a prior escape, which also resulted in a killing.  (Original Complaint, Exhibit B, paragraph, 17, page 4).

The original Complaint in this case was filed on June 2, 2006.  (Exhibit C)  The most recent motion to amend complaint was granted on January 17, 2007, (Doc. No. 60)

and Plaintiff's 2nd Amended Complaint was filed on January 11, 2007. (Doc. No. 62).

Defendant Hollis & Spann's Motion for Summary Judgment at bar was filed on January

8, 2007. (Doc. No.58-1). The Plaintiff served Interrogatories and Requests for

Production on Defendant Hollis & Spann on January 4, 2007. (Exhibit D). Hollis &

Spann has not responded.

## ARGUMENT

A trial court may not grant a motion for summary judgment unless "the basic facts

are undisputed and [] there is no dispute between the parties as to any material factual

inferences that may be properly drawn from such facts . . ." Sindermann v. Perry, 430

F.2d 939 (5th Cir. 1970), aff'd, 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570.

Additionally, "all inferences to be drawn from the underlying facts must be viewed in the

light most favorable to the party opposing the motion for summary judgment." Time,

Inc. v. Ragano, 427 F.2d 219 (5th Cir. 1970).

In Parrish v. Board of Comm'rs, the Defendant filed for summary judgment while

discovery was pending. 533 F.2d 942, 944 (5th Cir. 1976). The Plaintiffs contended that

summary judgment was precluded as a matter of law because there was outstanding

discovery and that without this information they were unable to prepare adequately their

affidavits in opposition to the motion for summary judgment. Id., at 946. The court held

that the granting of the motion for summary judgment by the trial court without requiring

the production of the documents requested deprived the appellants of an opportunity to

develop the facts on which they sought to create a fact issue before the trial court." Id., at

948.

This case is factually similar to Parrish in that Defendant Hollis & Spann is attempting to circumvent the procedural safeguards afforded to the Plaintiff. In its Brief in Support of Motion for Summary Judgment, the Defendant cites McFadden v. Ten-T Corp., 529 So.2d 192 (Ala. 1988) in its argument that a contractor "owes no duty to third persons to judge the plans, specifications, or instructions which he has merely contracted to follow… unless they are so obviously dangerous that no competent contractor would follow them." Id. (Doc. No 58-1, page 8). By relying on this defense, the Defendant places squarely at issue the reasonableness of the plans it followed. The Plaintiff has requested the plans to the jail, but they have not been provided by the Defendant. Rather, the Defendant blindly asserts, like the Defendant in Parrish, that the Plaintiff has shown no basis for a duty. However, also like the Defendant in Parrish, Hollis & Spann has not complied with discovery, and the holding in Parrish dictates that summary judgment cannot operate to deprive the Plaintiff of her opportunity to develop facts in support of her case.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court deny Defendant Hollis & Spann's Motion for Summary Judgment until such time as discovery has been completed.

/s/ Britt V. Bethea
BRITT V. BETHEA (beth9988)
WILL G. PHILLIPS (phillipsw3586)
Attorneys for Plaintiff

3

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
50 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile
bbethea@greenephillips.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of January, 2007, I have electronically filed the above and foregoing with the Clerk of the Court using CM/ECF system which will send notification of each filing to the following counsel of record and I have placed a copy of the same in the United States mail, postage prepaid and properly addressed to each defendant inmate this 23rd day of January, 2007;

Oscar Roy Doster AIS#177168
P.O. Box 150
Mt. Meigs, Alabama 36057

James Darren Harnage AIS# 239251
P.O. Box 150
Mt. Meigs, Alabama 36057

*Counsel for Hollis & Spann, Inc.*
Steven Keith Herndon, Esq.
Matthew Y. Beam Esq.
Gidiere, Hinton, Herndon & Christman
60 Commerce Street, Ste. 904
Montgomery, Alabama 36104

*Counsel for Dickey & Associates*
Alan T. Hargrove & R. Brett Garrett
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101-0270

*Counsel for Anthony Clark, Jerry Wayne Edgar, and Walter Inabinett*
Daryl L. Masters & Gary L. Willford, Jr.
Webb & Eley, P.C.
7475 Halcyon Pointe Drive
Montgomery, Alabama 36124

*Counsel for Seymour & Lisenby, Inc.*

4

Alan T. Hargrove & R. Brett Garrett
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101-0270

*Counsel for Black Creek Integrated Systems Corp.*
Bert P. Taylor, Esq.
Taylor Ritter, P.C.
P.O. Box 489
Orange Beach, Alabama 36561

                                        */s/ Britt V. Bethea*
                                        BRITT V. BETHEA
                                        Of Counsel

EXHIBIT "A"

ventilation system and then scaled the surrounding fence and successfully escaped without being detected in any way.

21.    Sheriff Anthony Clark and his staff failed to keep a proper lookout and/or properly monitor and supervise the activities of Oscar Roy Doster and other inmates.

22.    In addition, when the first escape occurred in 2002, Sheriff Anthony Clark and his staff willfully and intentionally suppressed the information of the escape.   Sheriff Anthony Clark neglected to notify the public of the inherent danger lurking.  Sheriff Anthony Clark deliberately waited until after the regularly scheduled election in November 2002 wherein he was a candidate seeking reelection to his position as Sheriff.  It was alleged that Sheriff Anthony Clark hid this information from the public in an effort to avoid negative publicity as he sought the bid for reelection.

23.    The intentional acts, oversight, and negligence on the part of Sheriff Anthony Clark and his staff specifically contributed to and/or caused the events leading up to and the untimely death of Dennis Courtney.

24.    Corporate Defendants, Hollis and Span, Inc., Seymour and Lisenby Architects, Darden Engineers, and Dickey and Associates, Inc. were each separately and severally responsible for the design, engineering and/or construction of the Covington County Jail facility.

25.    Corporate Defendant, Black Creek Integrated Systems, Inc. was responsible for the installation and proper operation of the surveillance system in the Covington County Jail facility and this oversight,

# EXHIBIT "B"

15.  On or about April 6, 2005, decedent, Dennis Courtney was found dead at his secondary residence in Oakwood, Texas.  His death was ruled a homicide.

16.  Escaped inmates, Oscar Roy Doster and James Darren Harnage were implicated in the death of Dennis Courtney.

17.  Prior to April 6, 2005, Oscar Roy Doster and James Darren Harnage were inmates in the Covington County, Alabama jail, which was administered and overseen by Defendant, Sheriff Anthony Clark.  Oscar Roy Doster along with inmate James Darren Harnage was allowed to escape from the jail on or about March 31, 2005, in a similar manner and method as their first escape which occurred on or about November 3, 2002.

18.  Defendants, Oscar Roy Doster, James Darren Harnage and others were allowed to escape from the Covington County, Alabama jail by the Sheriff and his employees.

19.  Prior to the escape of Oscar Roy Doster, James Darren Harnage and others, numerous other instances of escapes had occurred and Sheriff Anthony Clark was fully aware of these instances.

20.  In the incident that made the basis of this complaint, Oscar Roy Doster, James Darren Harnage and others were allowed to escape by entering the ventilation system of the jail building without being detected  in a similar manner and method as the first time Doster escaped.  Oscar Roy Doster, James Darren Harnage and others exited the jail facility through the

# EXHIBIT "C"

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

JENNIE COURTNEY,                               *
AS ADMINISTRATRIX OF THE                       *
ESTATE OF DENNIS COURTNEY,                     *
DECEASED,                                      *
                                               *
      PLAINTIFF,                        *          CIVIL ACTION NO.:
                                               *          CV-06-_____
v.                                             *
                                               *          PLAINTIFF RESPECTFULLY
ANTHONY CLARK, Individually and as             *          DEMANDS TRIAL BY JURY
Sheriff of Covington County, Alabama;          *
JERRY WAYNE EDGAR Individually and             *
in his Official Capacity as a Sheriff's Deputy *
of Covington County, Alabama; WALTER           *
INABINETT, Individually and in his             *
Official Capacity as a Sheriff's Deputy of     *
Covington County, Alabama;  BLACK              *
CREEK INTEGRATED SYSTEMS, INC.;                *
OSCAR ROY DOSTER; JAMES DARREN                 *
HARNAGE; HOLLIS AND SPANN, INC.;               *
SEYMOUR AND LISENBY, INC.;                     *
DARDEN ENGINEERS, INC.; DICKEY                 *
AND ASSOCIATES, INC.; FICTITIOUS               *
DEFENDANTS 1-100; AND FICTITIOUS               *
DEFENDANTS 101-200; THOSE PERSONS *
OR ENTITIES WHOSE ACTIONS OR                   *
INACTIONS CREATED, CONTRIBUTED                 *
TO AND/OR CAUSED CIRCUMSTANCES *
THAT LEAD TO THE DEATH OF                      *
DENNIS COURTNEY, WHOSE NAMES                   *
ARE OTHERWISE UNKNOWN AT                       *
THIS TIME TO THE PLAINTIFF, BUT                *
BUT WILL BE ADDED BY                           *
AMENDMENT OR SUBSTITUTION                      *
WHEN ASCERTAINED,                              *
                                               *
      Defendants.                       *

FILED IN OFFICE

JUN 02 2006

*Reg'n A Powell*
             CLERK

## COMPLAINT

COMES NOW the Plaintiff, Jennie Courtney, as Executrix of the Estate of Dennis

Courtney, Deceased, in accordance with the *Alabama Rules of Civil Procedure*, and files

1

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JENNIE COURTNEY,                  *
AS ADMINISTRATRIX OF THE    *
ESTATE OF DENNIS COURTNEY,  *
DECEASED,                     *
                                *
      PLAINTIFF,           *    CIVIL ACTION NO.:
                                *    2:06-CV-00600-MHT
                                *  (Removed from the Circuit Court of
v.                         *   Covington County, AL; CV-06-110)
                                *
ANTHONY CLARK, et al.        *
                                *

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, HOLLIS AND SPANN, INC.

COMES NOW the Plaintiff in the above styled cause, pursuant to the *Federal Rules of Civil Procedure* and propounds the following First Interrogatories and First Requests for Production of Documents to the Defendant, HOLLIS AND SPANN, INC. to be answered and responded to fully and completely within the time required by the law.

### DEFINITIONS AND INSTRUCTIONS

1. The term "you" and "your" shall mean and refer to each of the defendants, their agents, employees or subsidiaries.

2. The term "person" or "persons" shall mean all entities, including but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, public agencies, departments, bureaus, and boards.

3. The term "identify" when used with respect to an individual, means to state the full name and present or last known address including telephone

1