IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JENNIE COURTNEY,            *
AS ADMINISTRATRIX OF THE   *
ESTATE OF DENNIS COURTNEY, *
DECEASED,                   *
                              *
       PLAINTIFF,           *   CIVIL ACTION NO.:  2:06-CV-600-DRB
                              *   (Removed from the Circuit Court of
v.                             *    Covington County, AL; CV-06-110)
                              *
    ANTHONY CLARK, et al.     *
                              *

## PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT DICKEY & ASSOCIATES, INC.'S MOTION FOR SUMMARY JUDGMENT

Comes now, the Plaintiff, Jennie Courtney, as Administratrix of the Estate of Dennis Courtney, Deceased by and through the undersigned counsel of record and files this response to Defendant, Dickey & Associates, Inc.'s Motion for Summary Judgment and moves this Honorable Court to deny said motion and as grounds therefore avers as follows:

## DISPUTED MATERIAL FACTS

Defendants Seymour & Lisenby Architects' and Dickey and Associates, Inc. designed  and drew plans for the ventilation system of the new Covington County Jail, which was constructed in Covington County in 1996.  (See Doc. No. 1, at 24).  On March 31, 2005, inmates of the Covington County jail escaped and subsequently killed Dennis Courtney.  (See Doc. No. 1, at 17).  The inmates escaped in an identical fashion to a prior escape, which also resulted in a murder.  (See Doc. No. 1, at 17).

The Plaintiff sued Defendants Seymour & Lisenby Architects' and Dickey and Associates, Inc. for, among other things, negligently/wantonly failing to design, inspect,

1

construct and /or install the plumbing and GVAC systems at the Covington County jail which allowed inmates Doster and Harnage to escape. (See Doc. No. 62). The Defendants filed Motions for Summary Judgment. (See Doc. Nos. 88, 90).

## ARGUMENT

A trial court may not grant a motion for summary judgment unless "the basic facts are undisputed and [] there is no dispute between the parties as to any material factual inferences that may be properly drawn from such facts . . ." Sindermann v. Perry, 430 F.2d 939 (5th Cir. 1970), aff'd, 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570. Additionally, "all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion for summary judgment." Time, Inc. v. Ragano, 427 F.2d 219 (5th Cir. 1970).

### I.   The Defendant owed a duty to protect Mr. Courtney when special circumstances existed which made Mr. Courtney's death foreseeable.

Every person owes every other person a duty imposed by law to be careful not to cause injury. Patrick v. Union State Bank, 681 So. 2d 1364, 1368-69 (Ala. 1995). "In determining whether a duty exists in a given situation, however, courts should consider a number of factors, including public policy, social considerations, and foreseeability. The key factor is whether the injury was foreseeable by the defendant. The essential question is 'whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.'" Id.

"One who undertakes to perform a contract may be determined to owe a duty to others not privy to the contract to perform his obligations under the contract without negligent injury to such others." Williams v. Jackson Co., 359 So. 2d 798, 801 (Ala. Civ. App. 1978). This duty arises from the foreseeability that others may be injured by

negligent performance, or this duty may arise from the knowledge that others are relying upon a proper performance. Id.

In Ala. Dep't of Corr. v. Thompson, the plaintiff sued the defendant warden and correctional officers when she was assaulted and robbed by an escaped inmate. 855 So. 2d 1016, 1017 (Ala. 2003). The Court held that the defendants owed the plaintiff no duty absent a special relationship or circumstances. Id., at 1025. However, the Court specifically noted that a duty would arise when "the defendant 'knew or had reason to know of a probability of conduct by [a third person] that would endanger the plaintiff." Id., at 1022.

The Defendant cannot shirk its duty to design a reasonably safe jail by virtue of its contract. In designing a jail, the Defendant certainly had knowledge of the potential for escapes and the consequences which could arise from an escape. Escapes are foreseeable when designing any jail. However, it is the particular manner in which Defendants Doster and Harnage escaped from the Covington County jail, through the ventilation room, which speaks to the Defendant's negligence in designing this jail.

Giving the Defendant the benefit of doubt regarding the foreseeability before the first escape, the flaw in the design and the extreme hazards it posed certainly became apparent after the first escape and subsequent murder. The first escape and murder created a special circumstance which eliminated any doubt as to whether the Defendant knew or had reason to know of the design defect.

**II. The negligence of the Defendant proximately caused Mr. Courtney's death because an escape from the ventilation room should and could have been anticipated.**

"Proximate cause is an act or omission that in a natural and continuous sequence, unbroken by any new independent causes, produces the injury and without which the injury would not have occurred." Thetford v. Clanton, 605 So. 2d 835, 840 (Ala. 1992). "The requirement of foreseeability is imposed to preclude a finding of liability when the defendant's conduct was part of the causal chain of events leading to the injury but the resulting injury could not have been reasonably anticipated by the defendant." Id. However, foreseeability does not require that the particular consequence *should* have been anticipated, but rather that some general harm or consequence *could* have been anticipated. Id. (emphasis added).

The Defendant argues that the chain of causation between its negligent design and Mr. Courtney's death was broken by the criminal acts of Doster and Harnage. However, the Alabama Supreme Court has stated that "intervening criminal acts may be found to be foreseeable and, if so found, actionable negligence may be predicated thereon." Liberty Nat'l Life Ins. Co. v. Weldon, 267 Ala. 171, 188 (Ala. 1957).

The leading case cited by the Defendant is The City of Mobile v. Largay, 346 So. 2d 393 (Ala. 1977). In Largay, the Supreme Court of Alabama reversed the trial court's denial of a directed verdict and stated that a violent criminal act was not a reasonably foreseeable consequence of the defendant's negligence. Id., at 395. The case at bar is distinguishable from Largay in that there was not one violent criminal act, but two. Although the Defendant terms the actions of Doster and Harnage as "random" (See Doc. No. 89, at 11), at a minimum the second escape was the direct and foreseeable consequence of the Defendant's negligence, a consequence which should and could have been prevented.

### III.  The Plaintiff's claims are not barred by the Statute of Limitations.

Ala. Code § 6-5-221 (1975) provides for a two-year limitations period for claims

against architects, engineers and builders.  Ala. Code § 6-5-225 (1975) adopts the so-

called "discovery rule" stated in Ala. Code § 6-2-3 (1975), <u>Dickinson v. Land Developers</u>

<u>Constr. Co.</u>, 882 So. 2d 291, 297 (Ala. 2003), and states in part:

> "The proposed two-year statute provides a uniform period of two years for filing
> all causes of action against architects in tort, contract, or otherwise, but provides
> that the statute of limitation does not commence until the time of injury or
> damage, which extends the commencement of the time for filing contract actions,
> or where latent or by its nature not reasonably discovered, does not commence
> until the time of discovery - thereby applying for the first time to both these tort
> and contractual actions, the so-called "discovery rule." These changes accrue to
> the benefit of the injured party, and the Legislature finds that this benefit
> constitutes an adequate quid pro quo for abolishing rights of action which have
> not accrued within thirteen years of substantial completion of their work.

Thus the two-year limitations period is given "discovery leniency" in exchange

for a thirteen year statute of repose.

This claim did not accrue or arise before Mr. Courtney's death.  Mr. Courtney

could not have discovered his death before he was killed.  This claim was brought within

two years of his death, but well within the thirteen year limit stated in Ala. Code § 6-5-

225 (1975).  (<u>See</u> Doc. No. 89, at 12).

### IV.  The Plaintiff will produce expert testimony of the Defendant's negligent design.

The Uniform Scheduling Order in this case required the Plaintiff to disclose

expert witnesses by March 1, 2007, and the Defendants to disclose expert witness by

March 30, 2007.  (<u>See</u> Doc. No. 21).  On March 1, 2007, undersigned counsel for the

Plaintiff concluded a jury trial which began the previous day.  (<u>See</u> Exhibit "A").  The

Plaintiff filed her motion on March 2, 2007.  (See Doc. No. 78).  All parties filed motions to extend their respective deadlines for identifying expert witnesses.  (See Doc. Nos. 78, 82-86).  On June 6, 2007, the Court entered an Order granting the motions for extensions of time for expert witness disclosure.  (See Doc. No. 92).  The Plaintiff will disclose her expert witnesses in accordance with the Court's Order.

**CONCLUSION**

The Defendant failed to meet the standard for summary judgment because the second, identical escape and murder creates a reasonable inference that the design of the jail was negligently drafted.  Time, 427 F.2d at 219.    The Defendant had a duty to design a jail which would protect Mr. Courtney from the foreseeable criminal actions of third parties and it failed to do so.  The second escape and murder did not break the causal chain between the Defendant's negligence and Mr. Courtney's death, but rather it serves to erode any reasonable liability argument the Defendant asserts on its own behalf.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court deny the Defendant's Motion for Summary Judgment.


Respectfully submitted,


/s/ Britt V. Bethea
BRITT V. BETHEA (beth9988)
bbethea@greenephillips.com


OF COUNSEL:
GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
50 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115- Telephone

(251) 471-3920 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven K. Herndon, Esq.
Matthew Y. Beam, Esq.
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, Alabama 36103

Bert P. Taylor, Esq.
Taylor Ritter, P.C.
P.O. Box 489
Orange Beach, Alabama 36561

Alan T. Hargrove, Jr. Esq.
Richard Brett Garrett, Esq.
Rushton, Stakely, Johnston & Garrett
P.O. Box 270
Montgomery, Alabama 36101-0270

and by sending via U.S. Mail, postage prepaid, to the following:

Oscar Roy Doster, AIS # 177168
P.O. Box 150
Mt. Meigs, Alabama 36057

James Darren Harnage, AIS # 239251
P.O. Box 150
Mt. Meigs, Alabama 36057

/s/ Britt V. Bethea
BRITT V. BETHEA

ELECTRONICALLY FILED
10/30/2006 8:04 AM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SUSAN WILSON, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

| | | |
|---|---|---|
| MAYO ROMEO | ) | |
| WALKER LILLIAN | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | **Case No.:** 02-CV-2006-000423.00 |
| | ) | |
| HORTON LARRY | ) | |
| Defendant | ) | |

## ORDER

MOTION TO SET AND CERTIFICATE OF READINESS filed by MAYO ROMEO and WALKER
LILLIAN is hereby GRANTED.

TRIAL DATE SET 2/28/07 AT 8:30A.M. CHARLES FLEMING,ESQ. APPOINTED MEDIATOR

DONE this 30th day of October, 2006

/s CHARLES A GRADDICK
_____

CIRCUIT JUDGE


EXHIBIT
A