IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JENNIE COURTNEY, etc.,  )<br>  )<br>   Plaintiff,  )<br>  )<br>   v.  )<br>  )<br>ANTHONY CLARK, etc.,  )<br>et al.,  )<br>  )<br>   Defendants.  ) | CIVIL ACTION NO.<br>2:06cv600-MHT<br>     (WO) |

OPINION

Plaintiff Jennie Courtney, as administratrix of the estate of Dennis Courtney, filed this lawsuit against the following defendants: Covington County Sheriff Anthony Clark, Deputy Sheriff Jerry Wayne Edgar, and Deputy Sheriff Walter Inabinett. She asserts a violation of the Fourteenth Amendment to the United States Constitution (as enforced through 42 U.S.C. § 1983) and various state-law violations. Jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question), 1367 (supplemental).

This litigation is before the court on the defendants' motions to dismiss. For the reasons that follow, the motions will be granted.

## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964 (2007), "only enough facts to state a claim to relief that is plausible on its face," id. at 1974.

## II. FACTUAL BACKGROUND

On November 3, 2002, Oscar Roy Doster and James Darren Harnage escaped from the Covington County Jail through the jail's ventilation system. After their escape and before

they were re-apprehended, the inmates murdered Paul D. LeMaster. Doster was then placed in the same cell from which he previously escaped. On March 31, 2005, Doster and Harnage escaped a second time through the ventilation system and fled to Texas where they were implicated in the murder of Dennis Courtney. On June 2, 2006, Jennie Courtney, as administratrix for the estate of Dennis Courtney, filed this lawsuit.

### III.  DISCUSSION

#### A.  Eleventh Amendment Immunity

The defendants argue that the claims filed against them under 42 U.S.C. § 1983 in their official capacities are due to be dismissed because they are immune from suit under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment prevents a federal court from exercising jurisdiction over a lawsuit against a State and its agencies, unless that State either consents to be sued or waives its immunity from such suit. Pennhurst State School and Hospital v. Halderman, 465 U.S.

89, 98-100 (1984). The State of Alabama has not consented to suit under § 1983, nor has Congress abrogated its Eleventh Amendment immunity for the statute. Carr v. Florence, 916 F.2d 1521, 1525 (11th Cir. 1990). Consequently, if the court finds that the defendants are covered under the Eleventh Amendment, they are immune from suit in their official capacities.

The court will look to the laws of the State of Alabama in determining whether the defendants are immune under the Eleventh Amendment. See Carr, 916 F.2d at 1525; Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 280 (1977). Under the Alabama constitution, a sheriff is an executive officer of the State, Ala. Const. Art. V, § 112, who "enjoys absolute immunity." Parker v. Amerson, 519 So. 2d 442, 443 (Ala. 1987). Additionally, deputy sheriffs are considered legal extensions of the sheriff who also enjoy immunity under the Eleventh Amendment. Carr, 916 F.2d at 1526 (noting that "Alabama law establishes that a deputy is legally an extension of the sheriff" and holding that, "If the

4

deputy's acts are generally considered the acts of the sheriff, it is logical that those acts should also enjoy the immunity covering the sheriff's own acts."). The defendants are being sued in their official capacities as sheriff (Clark) and deputy sheriffs (Edgar and Inabinett). As such, the Eleventh Amendment bars Courtney's § 1983 claims against them in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding a deputy sheriff in his official capacity is entitled to Eleventh Amendment immunity); Carr, 916 F.2d at 1525 (same).

B. Qualified Immunity

The defendants also argue that they are entitled to qualified immunity in their individual capacities. The doctrine of qualified immunity insulates government agents from personal liability for money damages for actions taken in good faith pursuant to their discretionary authority. Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982); Greason v. Kemp, 891 F.2d 829, 833 (11th Cir.

5

1990). In order to be entitled to qualified immunity, a public-official defendant must first prove that he was acting within the scope of his discretionary authority at the time of the allegedly unconstitutional conduct. Lee v. Ferraro, 284 F.3d 1188, 1192 (11th Cir. 2002). Once this has been established, the court must undertake the two-pronged inquiry outlined in Saucier v. Katz, 533 U.S. 194 (2001). Under the Saucier framework, the court must first determine whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the official's conduct violated a statutory right. If so, the next inquiry is whether that right was clearly established in light of the specific context of the case. Saucier, 533 U.S. at 201; see also Brosseau v. Haugen, 543 U.S. 194 (2004).

It is undisputed that defendants in this case were acting within the scope of their discretionary authority, as it was their roles as sheriff and sheriff's deputies that authorized them to take any of the alleged illegal actions.

Courtney alleges that the defendants violated the deceased's substantive due process right when they allowed Doster and Harnage to escape from the Covington County Jail and ultimately kill him in Texas. The due process clause of the Fourteenth Amendment provides that. "No State shall ... deprive any person of life, liberty, or property, without due process of law."

Assuming that the defendants negligently allowed Doster and Harnage to escape from prison, the court holdd that such act does not rise to the level of a due-process violation. Generally, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Deshaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 196-97 (1989).

The exception to this rule is where there is a 'special relationship' between the victim and the state, such as where the state restricts a citizen's ability to defend himself. Deshaney at 198-99 (citing cases where the exception applies because the victim is an inmate,

involuntarily committed to a mental health institution or otherwise in police custody).  Without this 'special relationship,' "there is no general substantive due process right to be protected against the release of criminals from confinement," Lovins v. Lee, 53 F.3d 1208, 1209 (11th Cir. 1995), even if that release leads to the murder of another individual.  In Lovins, the plaintiff was kidnaped, robbed, raped, and sodomized by an inmate who had been released by the defendant jail officials. Id.  The Eleventh Circuit held that "there is no general substantive due process right to be protected against the release of criminals from confinement, even if that release violates state law."  Id.

The decedent in this case was neither restricted by the police, nor was he in police custody.  Similarly to the plaintiff in Lovins, he "was in all respects a member of the general citizenry" for which no special relationship could exist.  Lovins 55 F.3d at 1210.  In fact, the decedent was not even in the State of Alabama when he was killed; he was in Texas.  Since the deceased

8

was a "member of the general citizenry," the defendants had no legal obligation to protect him from Doster and Harnage, even if they were negligent and willful in allowing him to escape from prison. See Lovins 55 F.3d at 1209-10. The defendants are therefore entitled to qualified immunity on the plaintiff's § 1983 claim against them in their individual capacities.

Because the court finds that the defendants did not violate the decedent's statutory right to due process, it need not address the second part of the Saucier test.

### C. Absolute Immunity from State-Law Claims

The defendants finally argue that the state-law claims against them should be dismissed because they are entitled to absolute immunity in their individual capacities. Suits for money damages against Alabama sheriffs and their deputies are suits against the State and prohibited by Article I, § 14. See, e.g., Ex parte Blankenship, 893 So. 2d 303, 305 (Ala. 2004) (a deputy sheriff who acts within the scope of his duties is protected from negligence and

wantoness claims under § 14, Ala. Const. 1901); <u>Ex parte Purvis</u>, 689 So. 2d 794, 796 (Ala. 1996) (sheriffs and their deputies who act within the scope of their duties are "immune from suit under the provisions of Art. I, § 14, Alabama Constitution 1901"); <u>Tinney v. Shores</u>, 77 F.3d 378, 383 (11th Cir. 1996) (reversing district court's failure to grant absolute immunity to sheriff and deputy and holding "the <u>only</u> exceptions to a sheriff's immunity from suit are actions brought to enjoin the sheriff's conduct.") (emphasis in the original); <u>c.f.</u> <u>Phillips v. Thomas</u>, 555 So. 2d 81 (Ala. 1989) (employee of a state-run daycare facility did not have absolute immunity from negligence claim because she was not acting within the general scope of her authority as a state employee).

Courtney has filed state-law claims against the defendants who were acting in their official capacities as sheriff and deputy sheriffs. Because sheriffs and their deputies are recognized by Alabama as the State, <u>see, e.g.</u>, <u>Ex parte Blankenship</u>, 893 So. 2d at, and because Courtney is not asking the court to enjoin any of the

defendants' conduct, see <u>Tinney v. Shores</u>, 77 F.3d at 383, Art. I, § 14, of the Alabama Constitution grants the defendants absolute immunity from Courtney's state-law claims.

***

For the reasons outlined above, the defendants' motions to dismiss will be granted.  An appropriate judgment will be entered.

DONE, this the 24th day of September, 2007.


　　　　　　　　　　　　  /s/ Myron H. Thompson　　
　　　　　　　　　　　　 **UNITED STATES DISTRICT JUDGE**