IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JENNIE COURTNEY, etc.,            ) | |
| )|  |
| Plaintiff,           ) | |
| ) | CIVIL ACTION NO. |
| v.           ) | 2:06cv600-MHT |
| ) | (WO) |
| ANTHONY CLARK, etc.,           ) | |
| et al.,           ) | |
| ) | |
| Defendants.           ) | |

OPINION AND ORDER

This lawsuit is again before the court, this time on plaintiff Jennie Courtney's third motion to amend her complaint to add a new cause of action against the following defendants: Covington County Sheriff Anthony Clark, Deputy Sheriff Jerry Wayne Edgar, and Deputy Sheriff Walter Inabinett. The defendants contend that the allowance of the amendment would be prejudicial, the motion is untimely, and amendment would be futile. For the reasons that follow, the third motion to amend will be denied.

## I.   LEAVE-TO-AMEND STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, leave to amend "shall be freely given when justice so requires."  A plaintiff should generally be allowed to test her claim on the merits, but the liberal amendment policy prescribed by Rule 15 does not mean that leave will be granted in all instances.  Indeed, district courts may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." in determining whether "justice so requires" that leave to amend be granted.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Grayson v. K Mart Corp.</u>, 79 F.3d 1086, 1110 (11th Cir. 1996).

## II.  PROCEDURAL HISTORY

<u>June 2, 2006</u>: Courtney filed a 13-count complaint in state court.

<u>July 5</u>: The defendants removed the case to this federal court and simultaneously filed a motion to dismiss.

<u>September 27</u>: The dismissal motion went under submission on all supporting and opposing briefs.

<u>November 1</u>: Courtney filed a motion to amend complaint, along with her first amended complaint, alleging additional "facts," asserting one additional cause of action, and adding Covington County, as a defendant.

<u>November 2 & 8</u>: Courtney's motion to amend complaint was granted over the defendants' objection.

<u>November 20</u>: The defendants then filed a motion to dismiss the amended complaint along with a supporting brief.

<u>November 21</u>: Courtney filed a second motion to amend.

<u>January 11, 2007</u>: The second motion to amend was granted.

<u>January 24</u>: The defendants filed a motion to dismiss the second amended complaint, along with a supporting brief.

<u>February 12</u>: Courtney moves to amend her complaint a third time in order "to include a count against Sheriff Anthony Clark and Deputies Jerry Wayne Edgar and Walter Inabinett in their personal capacities to state that the Defendants acted willfully and beyond their authority when committing the torts alleged in the Complaint." Motion to Amend Complaint, pp. 1-2.

## III. DISCUSSION

The court has three reasons for denying Courtney's third motion to amend her complaint. First, Courtney's motion is a clear example of where a party has repeatedly failed to cure deficiencies in her compliant by filing multiple amendments. <u>See</u> <u>Foman</u>, 371 U.S. at 182. This court has already allowed Courtney to amend her complaint

4

twice since she filed her original complaint in June 2006. To allow her to amend a third time would unduly prejudice the defendants because they would be forced to file and brief a fourth motion to dismiss based on qualified and absolute immunity.  See <u>Anderson v. Creighton</u>, 483 U.S. 635, 646 n.6 (1987) ("qualified immunity questions should be resolved at the earliest possible stage of a litigation").

Second, the motion to amend is untimely because Courtney has twice waited until the defendants submitted and fully briefed a motion to dismiss before amending her complaint in order to cure its alleged defects.  It is outside the bounds of the liberal amendment policy to allow Courtney to amend her complaint after every motion to dismiss submitted by the defendants until she gets it right.  The court has been more than lenient in allowing the previous two amendments, and will not allow a third.

Third, it would be futile for the court to allow Courtney to amend her complaint.  Assuming that Courtney can prove that the defendants willfully allowed Oscar Roy

Doster and James Darren Harnage to escape from the Covington County Jail, they still have absolute immunity from suit in their individual capacities. See, e.g., Ex parte Blankenship, 893 So. 2d 303, 305 (Ala. 2004) (a deputy sheriff who acts within the scope of his duties is protected from negligence and wantoness claims under § 14, Ala. Const. 1901); Ex parte Purvis, 689 So. 2d 794, 796 (Ala. 1996) (sheriffs and their deputies who act within the scope of their duties are "immune from suit under the provisions of Art. I, § 14, Alabama Constitution 1901"); Tinney v. Shores, 77 F.3d 378, 383 (11th Cir. 1996) (reversing district court's failure to grant absolute immunity to sheriff and deputy and holding "the only exceptions to a sheriff's immunity from suit are actions brought to enjoin the sheriff's conduct.") (emphasis in the original).

***

According, it is ORDERED that plaintiff Jennie Courtney's motion to amend complaint (Doc. No. 71) is denied.

DONE, this the 24th day of September, 2007.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**