```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
```

```
JENNIE COURTNEY, etc.,      )
                            )
     Plaintiff,             )
                            )
                            )    CIVIL ACTION NO.
     v.                     )    2:06cv600-MHT
                            )        (WO)
ANTHONY CLARK, etc.,        )
et al.,                     )
                            )
     Defendants.            )
```

OPINION

On November 3, 2002, Oscar Roy Doster and James Darren Harnage escaped from the Covington County Jail through the jail's ventilation system and murdered Paul D. LeMaster. After their recapture, Doster was placed in the same cell from which he previously escaped. On March 31, 2005, Doster and Harnage escaped a second time through the ventilation system and fled to Texas where they were implicated in the murder of Dennis Courtney. On June 2, 2006, Jennie Courtney, as administratrix for the estate of Dennis Courtney, filed this lawsuit,

charging that defendant Hollis & Spann, Inc. violated federal and state law in its construction of the county jail a decade or so before. The jurisdiction of the court has been invoked pursuant to 28 U.S.C. §§ 1331 (federal question), 1367 (supplemental).

This case is before the court on Hollis & Spann's motion for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (discussing burden-

shifting under Rule 56). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Here, there is nothing in the record (the pleadings or the evidence) that establishes that Hollis & Spann owed any duty, under federal or state law, to the decedent; that Hollis & Spann was in any way lacking in its construction of the jail; and that any deficiency on Hollis & Spann's part facilitated the inmates' escape or in any way proximately caused the decedent's death.

Courtney complains that she has not been able to complete discovery. The Eleventh Circuit Court of Appeals has held that there is not "an unlimited right to discovery prior to a hearing on a motion for summary judgment." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1506 (11th Cir. 1985), cert. denied, 475 U.S. 1107 (1986). Discovery may be disallowed if it is

unnecessary to develop the case and unlikely to create a genuine issue of material fact.  Id.; see also Patterson v. U.S. Postal Services, 901 F.2d 927, 929 (11th Cir. 1990) (per curiam) (stay of discovery appropriate where court had sufficient information and discovery unlikely to produce issues of material fact); Van Arsdele v. Clemo, 825 F.2d 794, 798 (4th Cir. 1987) (plaintiff does not have a right to engage in fishing expedition); Taylor v. Gallagher, 737 F.2d 134, 137 (1st Cir. 1984) ("A court may grant summary judgment despite an opposing party's claim that discovery would yield additional facts where the opposing party has not alleged specific facts that could be developed through discovery").  Courtney has failed to identify how additional discovery would help her; indeed, she mentions Hollis & Spann in passing only in her complaint and fails even to allege facts sufficient to state a valid claim, under either state or federal law, against the company that could survive Fed.R.Civ.P. 12(b)(6).  See Bell Atl. Corp. v. Twombly,

\_\_\_ U.S. \_\_\_, \_\_\_,127 S. Ct. 1955, 1974 (2007) (there must be "enough facts to state a claim to relief that is plausible on its face").

Because Courtney's claims against Hollis & Spann are meritless in all respects, Hollis & Spann's motion for summary judgment will be granted.  An appropriate judgment will be entered.

DONE, this the 25th day of September, 2007.

                     /s/ Myron H. Thompson
                     UNITED STATES DISTRICT JUDGE