**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JENNIE COURTNEY, AS ADMINISTRATRIX OF THE ESTATE OF DENNIS COURTNEY, DECEASED,** | * * * * * | |
| **PLAINTIFF,** | * * * | **CIVIL ACTION NO.: 2:06-CV-00600-MHT (Removed from the Circuit Court of Covington County, AL; CV-06-110)** |
| **v.** | * * | |
| **ANTHONY CLARK, et al.** | * * | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

COMES NOW the Plaintiff, Jennie Courtney, as Administratrix of the Estate of Dennis Courtney, and files this Motion pursuant to FRCP 59(e) requesting this Honorable Court Alter or Amend the Judgment entered in this case, and in support of shows the following:

1. On September 24, 2007, this Honorable Court entered an opinion dismissing the federal and state law claims against Defendants Anthony Clark, Jerry Wayne Edgar, and Walter Inabinett. (Doc. No. 112).

2. Final Judgment dismissing these Defendants was also entered on September 24, 2007. (Doc. No. 113).

3. The Court contemporaneously entered an Order denying the Plaintiff's Motion to Amend her Complaint to include facts exchanged in FRCP R. 26 disclosures. (Doc. No. 114) (Exhibit "A").

4. These Defendants are not entitled to absolute immunity from the Plaintiff's state law tort claims if the facts contained in the Plaintiff's proposed Amended Complaint are taken as true

WHEREFORE, Plaintiff, Jennie Courtney as Administratrix of the Estate of Dennis Courtney, respectfully requests this Honorable Court Alter or Amend the Judgment entered in this case and allow her to amend her complaint.

Respectfully submitted,

*/s/ Britt V. Bethea*

BRITT V. BETHEA
GREENE & PHILLIPS, L.L.C.
Attorney for Plaintiff, Jennie Courtney
50 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile
E-Mail: bbethea@greenephillips.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 4th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven K. Herndon, Esq.
Matthew Y. Beam, Esq.
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, Alabama 36103

Bert P. Taylor, Esq.
Taylor Ritter, P.C.
P.O. Box 489
Orange Beach, Alabama 36561

Alan T. Hargrove, Jr. Esq.

Richard Brett Garrett, Esq.
Rushton, Stakely, Johnston & Garrett
P.O. Box 270
Montgomery, Alabama 36101-0270

and by sending via U.S. Mail, postage prepaid, to the following:

Oscar Roy Doster, AIS # 177168
P.O. Box 150
Mt. Meigs, Alabama 36057

James Darren Harnage, AIS # 239251
P.O. Box 150
Mt. Meigs, Alabama 36057

/s/ Britt V. Bethea
BRITT V. BETHEA

Alabama Department of

**Public Safety**

# Bureau of Investigation

AGENT INVESTIGATIVESUMMARY
FORM 1 (REV.2-94)

COURTNEY V. CLARK ET AL.
ABI FILE 00001

PROPERTY OF
ALABAMA BUREAU OF INVESTIGATION

1. SUBJECT

FINAL SUMMARY

COPY TO 2 Will G. Phillips, Attorney
FURNISHED BY E. Burdick
DATE 12-21-06

2. FILE NUMBER 5C-0719-96-2005

3. DATE OF REPORT 20050907

4. SENSITIVITY CODE A

5. DETAILS

This investigation was ordered by the ABI Chief, Major KEN HALLFORD, upon a written request by GREG GAMBRIL, Covington County District Attorney, on 05/17/05. Area 5 Commander, Lieutenant RICKY PEAK, was assigned to complete the investigation.

On 03/31/05, three inmates escaped from the Covington County Jail. This final summary will cover the period of time before the escape and different aspects of the environment inside the jail that may have led to the successful escape. The summary will cover procedures, training, employees, control of the facility, and condition of the facility.

During the course of the investigation, it was discovered that ROY DOSTER, one of the three inmates that escaped, was receiving special benefits from the Jail Administration. JERRY EDGAR, who is the Jail Administrator, was providing inmate DOSTER with special benefits: food, tobacco products, extra phone usage, extra family visitation, and art supplies. JERRY EDGAR would allow the DOSTER family to drop off supplies or jail contraband for ROY DOSTER. The Jail Administrator, JERRY EDGAR, would then carry the bags of contraband into the jail and give the articles to ROY DOSTER.

DOSTER was respected by the inmate population, and in many aspects of the day to day operation of the facility, DOSTER ran the jail. During the investigation, the question, "who runs the jail", was asked, and the reply would consistently be, "the inmates run the jail". DOSTER, at times during his incarceration, had freedom that he should not have been allowed. DOSTER was on a paint detail that allowed him to gain access to the different cell blocks within the jail. DOSTER used this freedom to his advantage. DOSTER, at one time, was assigned to cell block "A". DOSTER wanted out of cell block "A" and back into cell block "C", which is the same cell block that he departed from during his first escape. DOSTER became angry when he was not able to use the phone and was placed in cell block "C". During this period, the inmates were not in a lock–down condition, so inmate DOSTER had freedom within the block to move around.

DOSTER used intimidation while he was an inmate at the county jail. The jail population wanted DOSTER to act as their spokesperson. The inmates looked to DOSTER for reasons that are not explained. The inmates knew that DOSTER could make things happen and they wanted him to provide leadership for the jail population.

The Correctional Officers assigned to the Covington County Jail knew the history of ROY DOSTER. Several of the Correctional Officers, when interviewed, stated that they understood that DOSTER was a high risk for an escape attempt. Correctional Officer CLIFF PORTREY stated that he observed DOSTER beginning to exercise more, which was his pattern before his last escape. Several weeks before the escape, Lieutenant DORENE NELSON instructed Correctional Officer BURKETT to move DOSTER from cell block "C" to cell block "A". BURKETT entered the cell block and told DOSTER that he was going to move to a different block. DOSTER told BURKETT that he was not going to move. The Covington County Jail has a no hands on policy regarding officers and inmates. BURKETT notified Lieutenant NELSON that he may have to put his hands on DOSTER. Lieutenant NELSON told him to stand by. Lieutenant NELSON then notified Deputy TIM SNOW to report to the jail and assist in the movement of inmate DOSTER. When Deputy SNOW arrived, he told DOSTER that he needed to gather his clothes together and move to cell block "A". DOSTER complained, but began to gather his belongings. DOSTER stated that he wanted to speak with JERRY EDGAR before he moved. JERRY EDGAR arrived and asked Lieutenant NELSON to step outside the block. Lieutenant NELSON stated that she was told by JERRY EDGAR to leave DOSTER in cell block "C". Deputy SNOW heard some of the conversation and was present

PLAINTIFF'S EXHIBIT A
tabbies

6. NAME OF AGENT PEAK, RICKY L

7. SIGNATURE OF AGENT



8. REVIEWED BY Lloyd Arrington

9. PAGE 1

10. EXHIBIT NO.

Alabama Department of

**Public Safety**

**Bureau of Investigation**

AGENT INVESTIGATIVESUMMARY
FORM 1 (REV.2-94)

COURTNEY V. CLARK ET AL.
ABI FILE 00002

when Lieutenant NELSON came back inside the block and told DOSTER that it had been decided to leave him in cell block "C". Inmate HENRY stated that if DOSTER did not want to leave "C" block, JERRY EDGAR would not make him leave cell block "C".

A few days before the escape, inmate HENRY broke off the stool portion of a small desk in cell block "C". The inmates began to work on the metal portion of the desk and made a flat bar out of the metal. They struck the stool portion against a metal towel rack a half dozen times according to inmate HENRY. Inmate HARNAGE began to work on the chain around the door itself. HARNAGE stopped working on the lock when he met with resistance. HARNAGE then focused his attention on the door itself. HARNAGE worked on the door and finally popped it open, making a loud noise that everyone should have heard. This activity was metal on metal. The inmates had the door open on Monday morning around 2:00 AM, according to inmate DARRELL RAY HENRY. The door remained open with a plastic cover over the area. During the investigation, it was discovered that the inmates placed a pair of orange coveralls over the work area, on the railing, inside of cell block "C". DOSTER spoke with the inmates and told them that they would not be able to work the chain or lock open if the door was ajar at the same time. The decision was made on Tuesday night to close the door and begin to work on the lock once again. Inmate HENRY tried to get the lock off, but couldn't. Inmate JOE GOODMAN told the inmates that he could get the lock off; he beat the lock until it came off. Tuesday night, the door remained open the entire night with no chain around the door. The inmates placed plastic over the door. Wednesday, when the lights went off, HARNAGE went up and opened the door and began to work on the rebarb on the outer portion of the shaft. Two hours later, HARNAGE came back and told the other inmates that he could not get it open. DOSTER went back into the area with HARNAGE, and they beat and kicked for an hour and a half until the rebarb on the ventilation shaft was wide enough for the inmates to get out. The three inmates escaped and dropped to the ground in this order, DOSTER, HARNAGE, and HENRY.

Jail procedures are not followed at the Covington County Jail. Included in the summary of the SOP, it states that only one officer will be located in the POD. All other personnel will walk the floors, holding cells, cell blocks, hallways, and booking areas constantly checking for locked doors and checking the cells during lock–down. A note will be made of any cells that do not lock.

This procedure is not followed at the Covington County Jail. During the escape, the inmates inside cell block "C" had the access door opened for several hours. The Correctional Officers did not check and secure the jail, and they did not provide a constant patrol of the area.

Included in the SOP, under the Procedure Section, it states that each inmate will be searched prior to re–entering the living area of the jail, after being absent for any reason. During the course of the investigation, inmate DOSTER stated that the Covington County Jail has a major methamphetamine problem. DOSTER stated that the drugs are brought into the jail by the work release inmates. He stated that the inmates use V–100 syringes given to them by one of the inmates inside the jail. The inmate received the syringes for a medical condition.

The Sop clearly states, under Release of Inmates, Procedure Number 2, if bonds are presented for the release of an inmate, the jailer on duty will make certain the bonds are valid and acceptable before releasing the inmate on the bond.

On 08/04/05, this procedure was violated when inmate JERRY MILLS was released from the Covington County Jail. Inmate MILLS was placed in the Covington County Jail on drug charges with a hold placed on him for additional charges in Crenshaw County. The bond was for $170,000.00. Mrs. MERLENE MILLS was allowed to bond her son out of jail on a property bond per the instructions of Chief Deputy WALT INABINETT. The investigation determined that Mrs. MILLS owns property valued at $68,200.00.

On 08/08/05, inmate MARTHA WALLACE was released from the Covington County Jail on a property bond per instructions of Sheriff CLARK. Inmate WALLACE was placed in the jail on a domestic violence charge and the

PROPERTY OF
ALABAMA BUREAU OF INVESTIGATION

COPY TO 2

FURNISHED BY
DATE

Alabama Department of

Public Safety

AGENT INVESTIGATIVESUMMARY
FORM 1 (REV.2-94)

# Bureau of Investigation

bond was set for $3,000.00. Mr. JEFF WALLACE signed the bond. The investigation determined that Mr. WALLACE does not own property in Covington County. The release of the inmate also violated the conditions placed on Mrs. WALLACE, due to the fact that Mr. WALLACE was the victim of the domestic violence charge. The court stated on the conditions of release that the defendant is not to come within 100 yards of the victim.

A copy of this investigative file will be forwarded to the District Attorney of Covington County.

PROPERTY OF
ALABAMA BUREAU OF INVESTIGATION

/ews

COPY TO 2

FURNISHED BY ______

DATE ______