IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIE COURTNEY, ETC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2:06-CV-00600-MHT |
| | ) |
| ANTHONY CLARK, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS COVINGTON COUNTY, ALABAMA, COVINGTON COUNTY SHERIFF ANTHONY CLARK AND COVINGTON COUNTY DEPUTIES JERRY EDGAR AND WALTER INABINETT'S
OBJECTION TO MOTION TO AMEND COMPLAINT**

COME NOW Covington County, Alabama ("Covington County"), Covington County Sheriff Anthony Clark ("Sheriff Clark"), Covington County Deputy Sheriff Jerry Wayne Edgar ("Deputy Edgar"), and Covington County Deputy Sheriff Walter Inabinett ("Deputy Inabinett"), Defendants in the above-entitled action (hereafter, collectively, the "Defendants"), and file this Objection to the Plaintiff's Motion to Amend Complaint (hereafter, the "Motion to Amend").

**INTRODUCTION**

On June 2, 2006, the Plaintiff filed a thirteen-count Complaint in the Circuit Court of Covington County, Alabama. (Doc. 1, Ex. A.) The Defendants removed the case to this Court on July 5, 2006. (Doc. 1.) Sheriff Clark, Deputy Edgar and Deputy Inabinett simultaneously filed a Motion to Dismiss that was fully briefed by September 27, 2006. (Docs. 2, 3, 30, 36.) Over a month later, on November 1, 2006, the Plaintiff filed a Motion to Amend Complaint, along with her First Amended Complaint, alleging additional "facts," asserting one additional cause of action (for a total of fourteen counts), and adding Covington County, Alabama as a Defendant. (Doc. 38.) These Defendants objected to Plaintiff's Motion to Amend but were

overruled by the Court and leave to amend was granted on November 8, 2006. (Docs. 41, 43.)

While the Plaintiff's Motion to Amend was pending, Sheriff Clark, Deputy Edgar, and Deputy Inabinett served a Rule 11 Motion on Plaintiff's counsel related to the new factual allegations in the Amended Complaint. The deadline for these Defendants to respond to the Amended Complaint ran before the safe harbor provision of Rule 11 elapsed. Consequently, these Defendants were forced to file a Motion to Dismiss along with a supporting brief to the Amended Complaint on November 20, 2006. (Docs. 44, 45.) The following day, the Plaintiff filed her second Motion to Amend to withdraw the allegations that were the subject of the Rule 11 Motion. (Doc. 46.) This Motion was granted by the court on January 11, 2006, and a Second Amended Complaint was filed on the same day. (Docs. 60, 62.)

Sheriff Clark, Deputy Edgar and Deputy Inabinett again filed a Motion to Dismiss and supporting brief on January 24, 2007. (Docs. 67, 68.) The Plaintiff filed a Response/Motion to Amend on February 12, 2007. (Doc. 71.) However, the Motion to Amend did not have an associated brief. These Defendants filed a Reply brief supporting their Motion to Dismiss on the same day. (Doc. 72.)

The Court ordered all briefs on the Plaintiff's latest Motion to Amend to be submitted by February 21, 2007. (Doc. 73.) However, the Plaintiff did not file her brief in support of her Motion to Amend until February 21, 2007. (Doc. 75.) The Plaintiff asserted for the first time that the substance of her latest amendment will be "to include a count against Sheriff Anthony Clark and Deputies Jerry Wayne Edgar and Walter Inabinett in their personal capacities to state that the Defendants acted willfully and beyond their authority when committing the torts alleged in the Complaint." Id. at pp. 1-2. Counsel for Sheriff Clark, Deputy Edgar and Deputy Inabinett was out of his office on February 22, 2007 and February 23, 2007, and was unable to review the

Plaintiff's brief until February 26, 2007. Therefore, Sheriff Clark, Deputy Edgar and Deputy Inabinett now file this Opposition to Plaintiff's Motion to Amend.

### ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend pleadings on a second or later attempt with leave of the Court. Leave is to be freely given "when justice so requires." However, the Court can deny a motion to amend when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay, bad faith, or dilatory motive on the part of the moving party; or (3) the amendment would be futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Jameson v. Arrow Co.</u>, 75 F.3d 1528, 1534 (11th Cir. 1996). The decision to grant leave to amend a complaint is within the sole discretion of the court. Fed. R. Civ. P. Rule 15(a). The Court should decline to grant leave to amend in the instant case for all three reasons set forth in <u>Foman</u>.

**I.  SHERIFF CLARK, DEPUTY EDGAR AND DEPUTY INABINETT WILL SUFFER PREJUDICE IF THE COURT GRANTS THE PLAINTIFF'S MOTION.**

The Plaintiff's unsupported assertion notwithstanding, these Defendants have been prejudiced by the Plaintiff's amendments to her Complaint. These Defendants have had to file three motions to dismiss – two of which have been fully briefed and submitted to the Court. As these Defendants have asserted both absolute and qualified immunity, they are being forced to bear litigation expenses that mandatory Supreme Court authority holds they should not have to bear. If they are forced to file a ***fourth*** motion to dismiss and supporting briefs, they will be even further prejudiced by the Plaintiff's actions.

The United States Supreme Court has made it abundantly clear that immunity is "an *immunity from suit* rather than a mere defense to liability." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985) (emphasis in the original). The purpose of immunity is to "avoid 'subject[ing]

government officials either to the costs of trial or to the burdens of broad-reaching discovery.'" Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982)). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Id. (citing Harlow, 457 U.S. at 818). "[W]e have emphasized that qualified immunity questions should be resolved *at the earliest possible stage of a litigation*." Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987) (emphasis added). The benefits of immunity are lost if a case is erroneously allowed to go to trial. Id.; see also Siegert v. Gilley, 500 U.S. 226, 232-33 (1991).

Clearly, the Plaintiff's actions have prejudiced these Defendants. Not only have they incurred the expense of three motions to dismiss and two full sets of supporting briefs, but they are now incurring expenses related to the instant brief in opposition to the Plaintiff's untimely Motion to Amend. As the Plaintiff's failure to amend has been, and continues to be, prejudicial to these Defendants, her Motion to Amend is due to be denied. Foman, 371 U.S. at 182.

**II.     THE PLAINTIFF'S MOTION IS UNTIMELY.**

As noted previously, *twice* now, the Plaintiff has allowed a motion to dismiss to be fully briefed before filing a motion to amend. The time for the Plaintiff to amend her Complaint would have been before filing an opposition brief to a motion to dismiss – or, in the instant case, solely filing a motion to amend instead of an Opposition/Motion to Amend. Her actions on the instant Motion forced these Defendants to file a Reply brief that may well have been for naught if the Court grants the instant motion.

**III.    THE PLAINTIFF'S MOTION TO AMEND IS FUTILE.**

The Plaintiff's Motion to Amend is futile in two respects. First, even with the new claim and supporting allegations, the Plaintiffs still have not pled a federal claim. Second, as the

Plaintiff's new claim appears to be a state law claim for money damages, these Defendants are still entitled to absolute immunity under state law.

### A.   The Plaintiff Does Not Have a Valid Federal Claim.

Even assuming, *arguendo*, the truth of the Plaintiff's additional allegations, she has not pled a federal cause of action. Her proposed amended complaint therefore adds nothing to this action to keep it before the Court. Consequently, the proposed amendment is futile.

The United States Constitution does ***not*** ensure that the State protects the people from each other. "As a general matter . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 197 (1989); see also Lovins v. Lee, 53 F.3d 1208, 1210 (11th Cir. 1995); Jones v. Phyfer, 761 F.2d 642, 647 (11th Cir. 1985). For purposes of brevity, these Defendants adopt and incorporate herein the arguments from the Memorandum Brief and Reply briefs regarding the lack of a cognizable federal claim. (Doc. 68 at pp. 6-11; Doc. 72 at pp. 5-10.)

### B.   Sheriff Clark, Deputy Edgar and Deputy Inabinett Would be Entitled to Absolute Immunity on the Plaintiff's New State Law Claim.

As set forth in these Defendants' Memorandum Brief and Reply Brief in support of their most recent Motion to Dismiss, they are absolutely immune to any state law claims for money damages. (Doc. 68 at pp. 12-15; Doc. 72 at pp. 11-17.) Again in the interests of brevity, Sheriff Clark, Deputy Edgar and Deputy Inabinett adopt and incorporate herein the state law immunity arguments from the aforementioned briefs. While the Plaintiff's proposed allegations might be relevant to a claim against an official who was entitled only to the weaker form of state agent immunity (as exemplified in cases such as Ex parte Cranman, 792 So. 2d 392 (Ala. 2000)), they have no application here where the entitlement to immunity is absolute. (See Doc. 72 at pp. 12-

17.) Consequently, as the Plaintiff's new state law claim suffers from the same infirmity as her previous state law claims, the proposed amendment is moot.

## CONCLUSION

For the reasons set forth above, Defendants Covington County, Alabama, Sheriff Anthony Clark, Deputy Jerry Edgar, and Deputy Walter Inabinett request that the Court issue an Order denying the Plaintiff's Motion to Amend.

Respectfully submitted, this 26th day of February, 2007.

> **s/Gary L. Willford, Jr.**
> DARYL L. MASTERS Bar Number: MAS018
> GARY L. WILLFORD, JR. Bar Number: WIL198
> Attorneys for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Road
> Post Office Box 240909
> Montgomery, Alabama 36124
> Telephone: (334) 262-1850
> Fax: (334) 262-1889
> E-mail: gwillford@webbeley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 26th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Steven Keith Herndon, Esq., Matthew Y. Beam, Esq., Alan T. Hargrove, Esq., R. Brett Garrett, Esq., Bert P. Taylor, Esq.**

Additionally, the following parties have been served via United States Mail, postage-prepaid:

| | | |
|---|---|---|
| Oscar Roy Doster | James Darren Harnage | Darden Engineers |
| AIS 177168 | AIS 239251 | P.O. Box 126 |
| P.O. Box 150 | P.O. Box 150 | Dadeville, Alabama 36853-0126 |
| Mt. Meigs, Alabama 36057 | Mt. Meigs, Alabama 36057 | |

> **s/Gary L. Willford, Jr.**
> OF COUNSEL